UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    Case No. 14-22974-BKC-LMI

MASSA FALIDA DO BANCO                                     Chapter 15
CRUZIERO DO SUL, S.A.,

       Debtor in Foreign Proceeding.
_____/

LASPRO CONSULTORES LTDA.,                                 Adv. Case No. 16-01315-LMI
A Brazilian Sociedade Limitada,

       Plaintiff,

v.

ALINIA CORPORATION, a British Virgin
Islands Company Limited by Shares and 110
CPS, Inc., A British Virgin Islands company
Limited by Shares

       Defendants.
_____/

## <u>DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT</u>

Defendants, Alinia Corporation ("Alina") and 110 CPS, Inc. ("CPS") (collectively, the "Defendants"), by and through their undersigned counsel and pursuant to Bankruptcy Rule 7012 and Rules 12(b)(1) and (6), Federal Rules of Civil Procedure, move to dismiss Plaintiff, Laspro Consultores, Ltda's (the "Plaintiff" or the "Trustee") Amended Adversary Complaint (ECF No.25) (the "Amended Complaint"), and as grounds therefor say:

## I.     <u>INTRODUCTION</u>

No sooner had this Court issued orders establishing a briefing schedule and setting a hearing on Defendants' Motion to Dismiss Plaintiff's initial Complaint (ECF No. 23), than Plaintiff beat a hasty retreat, filing its Amended Complaint. This new pleading is even more prolix than its predecessor, sprawling over fifty pages and now containing thirty-six counts.

Despite these efforts, the Plaintiff still does not state a claim. Many of the counts continue to request avoidance remedies, forbidden to a foreign trustee. The Plaintiff has still not alleged that the Brazilian Bankruptcy Court has granted it the authority to hire counsel in Florida and authorized the filing of this action. Nor has the Plaintiff alleged that that the Brazilian courts have found that the property of the corporate defendants can be subjected to claims by the estate both of which are necessary to confer standing on the Trustee to maintain its claims.

Some of the newly added counts verge on the metaphysical, accusing the Defendants (who must act through their principals) of aiding and abetting their principals in breaching their fiduciary duties as officers of the Debtor, converting the Debtor's property and defrauding the Debtor. Corporations cannot aid and abet their principals as a matter of law.

The Brazilian statutes alleged by Plaintiff are not suited to the purpose for which Plaintiff would like to use them, which highlights the fact that this action does not belong in this Court. Further, the statute of limitation has already run on three of the Brazilian causes of action. The Trustee cannot state a claim and lacks standing. Consequently, this Court lacks subject matter jurisdiction and should dismiss the Amended Complaint with prejudice.

## II.    THE AMENDED COMPLAINT

The Amended Complaint alleges the same background facts as the initial Complaint and still seeks to obtain title to the same two New York apartments (the "Apartments") and the artwork contained in them (the "Art").. Whereas the initial Complaint contained 24 counts, all of them requesting avoidance remedies against the Apartments and the Art, the Amended Complaint now has thirty-six counts which attempt to allege claims under New York and Brazilian law.

The Plaintiff has organized the Complaint so that it alleges the same twelve counts against the two Apartments and the Art.  These counts consist of:

(a) Constructive Trust/Equitable Lien;

(b) New York Fraudulent Conveyance Statute, N.Y. DCL §273;

(c) New York Fraudulent Conveyance Statute, N.Y. DCL §274

(d) New York Fraudulent Conveyance Statute, N.Y. DCL §275;

(e) New York Fraudulent Conveyance Statute, N.Y. DCL 276;

(f) Aiding and Abetting Breach of Fiduciary Duty;

(g) Aiding and Abetting Conversion;

(h) Aiding and Abetting Fraud;

(i) Brazilian Law No. 8.078/1990-of the Brazilian Consumer Protection Law;

(j) Article 186 of the Brazilian Civil Code;

(k) Article 884 of the Brazilian Civil Code; and

(l) Article 130 of the Brazilian Bankruptcy and Judicial Reorganization Law.

The Amended Complaint alleges as a basis for all these claims that Luis Felipe Indio da Costa ("Felippe") and Luis Octavio Indio da Costa ("Octavio"), the former owners of the Debtor,, "**at least as early as 2008**,…participated in a scheme of falsified loans pursuant to which funds were diverted from BCSUL…and diverted by Felippe and Octavio for their benefit…"  Amended Complaint ¶9 (emphasis added).   Paragraph 18 the Amended Complaint alleges that Felippe and Octavio inflated valuations of various assets owned by the Debtor and paid themselves dividends based on these inflated valuations.   According to the Amended

Complaint, Felippe and Octavio used these diverted funds and inflated dividends to purchase the Apartments and Art that are the subjects of this action.  Amended Complaint ¶¶19, 31, 38[1].

The counts alleging constructive trust/equitable lien, the counts alleging violation of the New York Fraudulent Transfer Statutes and Article 130 of the Brazilian Bankruptcy Law request the Court to avoid the transfer of the Apartments and the Art to the Defendants[2].

The counts alleging that the corporate Defendants somehow aided and abetted their principals, Felippe and Octavio, to commit fraud, conversion and breach of fiduciary duty, request damages as do the claims based on Law No. 8.078/1990 of the Brazilian Consumer Protection Code and the counts alleging violation of Articles 186 and 884 of the Brazilian Civil Code.

## III.    LEGAL ARGUMENT

### A.    As a Chapter 15 Trustee Plaintiff Cannot Seek Avoidance Remedies and Lacks Standing to Maintain this Action

As a Chapter 15 foreign trustee, the Plaintiff lacks the ability to bring avoidance actions under §§544 and 548 of the Bankruptcy Code, and thus, this Court lacks subject matter jurisdiction over such claims requesting that remedy.  Those claims asserted by Plaintiff in the Amended Complaint, whether for constructive trust/equitable lien, or based in New York statutory law, request that the Court, (i) set aside or disregard the transfers of the Apartments and Art; (ii) restrain further transfer of the Apartments and Art; or (iii) attach or levy or appoint a receiver over the Apartments and Art.

Chapter 15 of the Bankruptcy Code, 11 USC §§1501 *et seq*. provides for the recognition of a foreign bankruptcy proceeding and allows the foreign trustee to commence an

---

[1] The Amended Complaint alleges that the Penthouse 2 was purchased with diverted funds in 2008 and transferred to Alinia in May 2011; while the 6B apartment was purchased by 110 CPS with diverted funds in June 2010.
[2] There are three counts that request the imposition of a constructive trust or equitable lien in favor of the foreign trustee (one of each of the two apartments and one for the Art).  These remedies are the equivalent of avoidance.

ancillary proceeding in United States Bankruptcy Courts.  Once the foreign bankruptcy has been "recognized" by the U.S. court under §1517, the foreign trustee is entitled to "appropriate relief" under §1521(a), including: (1) staying actions against the debtor; (2) "staying execution against the debtor's assets…"; (3) "suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor…"; (4) "providing for examination of witnesses…" and other discovery; (5) entrusting the administration of the debtor's assets within the United States to the foreign trustee; and (6) "extending the relief granted under section 1519(a)".  However, the powers of the foreign trustee are limited and the foreign trustee cannot bring avoidance actions. Specifically, §1521(a)(7) states: "granting any additional relief that may be available to a trustee, **except for relief available under sections 522, 544, 545, 548, 550 and 724(a)"** (emphasis added).

The claims for constructive trust/equitable lien and those alleging the New York fraudulent conveyance statutes, seek avoidance under §544 or §548.  Case law holds that fraudulent transfer and avoidance claims brought by a trustee under state law are necessarily brought under 11 U.S.C. § 544.  *See, e.g. Berman v. Smith*, 510 B.R. 387, 392-93 (S.D. Fla. 2014) (claims brought under Florida's fraudulent transfer statutes are brought under 11 U.S.C. § 544); *In re Bankest Capital Corp.*, 374 B.R. 333, 337-38 (Bankr. S.D. Fla. 2007) (same); *In re Old Naples Securities, Inc.*, 343 B.R. 310, 319 (Bankr. M.D. Fla. 2006).

New York bankruptcy courts have reached the same conclusion, finding that a trustee's claims under the New York Fraudulent Conveyance Statutes are brought pursuant to 11. U.S.C. § 544.  *See, In re Trinsum Group, Inc.*, 460 B.R. 379, 389-94 (Bankr. S.D.N.Y. 2011); *In re White Metal Rollin and Stamping Corp.*, 222 B.R. 417, 429 (Bankr. S.D.N.Y. 1998); *In re Dreier LLP*, 462 B.R. 474, 485 n.8 and 488

Plaintiff cannot evade the bar of §1521(a)(7) by asserting claims for equitable lien or constructive trust.  In *Matter of Fidelity Electronics Ltd., Inc.*, 52 B.R. 475, 478 (Bankr. S.D. Fla. 1985), the court made it clear that a trustee's power to seek a constructive trust arises under §544, stating: "11 U.S.C. §544 gives the Trustee at the commencement of the bankrupt's case, the status of a hypothetical lien creditor. The Trustee's powers, however, in accordance with §544(a) are those which the state law will allow to an alleged creditor of the Debtor who at the date of the petition has completed the legal or equitable processes necessary for perfection of a lien upon all property available for the satisfaction of his claim against the Debtor." *Id* at 478. *See also, In re South Florida Title, Inc.*, 104 B.R. 489, 490-91 (Bankr. S.D. Fla. 1989) (Florida law governed imposition of equitable lien on homestead property under §544); *In re Janis*, 60 B.R. 349, 351 (Bankr. S.D. Fla. 1986) (New Hampshire substantive law applied to constructive trust sought by Trustee under § 544(b)).

## B.   The Plaintiff Has Failed to Allege that it is Authorized to Bring This Action

The Plaintiff is a Brazilian trustee, appointed by the Brazilian Bankruptcy Court. Pursuant to Brazilian bankruptcy law and procedure, a Brazilian trustee must be authorized by the court in Brazil before incurring significant expenses such as retaining Miami counsel and embarking on complex litigation in the United States.  The Plaintiff has not alleged that it has received leave from the Brazilian Court to engage counsel here, commence the bankruptcy or file this action and probably cannot make this allegation.  Indeed, this is the subject of questions posed to the bankruptcy court in Brazil by the Sao Paulo Public Prosecutor who has the duty of supervising the activities of the Trustee.   An English translation of the portion of the Prosecutor's report questioning the Trustee's authority to retain Florida counsel and file the instant proceedings is attached hereto as **Exhibit 1**.

Additionally, according to the Declaration of Rafael Barud Casqueira Pimenta, a Brazilian attorney, familiar with the proceedings in Brazil, the docket of the Brazilian main bankruptcy case contains neither a request for leave to hire U.S. counsel and file this action, nor any permission to do so. (the " Pimenta Declaration").  As a matter of Brazilian law, therefore, Plaintiff lacks the authority to file the Amended Complaint, and consequently lacks the standing to maintain this action.  A copy of the Pimenta Declaration is attached hereto as **Exhibit 2**.

The Plaintiff's standing also depends on a finding by the Brazilian courts that property owned directly or indirectly by the Debtor's former administrators is subject to claims by the Debtor's estate.  In his Foreign Representative's Notice of Filing (Main Case ECF No. 15), the Plaintiff gave notice that the assets of the former administrators of the Debtor were frozen.  Plaintiff stated:

> under applicable Brazilian law, Federal Law no. 6.024 of 1974, the personal assets of the administrators of financial institutions are frozen when the Central Bank intervenes the financial institution….the administrators of financial institutions under intervention, extrajudicial liquidation or bankruptcy will have all of their assets frozen, not been (sic) allowed to dispose of the assets, in any form, directly or indirectly, pledge or offer as guaranty **until a final verification of their responsibilities** (emphasis added).[3]

As a result, title to the Apartments and Art has been frozen and Defendants are enjoined from conveying any ownership interest therein.

The Freeze Order makes it clear that a Brazilian court of competent jurisdiction must determine whether the assets of the former administrators of the Debtor are to be subjected to claims of the Estate.  Only after that determination is made can claims be brought to recover such assets.  The Plaintiff has failed to allege whether the Brazilian courts have completed the

---

[3] The Trustee has previously domesticated the Brazilian freeze order and it has been applied to the Apartments and the Art.  Since title to these assets is frozen there is a real question as to whether this litigation is necessary at all.

process of determining the possible responsibilities of the former administrators of the Debtor

Bank so that their assets may be subject to the Trustee's claims.[4]  Until this determination is

made, and the Brazilian court has authorized the Trustee to bring an action, the Plaintiff has no

claim and cannot pursue property that belongs, directly or indirectly to the former

administrators of the Debtor, including the property belonging to Defendants that is the subject

of the claims asserted in Plaintiff's Complaint.  Thus, Plaintiff lacks standing and consequently,

this Court lacks subject matter jurisdiction over the Plaintiff's claims.

### C. **Various of Plaintiff's Claims are Barred by the Applicable Statutes of Limitation**

The Plaintiff's claims asserted pursuant to Article 884 of the Brazilian Civil Code,

Law 8.078/1990 of the Brazilian Consumer Protection Code and Article 130 of the Brazilian

Bankruptcy and Judicial Reorganization Law, are all barred by their statutes of limitation.  First,

the statute of limitation for claims under Article 884 is three years.  The allegations of the

Amended Complaint make it clear that the conduct that forms the basis for these counts

occurred more than three years ago.

Those counts asserting a claim for damages under Article 884 allege that the

Defendants were unjustly enriched to the detriment of BCSUL and its creditors by virtue of

Felippe's and/or Octavio's transfer or diversion of funds from BCSUL (which occurred as early

as 2008) to Felippe and by the purchase of the Apartments (purchased in 2008 and 2010) and

Art and the subsequent transfer of these properties to the Defendants.  See, Complaint, Counts

XI, XXIII and XXXV.  The Declaration of Flavio Antonio Esteves Galindo (the" Galindo

Declaration") which is attached hereto as **Exhibit 3**, attests to the statutes of limitation for

---

[4] Indeed, it is undersigned counsel's understanding that the criminal matter against the Debtor's former administrators is in its infancy and that there is likely not going to be any outcome for two to three years.

Article 884, Article 130 and Law 8.078/1990.  The applicable statutes of limitation and English translations thereof are attached to the Galindo Declaration as exhibits thereto.

Plaintiff's Article 130 claim is also time barred.  Shortly after a bankruptcy is commenced, a Brazilian bankruptcy court establishes the cut-off date for revocation claims under Article 130.  As the Galindo Declaration states at paragraph 6, "claims for transfers of property whose statutes of limitation end before the claw back bar date may not be brought under Article 130."  In this case, the Court set a cut-off date of June 16, 2012.  An English translation of the order is attached to the Galindo Declaration as an exhibit thereto.  The Amended Complaint alleges that the Apartments were bought in 2008 and 2010.  These dates are clearly before the cut-off date.

The claims based on Law 8.078/1990 are also time barred.  This statute has a claims period of five years.  Plaintiff has alleged that the Penthouse Apartment was acquired on July 9, 2008 and that title passed to Alinia on May 4, 2011.  The initial Complaint was filed on July 8, 2016, more than five years after the transfer to Alinia and almost exactly eight years after the Penthouse was acquired with the funds allegedly stolen from BCSUL.  The 110 CPS Apartment was allegedly purchased in 2010 by 110 CPS, Inc.  Again, this is outside of the limitation period, being almost six years before the initial Complaint was filed.

To the extent that any of the Trustee's claims are based on the exaggerated dividends alleged at paragraph 18 of the Amended Complaint, these claims are also barred by Article 206 of the Brazilian Civil Code which has a statute of limitation of three years for claims "for restitution of revenues or dividends received under deceit, with the time period counting from the date the distribution was voted."  A translation of Article 206 is attached hereto as **Exhibit 4**.

### D.    Article 186 and Law 8.078/1990 Do not Apply[5]

The claims based on Article 186 of the Brazilian Civil Code and Law 8.078 of the Brazilian Consumer Protection Code just do not apply to the facts alleged to support this action and are not suitable for use against the Defendants.

Law 8.078/1990, alleged as a basis for Counts IX, XXI and XXXIII, is a consumer protection statute which is designed to provide a remedy to those who have purchased shoddy goods or services. The "Consumer" is defined at Chapter 1, Article 2 of the law as: "…every natural person or legal entity that acquires or uses a product or service as its end product." The counts allege that "a service provider is liable regardless of intention…for harm caused to a consumer by defects relating to the rendition of services as well as for providing insufficient or inadequate information about its use and risks." Amended Complaint, ¶¶122, 224 and 324. There is no allegation in the Amended Complaint that the Debtor's banking services damaged anyone. Instead, the Amended Complaint alleges: "Some of BCSUL's depositors and creditors are consumers pursuant to Brazil's Consumer Protection Code…BCSUL provided financial services to some of its depositors and creditors pursuant to Brazilian Consumer Code.' Amended Complaint ¶¶126, 127, 228, 229, 328 and 329. These allegations miss the target and do not show that the statute has been violated, since no harm caused by banking services has been alleged. The allegations in the Amended Complaint just do not fit the vessel intended to carry it into this Court. Therefore, the counts alleging Law 8.078/1990 should be dismissed with prejudice.

Additionally, Article 186 of the Brazilian Civil Code, asserted by the Plaintiff in Counts VII, XV and XXIII states: "Those who by action or voluntary omission, negligence or imprudence, violate a right and cause damage to another person or entity, even if exclusively

---

[5] These claims alleging Brazilian law should have been asserted if at all, in Brazil.

moral, commits an unlawful act". The Plaintiff tries to use this statute to seek damages. The allegations supporting this claim contradict other allegations in the Amended Complaint. Here, the acts alleged are the misappropriations of the Debtor's funds by the Defendants. The allegation that the Defendants violated the statute by "intentionally, recklessly or negligently causing BCSUL to transfer" funds to Felippe or Octavio to purchase the Apartments and Art is at odds with previous allegations where the Plaintiff alleged that Felippe and Octavio, the former owners of the Debtor, "participated in a scheme of falsified loans pursuant to which funds were diverted from BCSUL…**and diverted by Felippe and Octavio** for their benefit…" Amended Complaint ¶9 (emphasis added). Having previously alleged that Felippe and Octavio misappropriated the Debtor's funds, the Plaintiff cannot for purposes of this count, allege that the Defendants committed the misappropriation

### E.    Corporations Cannot Aid and Abet their Principals.

The Plaintiff has added counts that allege aiding and abetting claims under New York law. The Plaintiff has alleged that the corporate Defendants aided and abetted Felippe and Octavio in breaching their fiduciary duties to the Debtor (Counts VI, XVIII and XXX); aided and abetted Felippe and Octavio in converting the Debtor's funds (Counts VII, XIX and XXXI); and aided and abetted Felippe and Octavio in committing fraud (Counts VIII, XX and XXXII). Under well-established law, these claims are not sustainable. A corporation cannot aid and abet its principals in doing anything. A corporation acts through its principals. As the court held in *Oliner v. Mid-Town Promoters, Inc.* 138 N.E.2d 217 (N.Y. 1956), a corporation unlike natural persons, can do nothing except through the agency of others. Pursuant to this principle, a corporation cannot conspire with its principals, *Copperweld Corp. v. Independence Tube Corp.* 467 U.S. 752 (1984). By the same reasoning, a corporation cannot aid and abet its principals in

committing unlawful behavior.  In *Genger v. Genger,* 135 A.2d 454, 455 (N.Y. App. 2016), the

court stated: "The aiding and abetting a breach of fiduciary duty cross claim was also properly

dismissed…appellant could not asset a claim that respondent aided and abetted any breach of

fiduciary duty committed by its own officer".  *See also, Buttonwood Tree Value Partners, L.P. v*

*R.L.Polk & Co.,* 2014 WL 3954987 (Del. Ch. 2014).  The aiding and abetting counts should all

be dismissed with prejudice."

### F.    The Court Lacks Subject Matter Jurisdiction.

The question of standing also presents the question of whether the Court has subject

matter jurisdiction to determine the dispute.  *Bochise v. Town of Ponce Inlet,* 405 F.3d 964, 974

(11th Cir. 2005).  Article III, Section 2 of the United States Constitution limits the jurisdiction

of the Federal Courts to actual cases and controversies. *Flast v. Cohen,* 392 U.S. 83, 94-101, 88

S. Ct. 1942 (1968).   In determining standing, a Federal Court must carefully examine the

allegations of the complaint to determine whether the plaintiff is entitled to adjudication of the

claims that it has alleged.  *Allen v. Wright,* 468 U.S. 737,750, 104 S. Ct. 3315 (1984).  In order

to demonstrate standing, a plaintiff must plead injury in fact, causation and redressability.

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992).   Here, the

Plaintiff clearly lacks standing to bring the New York fraudulent transfer counts and the

constructive trust/equitable lien claims since a foreign trustee cannot assert avoidance claims

under 15 U.S.C. §1521(a)(7).

Plaintiff's standing to bring all of the counts he has alleged is dependent on obtaining

the authorization from the bankruptcy court in Brazil to retain U.S. counsel and bring this

action.  As noted above, the Trustee has not alleged that it has this authority.  The docket of the

Brazilian Bankruptcy Court has no record of it, and indeed, the Public Prosecutor has raised this

very question before the Brazilian Bankruptcy Court.  If the Trustee has not received authority to proceed it lacks standing.

The Trustee must also show that the Brazilian courts have completed the process of determining whether the former administrators of the Debtor have any personal responsibility for the Debtor's losses before their assets whether owned directly or indirectly may be subject to the Trustee's claims.  Until this occurs, the Trustee lacks the standing to pursue any of the claims alleged in the Amended Complaint.

**WHEREFORE,** Defendants request the Court to dismiss Plaintiff's Complaint and for such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> BAST AMRON LLP
> *Counsel for the Defendants*
> SunTrust International Center
> One Southeast Third Avenue, Suite 1400
> Miami, Florida 33131
> Telephone: (305) 379-7904
> Facsimile: (305) 379-7905
> Email: bamron@bastamron.com
> Email: jhart@bastamron.com
>
> By:  */s/ Jeremy J. Hart*
> Brett M. Amron, Esq. (FBN 0148342)
> Jeremy J. Hart, Esq. (FBN 510645)
> Jeremy S. Korch, Esq. (FBN 0014471)

Case No. 14-29974-BKC-LMI
Adv No. 16-01315-LMI

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF, Email, and/or via U.S. Mail, as indicated on the attached service list on this 26th day of October, 2016.

By:  */s/ Jeremy J. Hart* 
Jeremy J. Hart

## SERVICE LIST

**VIA CM/ECF:**

- **Daniel M Coyle** dcoyle@astidavis.com, ngonzalez@astidavis.com
- **Jeremy J Hart** jhart@bastamron.com, mdesvergunat@bastamron.com;dtimpone@bastamron.com;jmiranda@bastamron.com
- **Arnoldo B Lacayo** alacayo@astidavis.com, ngonzalez@astidavis.com

# Exhibit 1

PUBLIC PROSECUTION OFFICE- STATE OF SÃO PAULO

**Online case number 1071548-40.2015.8.26.0100**

**2nd Bankruptcy and Judicial Recovery Court of the Central District of São Paulo.**

**Bankruptcy Suit.**

**Bankrupt: Bankrupt Estate of Banco Cruzeiro do Sul S/A.**

**Your Honor,**

**1.** Pages 8.395/8.438, most recent interpretation from the government ministry.

**2.** Pages 8.439/8.440, Court-Appointed Trustee submits an appraisal report on bankrupt estate real properties seized in the city of Rio de Janeiro, amounting to R$ 130,470.00, and requests appraisal approval and disposal of the real property by means of an online auction. Acknowledged and Agreed.

**3.** Pages 8.449/8.451, debt claim from Rogério Soares Cabral. Ruled untimely, per order on pages 8.456/8.457. Acknowledged.

**4.** Pages 8.459/8.461, debt claim from Marli Brandão Lopes. Order on pages 8.906/8.910 determines

PUBLIC PROSECUTION OFFICE- STATE OF SÃO PAULO

**85.** Page 10.645/10.646, credit claim from Abel Leite De Souza. Acknowledged.

**86.** Pages 10.668/10.672, the Bankrupt parties state that the Court-Appointed Trustee without leave from this Court, without a competitive bidding and lacking any grounds has hired an American attorney to act in the USA against two companies they control abroad, with the purpose of freezing  the real estate properties in the USA and several works of art inside such properties, despite the fact that none of these assets is included in the bankrupt estate, and worse, some of these assets are already frozen by the Brazilian Justice Department. Hence, the Public Prosecutor requests the Court-Appointed Trustee to be summoned to provide clarification to certain questions, in order to find out if the Court-Appointed Trustee crossed the boundaries of its duties, unilaterally disposing of assets of the bankrupt estate without due court authorization and, in the event this proves to be true, an investigation of the respective liability, so that Court-Appointed Trustee will be required to reimburse the bankrupt estate for the undue costs incurred.

Waiting for statement in advance from the Court-Appointed Trustee.

PUBLIC PROSECUTION OFFICE- STATE OF SÃO PAULO

**87.** Page 10.708/10.709, credit claim from Dorival Domingos. Acknowledged.

**88.** Pages 10.725/10.726, the Court-Appointed Trustee reiterates the Petition on pages 2.918-2.920 and requests authorization for extinction and seizure of TAMISA FUNDO DE INVESTIMENTO MULTIMERCADO.

Requests granting.

São Paulo, September 20, 2016.

***Eronides Aparecido Rodrigues dos Santos***

*Prosecutor*

***Daniela Carvalho Guimarães***

*Public Prosecution Office Analyst*

PUBLIC PROSECUTION OFFICE- STATE OF SÃO PAULO

[Note on the right margin] This document was filed on September 9, 2016 at 7:02 pm, and is a copy of the original bearing the digital signature of ERONIDES APARECIDO RODRIGUES DOS SANTOS. To check the original, please access: https://esaj.tjsp.jus.br/esaj, enter case number *1071548-40.2015.8.26.0100 and code 25E5B24.*

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          Case No. 14-22974-BKC-LMI

MASSA FALIDA DO BANCO                           Chapter 15
CRUZIERO DO SUL, S.A.,

      Debtor in Foreign Proceeding.
                                      /

LASPRO CONSULTORES LTDA.,                        Adv. Case No. 16-01315-LMI
A Brazilian Sociedade Limitada,

      Plaintiff,

v.

ALINIA CORPORATION, a British Virgin
Islands Company Limited by Shares and 110
CPS, Inc., A British Virgin Islands company
Limited by Shares

      Defendants.
                                        /

### DECLARATION OF

### I RAFAEL BARUD CASQUEIRA PIMENTA declare:

1.  I am an attorney at law licensed to practice in Brazil.

2.  I specialize in civil litigation, civil procedure and insolvency law.  I have 10 years of experience in these subjects of the law.  I am a partner at the law firm Galdino Coelho Mendes.  A copy of my curriculum vitae is attached hereto as Exhibit A.

3.  I am familiar with the proceedings in that bankruptcy proceeding styled: "Bankrupt Estate of Banco Cruzeiro do Sul, S/A.", which is pending in the 2nd Bankruptcy and Judicial Recovery Court of the Central District of Sao Paulo (the "Brazilian Bankruptcy").

4.  I have reviewed the Amended Complaint filed in that matter styled: "Laspro Consultores Ltda. v. Alinia Corporation etc. et al., Adv. Case No. 16-1315 (the "United States Adversary



Action") which was filed in connection with those Chapter 15 proceedings styled: Massa Falida Do Banco Cruzeiro Do Sul, S.A. in the United States Bankruptcy Court for the Southern District of Florida (the "Foreign Bankruptcy").

5. Under applicable Brazilian law and as established by the courts several times, the trustee of a Brazilian bankruptcy estate must seek permission from the court presiding over the case before retaining foreign counsel to pursue claims on behalf of the bankruptcy estate in foreign nations.

6. I have reviewed the main docket of the Brazilian Bankruptcy which does not contain any form of application to the Bankruptcy Court to retain counsel in the United States to file the Foreign Bankruptcy or the United States Adversary Action. Nor does the main docket of the Brazilian Bankruptcy contain any order authorizing the Trustee to retain United States counsel to file the Foreign Bankruptcy or the United States Adversary Action.

7. My review of the main docket of the Brazilian Bankruptcy did reveal that the Public Prosecutor overseeing the proceedings has filed a report which notes that the Bankrupt Parties have stated that the Trustee has hired United States Counsel without "competitive bidding' and "lacking any grounds" to pursue the United States Adversary Action. The Public Prosecutor requests the Brazilian Bankruptcy Court to summon the Trustee "to provide clarification to certain questions, in order to find out if the Court-Appointed Trustee has crossed the boundaries of its duties, disposing of assets of the bankrupt estate without due authorization…" An English translation of the pertinent portions of the Public Prosecutor's report of September 20, 2016, is attached hereto as Exhibit 1.

8. I was provided with a copy of this Declaration that had been translated into the Portuguese language and signed this English version of the affidavit only after review of the version in Portuguese.



9. I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 26th day of October, 2016.

_____

**RAFAEL BARUD CASQUEIRA PIMENTA**

Av. Rio Branco, 138, 11º andar, Centro, Rio de Janeiro, RJ, 20040-002

rpimenta@gcm.adv.br • +55 21 3195-0240 • +55 21 9 8112-7303

## EDUCATION

**Università degli Studi di Firenze (UNIFI)**                                            **Florence, Italy**
*Visiting researcher from July to December 2009*
Recommended by UERJ to participate as a researcher
as part of the interchange program between UERJ and UNIFI.

**Rio de Janeiro State University (UERJ)**
*Master's in Procedural Law* (pending defense of dissertation)                 **Rio de Janeiro, Brazil**
Honors: Approved in first place among eight spots.
           Scholarship granted by UERJ.
Activities: Assistant professor in the class on Civil Procedure Law; professor of
           the elective subject Reforms of the Brazilian Civil Procedure Code.

**Fundação Getulio Vargas**                                                        **Rio de Janeiro, Brazil**
*Specialization in Contract Law, March to July 2007*

**Rio de Janeiro State University Law School**                                     **Rio de Janeiro, Brazil**
*Bachelor of Law, July 2006*

## PROFESSIONAL EXPERIENCE

**Galdino, Coelho, Mendes Advogados**                                              **Rio de Janeiro, Brazil**
*Partner*                                                                   *September 2013 – Present*
Leading role in complex corporate and contractual litigation in cases heard by the state appellate courts of Rio
de Janeiro, São Paulo, Goiás and Mato Grosso as well as the Superior Tribunal of Justice, advising Banks,
Financial Institutions, relevant Mining and Oil Companies, among others; co-head counsel in huge Bankruptcy
and Judicial Recovery proceedings, advising both debtors and creditors; and in arbitrations conducted by the
London Court of International Arbitration (LCIA), Brazil-Canada Chamber of Commerce (CCBC), International
Chamber of Commerce (ICC), Arbitration Chamber of BM&F Bovespa (CAM), and the Arbitration Chamber of
CIESP/FIESP. Assistance to clients before the Brazilian Securities Commission (CVM).

**Brasil | Pereira Neto | Galdino | Macedo Advogados**              **Rio de Janeiro and São Paulo, Brazil**
*Associate Lawyer*                                                   *February 2010 – September 2013*
Assistance to foreign and Brazilian clients. Planning and coordination of the program of the Claims Management
Department da ThyssenKrupp CSA (RJ). Participation in complex corporate and contractual litigation in cases
heard by the state appellate courts of Rio de Janeiro, São Paulo and Mato Grosso as well as the Superior Tribunal
of Justice and arbitrations. Advice to clients in mediation involving large construction projects. Conduction of
legal due diligence processes and drafting of contracts for M&A transactions.

**Mundie e Advogados**                                                             **Rio de Janeiro, Brazil**
*Associate Lawyer*                                                        *August 2006 – January 2010*
Assistance to foreign and Brazilian clients. Planning and coordination of specific projects in the area of
consumer law. Representation of clients in several State and Federal Courts.

**-**                                                                              **Rio de Janeiro, Brazil**
*Internships*                                                                 *July 2002 – July 2006*
Miguel Lins Advogados Associados (July 2002 – November 2003) | Varella, Borgerth, Riet Corrêa e Advogados
Associados (November 2003 – May 2004) | Mundie e Advogados (May 2004 – July 2006).

## LANGUAGES

Portuguese (native); English (fluent); Italian (advanced).

## PROFESSIONAL MEMBERSHIPS

Brazilian Bar Association, Rio de Janeiro and Mato Grosso State Chapters; Brazil-Italy Chamber of Commerce

**October 2016**

# Exhibit 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    Case No. 14-22974-BKC-LMI

MASSA FALIDA DO BANCO                                     Chapter 15
CRUZIERO DO SUL, S.A.,

          Debtor in Foreign Proceeding.
_____/

LASPRO CONSULTORES LTDA.,                                 Adv. Case No. 16-01315-LMI
A Brazilian Sociedade Limitada,

          Plaintiff,

v.

ALINIA CORPORATION, a British Virgin
Islands Company Limited by Shares and 110
CPS, Inc., A British Virgin Islands company
Limited by Shares

          Defendants.
_____/

## DECLARATION OF

**I FLAVIO ANTONIO ESTEVES GALDINO declare:**

1.  I am an attorney at law licensed to practice in Brazil.

2.  I am a founding partner at Galdino Coelho Mendes. I specialize in civil litigation, civil

procedure and insolvency law.  I have 20 years of experience in these subjects of the law.  A copy

of my curriculum vitae is attached hereto as Exhibit A.

3.  I am familiar with the proceedings in that bankruptcy proceeding styled: "Bankrupt Estate

of Banco Cruzeiro do Sul, S/A." which is pending in the 2nd Bankruptcy and Judicial Recovery

Court of the Central District of Sao Paulo (the "Brazilian Bankruptcy").

4.  I have reviewed the Amended Complaint filed in that matter styled: "Laspro Consultores

Ltda. v. Alinia Corporation etc. et al., Adv. Case No. 16-1315 (the "United States Adversary

00410855.DOCX

Action") which was filed in connection with those proceedings styled Massa Falida Do Banco Cruzeiro Do Sul, S.A. in the United States Bankruptcy Court for the Southern District of Florida (the "Foreign Bankruptcy").

5. Among the claims alleged by the Trustee in the Amended Complaint, are claims asserted under Article 130 of the Brazilian Bankruptcy and Judicial Reorganization Law.

6. Pursuant to Article 130, and as a matter of Brazilian jurisprudence, the judge presiding over the bankruptcy will set a claw back bar date for claims to avoid or revoke fraudulent transfers of property.  Claims for transfers of property whose statutes of limitation end before the claw back bar date may not brought under Article 130.

7. The claw back bar date that was established in the Brazilian Bankruptcy is June 16, 2012. An English translation of the order establishing the claw back bar date is attached hereto as Exhibit 1.

8. The Trustee has also asserted claims in the Amended Complaint under Article 884 of the Brazilian Civil Code ("Article 884").  The statute of limitation for claims brought under Article 884 is three years.  An English translation of the applicable portions of Article 884 is attached hereto as Exhibit 2.

9. The Trustee has also asserted claims in the Amended Complaint under Law 8.078/1990 of the Brazilian Consumer Protection Code ("Law 8.078/1990").  The statute of limitation for claims brought under Law 8.078/1990 is five years.  An English translation of the applicable portions of Law 8.078/1990 is attached hereto as Exhibit 3.

10.    I was provided with a copy of this Declaration that had been translated into the Portuguese language and signed this English version of the affidavit only after review of the version in Portuguese.

00410855.DOCX

11.    I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 26th day of October, 2016

FLAVIO ANTONIO ESTEVES GALDINO
Av. Rio Branco, 138, 11th Floor – 20040-002
Contact: +55 21 3195-0240; + 55 21 981334043
E-mail: galdino@gcm.adv.br
Born: December 7th, 1971

ACADEMIC EXPERIENCE:

Juris Doctor, JD. State University of Rio de Janeiro. 1997

Master of Laws. State University of Rio de Janeiro. 2002

PhD. State University of Rio de Janeiro. 2008

Part-time Professor of Civil Procedure at the State University of Rio de Janeiro since 2001

Part-time Professor of Civil Procedure at the Superior School of Magistrates of the State of Rio de Janeiro since 2001

Part-time Professor of Civil Procedure at the University of Vila Velha from 1999 until 2001

Part-time Professor of Civil Procedure at Candido Mendes University  from 1999 until 2001

PROFESSIONAL EXPERIENCE:

1997 – 2007: Partner at Paulo Cézar Pinheiro Carneiro Advogados

2007 – 2012: Partner at Brasil, Pereira Neto, Galdino, Carneiro Advogados

2012 – 2013: Partner at Xavier Bragança Advogados

2013 – 2016: Partner at Galdino, Coelho, Mendes Advogados

LANGUAGES:

Portuguese (native), English (fluent), Spanish (fluent), German (intermediary) and Italian (intermediary).

PUBLICATIONS:

GALDINO, F. A. E.. Introdução à análise econômica do processo civil (I) – os métodos alternativos de solução de controvérsias. Quaestio Iuris, Rio de Janeiro, n.1, p. 171-204, 2005.

GALDINO, F. A. E.. Juizados epeciais federais. Cepad, Rio de Janeiro, 2004.

GALDINO, F. A. E.. Usucapião. Cepad, Rio de Janeiro, 2004.

FLAVIO ANTONIO ESTEVES GALDINO
Av. Rio Branco, 138, 11th Floor – 20040-002
Contact: +55 21 3195-0240; + 55 21 981334043
E-mail: galdino@gcm.adv.br
Born: December 7th, 1971

GALDINO, F. A. E.. Tutela antecipada - processo civil. Cepad, Rio de Janeiro, 2004.

GALDINO, F. A. E.. Novo Código Civil - Das preferências e privilégios creditórios. Cepad, Rio de Janeiro, 2004.

GALDINO, F. A. E.. Novo Código Civil - Direitos da obrigações. Cepad, Rio de Janeiro, 2004.

GALDINO, F. A. E.. Considerações sobre a relação entre a experiência estética e a experi6encia jurídica. Revista Synthesis Revista do Centro de Ciências Sociais da Uerj, Rio de Janeiro, 2001.

GALDINO, F. A. E.. Sobre o art. 526 do CPC - Da necessidade de uma súmula uniformizadora. Revista Forense, 1999.

GALDINO, F. A. E.. A lei, a justiça e os novos movimentos sociais. Revista Quaestio Iuris, on-line, n.6, 1999.

GALDINO, F. A. E.. Alocução proferida quando do recebimento do Prêmio Nacional da Ordem dos Advogados do Brasil. Revista da Faculdade de Direito da Uerj, Rio de Janeiro, v. 5, 1999.

GALDINO, F. A. E.. A Ordem dos Advogados do Brasil na reforma do ensino jurídico. Revista Quaestio Iuris, on- line, v. 2, 1997.

GALDINO, F. A. E.. O acesso à justiça e a crise do ensino jurídico no Brasil. Revista Forense, Rio de Janeiro, n.jan-mar, p. 441-449, 1996.

GALDINO, F. A. E.. Direitos Fundamentais: Estudos em Homenagem ao Professor Ricardo Lobo Torres. Rio de Janeiro: Renovar, 2006.

GALDINO, F. A. E.. Introdução à Teoria dos Custos dos Direitos: Direitos Não Nascem em Árvores. Rio de Janeiro: Lumen Juris, 2005.

GALDINO, F. A. E.. Legitimação dos Direitos Humanos (co-autor). Rio de Janeiro: Renovar, 2002.

GALDINO, F. A. E.. A Ordem dos Advogados do Brasil na reforma do ensino jurídico. In: Comissão de Ensino Jurídico da OAB. (Org.). Ensino Jurídico - OAB - 170 anos de cursos jurídicos no Brasil. Brasília: OAB, 1997, v. , p. -.

TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO
COMARCA de SÃO PAULO FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1618/1624 - Centro
CEP: 01501-900 - São Paulo /SP
Telefone: (11) 2171-6506 - E-mail: sp2falencias@tjsp.jus.br

---

| COURT DECISION |
| --- |

| | |
| --- | --- |
| Case number: | **1071548-40.2015.8.26.0100** |
| Class - Subj | **Bankruptcy of Businessmen, Business Corporations, Micro Companies and Small Companies – Self-Reported Bankruptcy** |
| Claimant: | **Banco Cruzeiro do Sul S/A e outros** |
| Respondent: | **Banco Cruzeiro do Sul S/A e outros** |

Honorable Judge: Dr. Marcelo Barbosa Sacramone

Acknowledgements.

      **BANCO CRUZEIRO DO SUL S/A,** CNPJ (Register of legal entities) 62.136.254/0001-99, **CRUZEIRO DO SUL HOLDING FINANCEIRA S.A.**, CNPJ 13.225.116/0001-70, **CRUZEIRO DO SUL S.A. CORRETORA DE VALORES E MERCADORIAS**, CNPJ 04.169.504/0001-90, **CRUZEIRO DO SUL S.A. DISTRIBUIDORA DE ÍTULOS E VALORES MOBILIÁRIOS,** CNPJ 62.382.908/0001-64 and **CRUZEIRO DO SUL S.A. COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS**, CNPJ 06.227.606/0001-40, all subject to "extrajudicial liquidation", under Acts of the President of BRAZIL CENTRAL BANK numbered 1.230 to 1235, dated September 14, 2012 (pages 29/30), represented by the liquidator Eduardo Félix Bianchini, appointed as substitute under Act 486, dated May 24, 2013 (page 31), are applying for self-reported bankruptcy, pursuant to provisions of article 21, item 'b' of Law 6.024/74. Claimants state that the economic group subject to extrajudicial liquidations lacks enough assets to pay for at least half of their unsecured liabilities, as well that there are indications of bankruptcy crimes. They claim further that the complexity of the businesses they are engaged in justifies follow-up by the Justice Department in a regular bankruptcy procedure, and they were, therefore, authorized by the CENTRAL BANK to apply for bankruptcy. They state further that the unsecured liabilities assessed by the group (consolidated position) reveals R$3,288 million shortfall.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1618/1624 - Centro
CEP: 01501-900 - São Paulo /SP
Telefone: (11) 2171-6506 - E-mail: sp2falencias@tjsp.jus.br

The initial petition was submitted attached the documents on pages 29/126.

The Public Prosecution Office has issued comments on pages 138/144, stating to be favorable to the application for bankruptcy.

**This is the report. I RESOLVE.**

The grounds justifying the decree of bankruptcy of the financial institution and legal entities of the economic group do exist and have been evidenced.

On September 14, 2012, the extrajudicial liquidation of the applicant was decreed by order of the President of the Brazilian Central Bank.

Additionally, on pages 33/36 we have the authorization from Brazil Central Bank enabling applicant to file for bankruptcy.

The facts reported by the liquidators and by Brazil Central Bank on page 34 reveal indications of bankruptcy crimes and they have thus authorized the application for a decree of bankruptcy. Having thus met the requirement of item 'b', second part of art. 21 of Law 6.024/1974.

Moreover, as evidenced in the balance sheets attached to the records and to the report on page 35, the parties in liquidation find themselves in condition of insolvency.  Note should be taken then that debtor insolvency ("inability to pay") is not a requirement for a decree of bankruptcy, sufficing for debtor to present itself as insolvent ("mere default qualified by lack of lawful grounds")[1].

All the legal entities object of the application for bankruptcy ultimately had a common management, being part of the same economic group. Hence, even if Cruzeiro do Sul S.A. Corretora de Valores e Mercadorias and Cruzeiro do Sul Companhia Securitizadora de Créditos Financeiros own assets whose worth is higher than the amount of the liabilities, extension of bankruptcy effects would apply.

Also, undoubtedly, the complexity of the businesses involved in the activities of the financial institution and economic group companies justify the need for close court follow-up by means of the bankruptcy procedures.

Thus, from any angle that the issue may be analyzed the need for a decree of bankruptcy of the financial institution can be clearly evidenced.

This is why, today, at 7 pm, I am decreeing the bankruptcy of:

1 **BANCO CRUZEIRO DO SUL S/A,** CNPJ 62.136.254/0001-99;
2 **CRUZEIRO DO SUL HOLDING FINANCEIRA S.A.**, CNPJ 13.225.116/0001-70;
3 **CRUZEIRO** DO SUL S.A. CORRETORA DE VALORES E **MERCADORIAS**, CNPJ 04.**169**.504/0001-90;
4 **CRUZEIRO DO SUL S.A. DISTRIBUIDORA DE TÍTULOS E VALORES MOBILIÁRIOS,** CNPJ 62.382.908/0001-64;

---

[1] Fábio Konder Comparato apud Relator Lino Machado, E. TJSP, Câmara Reservada à Falência e Recuperação, Agravo de Instrumento n. 9046401-60.2007.8.26.0000, judged on 05/05/2014

TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO
COMARCA de SÃO PAULO FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1618/1624 - Centro
CEP: 01501-900 - São Paulo /SP
Telefone: (11) 2171-6506 - E-mail: sp2falencias@tjsp.jus.br

**5  CRUZEIRO  DO  SUL  S.A.  COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS**, CNPJ 06.227.606/0001-40.

Now, therefore:

1)    I hereby appoint to act as court appointed receiver (art. 99, IX) the company ADJUD **ADMINISTRADORES JUDICIAIS LTDA. - EPP**, CNPJ 14.227.154/0001-25, domiciled at Rua Araújo, 70, conj. 121, 12º andar, República, São Paulo - SP, CEP 04421-000 represented by VÂNIO CESAR PICKLER AGUIAR.

For the purposes of provisions of article art. 22, III, he shall:

1.1)  be personally served notice to sign the statement of commitment within a term of forty-eight (48) hours, under penalty of replacement (arts. 33 and 34);

1.2)  seize the assets and documents (art. 110), as well as see to assets appraisal, either separately or in block, at the site where such assets are currently located (arts. 108 and 110), for assets assessment (arts. 139 and 140) and such assets shall be kept in "his custody for safekeeping for which he shall be liable" (art. 108, sole paragraph), being allowed to see to sealing for the purposes of article art. 109 and being also required to report to the court on the viability of the continuity of company operations (art. 99, XI);

1.3)  at the time of the submission of the report required by provisions of art. 22, III, 'e' of Law 11.101/05, the Court Appointed Receiver shall **file it on line as incidental to the bankruptcy;** likewise, any comments about it shall be filed in relation to the above mentioned supplementary issue.

2)    I hereby establish the legal term (art. 99, II), at **ninety (90) days before the of the decree of extrajudicial liquidation**.

3)    The Court-Appointed Receiver shall inform if the nominal list of creditors, with address, relevance, nature and classification of the respective credits is attached to the records, enabling issue the Public Notice with the list of creditors, and shall also take any other steps that may be critical to the progress of the bankruptcy procedures.

3.1)  The Members of the Board of Directors and the Executive Officers of the bankrupt companies shall comply with provisions of article 104 of the LRF (Fiscal Responsibility Law), by appearing at a Notary Public office within a term of ten (10) days in order to sign the acknowledgement of presence and to provide clarification, which at that time, shall be submitted in writing, <u>including the corporate memorandums of association or corporate by-laws and proof of filing of such documents, as well as of their amendments.</u>  Subsequently, if the need arises, a hearing shall be scheduled for the bankrupt parties to provide clarification in person, and for this purpose, the Court- Appointed Receiver and the Public Prosecution Office shall also be summoned. Those were the members of the Board of Directors of the bankrupt companies:

**BANCO CRUZEIRO DO SUL S/A:** Luis Felipe Índio da Costa (CPF (Ministry of

TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO
COMARCA de SÃO PAULO FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1618/1624 - Centro
CEP: 01501-900 - São Paulo /SP
Telefone: (11) 2171-6506 - E-mail: sp2falencias@tjsp.jus.br

Finance register of taxpayers) 006.034.067-34), Luis Octavio Azeredo Lopes Índio da Costa (CPF 782.474.977-00), Fabio Caramuru Correa Meyer (CPF 715.168.917-91), Maria Luísa Garcia de Mendonça (CPF 380.376.616-87), Roberto Vieira da Silva de Oliveira Costa (CPF 769.344.037-20), Sérgio Marra Pereira Capella (CPF 041.247.618-56).

**CRUZEIRO DO SUL HOLDING FINANCEIRA S.A.**:Luis Felippe Índio da Costa (CPF 006.034.067-34), Luis Octavio Azeredo Lopes Índio da Costa (CPF 782.474.977-00), Charles Alexander Forbes (CPF 001.906.918-91), Fabio Rocha do Amaral (CPF 076.593.208-31), Flávio Nunes Ferreira Rietmann (CPF 913.629.627-91), Horácio Martinho Lima (CPF 745.862.547-34).

**CRUZEIRO DO SUL S.A. CORRETORA DE VALORES E MERCADORIAS:** Luis Fernando Pinheiro Guimarães de Carvalho (CPF 949.762.797-15) e Marcelo Xandó Baptista (CPF 180.434.018-96).

**CRUZEIRO DO SUL S.A. DISTRIBUIDORA DE TÍTULOS E VALORES MOBILIÁRIOS:** Flávio Nunes Ferreira Rietmann (CPF 913.629.627-91) e Marcelo Xandó Baptista (CPF 180.434.018-96).

**CRUZEIRO DO SUL S.A. COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS:** Luis Felippe Índio da Costa (CPF 006.034.067-34), Luis Octavio Azeredo Lopes Índio da Costa (CPF 82.474.977-00).

3.2) The partners and managers are also advised that in order to safeguard the best interest of the involved parties and if the indications of the crime referred to by Law 11.101/2005 are evidenced they may be subject to an order for preventive detention (art. 99, VII).

3.3) Both the bankrupt parties and the Court-Appointed Receiver shall, within a term of ten days, submit the reports on the cash flows, accounting books and accounting documents mandatory by law, as well as the list of assets and rights the assets are composed of, with the corresponding value estimation and ownership evidencing documents.

4) I hereby establish a term of fifteen (15) days, to be counted as of the publication of the public notice, for the creditors to submit to the Court-Appointed Receiver their "qualifications or their objections to the list of credits" (art. 99, IV, e art. 7º § 1º), **which shall be digitized and sent directly to the Court-Appointed Receiver by e-mail and this shall be reported by him in a file specifically created** for this purpose and included in the public notice that will be published.

On this subject **Court-Appointed Receiver, within a term of five (5) days, shall send an email specifically created for this purpose and which shall be included in public notice that will de issued pursuant to art. 99, sole paragraph.**

5) At the time of the publication of the public notice referred to in art. 2 of Law 11.101/05, possible challenges to said official notice and/or late applications for qualification shall not be attached to case main records, and the subsequent petitions related to the same incident shall always be directed to an already initiated supplementary issue.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1618/1624 - Centro
CEP: 01501-900 - São Paulo /SP
Telefone: (11) 2171-6506 - E-mail: sp2falencias@tjsp.jus.br

6)    Pursuant to provisions of art. 99, V, I hereby order suspension of all proceedings and enforcement suits against filed against the **bankrupt parties** (companies), but always taking into consideration the assumptions referred to in paragraphs 1 and 2 of art. 6 of the same Law, and the statute of limitations shall also be suspended.

7)    I hereby forbid any action to divest or encumber the bankrupt parties (companies) assets without court consent besides consent from the Committee of Creditors (if any), exception made of the asset whose sale is part of debtor normal activities "if activities are provisionally authorized to continue" (art. 99, VI).

8)    I hereby order prompt issue of official letters (art. 99, X and XIII) to public agencies and offices (Federal Administration, State and Municipal agencies; Central Bank, DETRAN, etc.), with on line communication authorized, such official letter shall be sent to JUCESP for the purposes of articles 99, VIII and 102.

9)    In view of the agreements that have been executed, I hereby order to keep open the bank accounts listed on pages 132 e 133, open solely for the purposes of deposits.  Notices shall be sent to the banking institutions.

10)   Official notice shall be issued, pursuant to provisions of art.  99, sole paragraph of Law 11.101/2005.


Notice shall be sent to Public Prosecution Office. P.R.I.C. (To be Published, Recorded and Enforced)

São Paulo, August 12, 2015.


**DOCUMENT BEARING DIGITAL SIGNATURE PURSUANT TO LAW 11.419/2006,** as follows:
This document was released on case records on August 12, 2015 at 1:33 pm and it is a copy of the original bearing the digital signature of MARCELO BARBOSA SACRAMONE. To check the original, please go to https://esaj.tjsp.jus.br/esaj, enter case number 1071548-40.2015.8.26.0100 and code 143C97F.

Art. 3°, Lei 8.078/1990 (Código de Defesa do Consumidor) – Fornecedor é toda pessoa física ou jurídica, pública ou privada, nacional ou estrangeira, bem como os entes despersonalizados, que desenvolvem atividade de produção, montagem, criação, construção, transformação, importação, exportação, distribuição ou comercialização de produtos ou prestação de serviços.

English translation: Art. 3, Law 8.078/1990 (Consumer Protection Code) – A provider is every person or entity, public or private, domestic or foreign as well as de facto entities that develop production activities, assembly, creation, construction, transformation, importation, exportation, distribution or commercialization of products or provides service.

***

Art. 6º, Lei 8.078/1990 (Código de Defesa do Consumidor) – São direitos básicos do consumidor:

VI - a efetiva prevenção e reparação de danos patrimoniais e morais, individuais, coletivos e difusos;

English translation: Art. 6, Law 8.078/1990 (Consumer Protection Code) – These are the basic rights of the consumer:

VI – the effective prevention and compensation of financial and moral damages, individual, collective and diffuse;

***

Art. 14, Lei 8.078/1990 (Código de Defesa do Consumidor) – O fornecedor de serviços responde, independentemente da existência de culpa, pela reparação dos danos causados aos consumidores por defeitos relativos à prestação dos serviços, bem como por informações insuficientes ou inadequadas sobre sua fruição e riscos.

English translation: Art. 14, Law 8.078/1990 (Consumer Protection Code) – The provider of services is responsible, regardless of guilt, for the damages caused to the consumers stemming from faults related to the services, as well as for insufficient or inadequate information about the risks and benefits.

***

Art. 28, Lei 8.078/1990 (Código de Defesa do Consumidor) – O juiz poderá desconsiderar a personalidade jurídica da sociedade quando, em detrimento do consumidor, houver abuso de direito, excesso de poder, infração da lei, fato ou ato ilícito ou violação dos estatutos ou contrato social. A desconsideração também será efetivada quando houver falência, estado de insolvência, encerramento ou inatividade da pessoa jurídica provocados por má administração.

§ 1° (Vetado).

§ 2° As sociedades integrantes dos grupos societários e as sociedades controladas, são subsidiariamente responsáveis pelas obrigações decorrentes deste código.

§ 3° As sociedades consorciadas são solidariamente responsáveis pelas obrigações decorrentes deste código.

§ 4° As sociedades coligadas só responderão por culpa.

§ 5° Também poderá ser desconsiderada a pessoa jurídica sempre que sua personalidade for, de alguma forma, obstáculo ao ressarcimento de prejuízos causados aos consumidores.

English translation: Art. 28, Law 8.078/1990 (Consumer Protection Code) – The judge may pierce the corporate veil when, to the detriment of the consumer, there is abuse of right, excess of power, violation of the law, illegal fact or act or violations of the bylaws. The piercing shall also take place when a bankruptcy takes place, insolvency, closing or inactivity provoked by flawed administration.

1st § Vetoed.

2nd § The entities that belong to corporate groups and the ones under control are subsidiary responsible for the obligations that stem from this code.

3rd § The consociated entities are equally responsible for the obligations that stem from this code.

4th § The linked entities are only responsible if guilty.

5th The piercing may also take place whenever an entity represents an obstacle to the compensation of consumers' damages.

***

Art. 27, Lei 8.078/1990 (Código de Defesa do Consumidor) – Prescreve em cinco anos a pretensão à reparação pelos danos causados por fato do produto ou do serviço prevista na Seção II deste Capítulo, iniciando-se a contagem do prazo a partir do conhecimento do dano e de sua autoria.

English translation: Art. 27, Law 8.078/1990 (Consumer Protection Code) – The statute of limitation for claims of damages caused by facts of the products or services established in section II of this Chapter is five years, counted from the knowledge of the damage and its causer.

# Exhibit 4

Art. 206, Código Civil – Prescreve:

§ 3o Em três anos:

IV - a pretensão de ressarcimento de enriquecimento sem causa;

V - a pretensão de reparação civil;

VI - a pretensão de restituição dos lucros ou dividendos recebidos de má-fé, correndo o prazo da data em que foi deliberada a distribuição;

English translation: Art. 206, Civil Code – Statue of Limitations:

3rd § Within three years:

IV – the claim for compensation for causeless enrichment;

V – the claim for civil indemnification;

VI – the claim for restitution of revenues or dividends received under deceit, with the time period counting from the date the distribution was voted;