UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MASSA FALIDA DO BANCO
CRUZEIRO DO SUL S.A.,                          Case No.:14-22974 – LMI
                                                Chapter 15
       Debtor in a Foreign Proceeding
_____/

LASPRO CONSULTORES LTDA.,
a Brazilian Sociedade Limitada,

                                Adversary Proceeding no.: 16-01315-LMI

       Plaintiff

v.

ALINIA CORPORATION, a British
Virgin Islands Company Limited by Shares,
110 CPS, INC., a British Virgin Islands
Company Limited by Shares,

       Defendants.
_____/

**PLAINTIFF'S NOTICE OF FILING SUPPLEMENTAL
AUTHORITY IN SUPPORT OF RESPONSE TO
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

      Plaintiff, Laspro Consultores LTDA, Trustee of BCSUL ("BCSUL") ("Plaintiff"), files

this Notice of Filing Supplemental Authority in Support of Response to Defendants' Motion to

Dismiss Amended Complaint:

<u>**SUPPLEMENTAL AUTHORITIES**</u>

1.  Article 3°, Law 8.078/1990 (Consumer Code) (with translation) and Article 28, Law
    8.078/1990 (Consumer Code) (with translation

2.  Special Appeal N. 279.273 – SP (2000/0097184-7) (with translation)

3.  Special Appeal N. 948.117 – MS (2007/0045262-5) (with translation)

4.  Special Appeal N. 1.096.604 – DF (2008/0218648-4 (with translation)

5.  Special Appeal N. 737.000 – MG  (2000/0049017-5) (with translation)

Respectfully submitted,

ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202

By:    */s/ Gregory S. Grossman*
Edward H. Davis
Fla. Bar No. 704539
edavis@astidavis.com
Gregory S. Grossman
Florida Bar No. 896667
ggrossman@astidavis.com
Arnoldo Lacayo
Fla. Bar No. 675482
alacayo@astidavis.com
Daniel M. Coyle
Fla. Bar No. 055576
dcoyle@astidavis.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case on December 16, 2016.

*/s/ Gregory S. Grossman*
Gregory S. Grossman

2

**"*1*"**

SUPPLEMENTAL APPENDIX OF RELEVANT BRAZILIAN LEGAL PROVISIONS WITH TRANSLATIONS

Article 3°, Law 8.078/1990 (Consumer Code):

| PORTUGUESE | ENGLISH |
| --- | --- |
| SEÇÃO III | SECTION III |
| Art. 3° Fornecedor é toda pessoa física ou jurídica, pública ou privada, nacional ou estrangeira, bem como os entes despersonalizados, que desenvolvem atividade de produção, montagem, criação, construção, transformação, importação, exportação, distribuição ou comercialização de produtos ou prestação de serviços. | Art. 3°. The service provider is every person or legal entity, public or private, national or foreign, as well as the non-personalized entities, which develop activities related to production, assembling, creation, construction, transformation, importation, exportation, distribution or commercialization of products, or rendering of services. |

Article 28, Law 8.078/1990 (Consumer Code):

| PORTUGUESE | ENGLISH |
| --- | --- |
| Art. 28. O juiz poderá desconsiderar a personalidade jurídica da sociedade quando, em detrimento do consumidor, houver abuso de direito, excesso de poder, infração da lei, fato ou ato ilícito ou violação dos estatutos ou contrato social. A desconsideração também será efetivada quando houver falência, estado de insolvência, encerramento ou inatividade da pessoa jurídica provocados por má administração.nas seções anteriores. | Art. 28. The judge may disregard the corporate veil of the company when, to the detriment of the consumer, there is abuse of right, excess of power, infraction to the law, illicit fact or act, or violation of the bylaws or articles of association. The disregard shall also be effected when upon the occurrence of bankruptcy, state of insolvency, closure or inactivity of the legal entity caused by bad administration. |
| §5° Também poderá ser desconsiderada a pessoa jurídica sempre que sua personalidade for, de alguma forma, obstáculo ao ressarcimento de prejuízos causados aos consumidores | § 5° The legal entity may also be disregarded whenever his person is in any way an obstacle to the reimbursement of damages caused to consumers |

**"*2*"**

# *SUPERIOR TRIBUNAL OF JUSTICE*

**SPECIAL APPEAL N. 279.273 – SP (2000/0097184-7)**

**Rapporteur: High Court Judge Ari Pargendler**
**R.P./Judgment: High Court Judge Nancy Andrighi**
Appellant:  B SETE PARTICIPACOES S/A AND OTHERS
Attorney: ATHOS GUSMÃO CARNEIRO
Appealed: MARCELO MARINHO DE ANDRADE ZANOTTO AND OTHERS
Attorney:  ALFREDO RIZKALLAH JUNIOR AND OTHER
Appealed: Office of the Public Attorney of the State of Sao Paulo

RULING

**Civil liability and Rights of the Consumers. Special Appeal. Shopping Center Osasco-SP. Explosion. Consumers. Material and Moral Damages. Public Attorneys. Legitimate Plaintiff. Corporate Entity. Disregard. Larger Theory and minor theory. Limitation to the liability of the shareholders. Obstacle to repayment of losses caused to consumers. Art. 28 - Paragraph 5.**
- Considering that the protection of the consumer is one of the pillars of the economic order, and having the public attorney office responsibility for the defense of the juridical order, of the democratic regime and of the social and unavailable individual interests, the public attorneys has standing to act in the defense of the individual homogeneous consumers interests, originating from a common fact.
- The larger theory of disregard, general rule in the Brazilian judicial system, cannot be applied with the simple demonstration that corporation is insolvent to pay its obligations. It is required, besides the proof of insolvency, the demonstration of deviation of corporate purpose (subjective theory of disregard) or the showing of patrimonial confusion (objective theory of disregard).
- The minor theory of disregard, allowed in our judicial system exceptionally as to Consumer Law and Environmental Law, is applicable with the simple fact of insolvency of the corporation to pay its obligations, independently of the deviation of the corporate purpose or patrimonial confusion.
- For the minor theory, the normal business risk of the economic activity cannot be supported by third parties which have contracted with corporate entity, but by the shareholders and administrators of the entity, even when they prove that they have done a correct administration, this means, even when there isn't any proof capable of showing deliberate culpable or intentional acts by the shareholders and/or the managers of the corporate entity.

- The application of the minor theory of disregard in consumer relation is based in the autonomous exegesis of paragraph 5 of article 28 of CDC, as the application of this legal command is not subordinated to the main text of article indicated, but only to the proof of cause, the simple existence of the corporate entity, the obstacle to repay the losses caused to the consumers.
- Special appeals not received.

### Appeal Ruling

Analyzed, Debated and Report the present case, the Superior Court Justices of the 3rd Group of the Superior Tribunal of Justice, in accordance with the rulings and the notes of the proceeding, after the vote of High Court Judge Castro Filho, by majority, did not receive the Special Appeal. The final judgment will be entered by High Court Judge Nancy Andrighi. Were defeated votes of High Court Judges Ari Pargendler and  Carlos Alberto Menezes Direito. Voted with High Court Judge Nancy Andrighi, High Court Judges Castro Filho and Antônio de Pádua Ribeiro.

Brasília (DF), 4th of December 2003. (Date of the Ruling)

**High Court Judge Nancy Andrighi**
**Rapporteur/ Judgment**

*Superior Tribunal de Justiça*

**RECURSO ESPECIAL Nº 279.273 - SP (2000/0097184-7)**

| | | |
|---|---|---|
| **RELATOR** | : | **MINISTRO ARI PARGENDLER** |
| **R.P/ACÓRDÃO** | : | **MINISTRA NANCY ANDRIGHI** |
| RECORRENTE | : | B SETE PARTICIPAÇÕES S/A E OUTROS |
| ADVOGADOS | : | ATHOS GUSMÃO CARNEIRO |
| | | MIGUEL TOSTES DE ALENCAR E OUTROS |
| RECORRENTE | : | MARCELO MARINHO DE ANDRADE ZANOTTO E OUTROS |
| ADVOGADO | : | ALFREDO RIZKALLAH JUNIOR E OUTRO |
| RECORRIDO | : | MINISTÉRIO PÚBLICO DO ESTADO DE SÃO PAULO |

### EMENTA

Responsabilidade civil e Direito do consumidor. Recurso especial. Shopping Center de Osasco-SP. Explosão. Consumidores. Danos materiais e morais. Ministério Público. Legitimidade ativa. Pessoa jurídica. Desconsideração. Teoria maior e teoria menor. Limite de responsabilização dos sócios. Código de Defesa do Consumidor. Requisitos. Obstáculo ao ressarcimento de prejuízos causados aos consumidores. Art. 28, § 5º.

- *Considerada a proteção do consumidor um dos pilares da ordem econômica, e incumbindo ao Ministério Público a defesa da ordem jurídica, do regime democrático e dos interesses sociais e individuais indisponíveis, possui o Órgão Ministerial legitimidade para atuar em defesa de interesses individuais homogêneos de consumidores, decorrentes de origem comum.*

- *A teoria maior da desconsideração, regra geral no sistema jurídico brasileiro, não pode ser aplicada com a mera demonstração de estar a pessoa jurídica insolvente para o cumprimento de suas obrigações. Exige-se, aqui, para além da prova de insolvência, ou a demonstração de desvio de finalidade (teoria subjetiva da desconsideração), ou a demonstração de confusão patrimonial (teoria objetiva da desconsideração).*

- *A teoria menor da desconsideração, acolhida em nosso ordenamento jurídico excepcionalmente no Direito do Consumidor e no Direito Ambiental, incide com a mera prova de insolvência da pessoa jurídica para o pagamento de suas obrigações, independentemente da existência de desvio de finalidade ou de confusão patrimonial.*

- *Para a teoria menor, o risco empresarial normal às atividades econômicas não pode ser suportado pelo terceiro que contratou com a pessoa jurídica, mas pelos sócios e/ou administradores desta, ainda que estes demonstrem conduta administrativa proba, isto é, mesmo que não exista qualquer prova capaz de identificar conduta culposa ou dolosa por parte dos sócios e/ou administradores da pessoa jurídica.*

- *A aplicação da teoria menor da desconsideração às relações de consumo está calcada na exegese autônoma do § 5º do art. 28, do CDC, porquanto a incidência desse dispositivo não se subordina à demonstração dos requisitos previstos no **caput** do artigo indicado, mas apenas à prova de causar, a mera existência da pessoa jurídica, obstáculo ao ressarcimento de prejuízos causados aos consumidores.*

- *Recursos especiais não conhecidos.*

### ACÓRDÃO

*Superior Tribunal de Justiça*

Vistos, relatados e discutidos estes autos, acordam os Ministros da TERCEIRA TURMA do Superior Tribunal de Justiça, na conformidade dos votos e das notas taquigráficas constantes dos autos, prosseguindo no julgamento, após o voto-vista do Sr. Ministro Castro Filho, por maioria, não conhecer de ambos os recursos especiais. Lavrará o acórdão a Sra. Ministra Nancy Andrighi.Votaram vencidos os Srs. Ministros Ari Pargendler e Carlos Alberto Menezes Direito. Votaram com a Sra. Ministra Nancy Andrighi os Srs. Ministros Castro Filho e Antônio de Pádua Ribeiro.

Brasília (DF), 4 de dezembro de 2003(Data do Julgamento)

MINISTRA NANCY ANDRIGHI
Relatora p/ Acórdão



"*3*"

# *SUPERIOR TRIBUNAL OF JUSTICE*

**SPECIAL APPEAL N. 948.117 – MS (2007/0045262-5)**

**Rapporteur: High Court Judge Nancy Andrighi**
Appellant:  Carlos Alberto Tavares da Silva
Attorney: Paulo Ernesto Valli
Appealed: Francisco Alves Correa Neto
Attorney:  Denner de Barros e Mascarenhas Baborsa and Others

RULING

**CIVIL PROCEEDING AND CIVIL. SPECIAL APPEAL. ENFORCEMENT OF JUDICIAL ORDER. ART. 50 CC/02. REVERSE DISREGARD OF CORPORATE VEIL. POSSIBILITY.**
I – The absence of a decision regarding the legal provision indicated as violated, disallows prohibits the greeting of the Special Appeal. Summary 211 STJ.

II- The motion for clarification has as objective to resolve eventual obscurity, contradiction or omission in the appealed order. There is no offense to art. 535 of the CPC, when the Court of Appeal *a quo* makes a clear and precise pronunciation about the issues raised in the case, based in sufficient findings to make the ruling, as it took place in the case.

III- The reverse disregard of the corporate veil is characterized by the removal of the patrimonial autonomy of the corporation, so to, contrary of what occurs in the straight disregard of the corporate veil, reach the entity and its patrimony, in a way to hold liable the corporate entity for the obligations of the controlling shareholder.

IV- Considering that the goal of the disregard doctrine is to combat the improper use of the corporate entity  by its shareholders, what can occur also in cases where the controlling shareholder drains his personal assets and internalizes it in the corporate entity, in conclusion, it can be determined through a doctrinal interpretation of article 50 of CC/02, that it is possible the reverse piercing of the corporate veil, in a way to reach assets of the corporate entity as a result of debts of controlling shareholder, when the requirements of the law are meet.

V- The piercing of the corporate veil is found to be an exceptional measure. Its adoption is only recommended when there are findings of fraud and abuse of rights as established in article 50 of CC/02. Only if the requirements are meet, shall a judge, directly in the enforcement proceeding, "pierce the veil" of the corporate entity, so that the act of expropriation reaches assets of the corporation.

VI- In light of the proofs taken, the order made by the trial court found, on detailed findings, the occurrence of patrimonial confusion and abuse of rights on the of the appellant, in the improper use of his corporation to acquire assets for personal use.

VII- In conclusion, the Respectful appealed order, when affirming the trial court ruling is found to be correct, and needs to be affirmed based on its findings.
Special Appeal denied.

### Appeal Ruling

Analyzed, Debated and Report the present case, the Superior Court Justices of the 3rd Group of the Superior Tribunal of Justice, in accordance with the rulings and the notes of the proceeding, unanimously, deny the Special Appeal, in the terms of the vote of the High Court Rapporteur Judge. High Court Judges Massami Uyeda and Sidney Beneti voted with the rapporteur Judge. Absence occasionally, High Court Judges Vasco Della Giustina and Paulo Furtado.


Brasília (DF), 22 of July 2010. (Date of the Ruling)


**High Court Judge Nancy Andrighi**
**Rapporteur**

*Superior Tribunal de Justiça*

**RECURSO ESPECIAL Nº 948.117 - MS (2007/0045262-5)**

| | | |
|---|---|---|
| **RELATORA** | : | **MINISTRA NANCY ANDRIGHI** |
| RECORRENTE | : | CARLOS ALBERTO TAVARES DA SILVA |
| ADVOGADO | : | PAULO ERNESTO VALLI |
| RECORRIDO | : | FRANCISCO ALVES CORREA NETO |
| ADVOGADO | : | DENNER DE BARROS E MASCARENHAS BARBOSA E OUTRO |

**EMENTA**

PROCESSUAL CIVIL E CIVIL. RECURSO ESPECIAL. EXECUÇÃO DE TÍTULO JUDICIAL. ART. 50 DO CC/02. DESCONSIDERAÇÃO DA PERSONALIDADE JURÍDICA INVERSA. POSSIBILIDADE.

I – A ausência de decisão acerca dos dispositivos legais indicados como violados impede o conhecimento do recurso especial. Súmula 211/STJ.

II – Os embargos declaratórios têm como objetivo sanear eventual obscuridade, contradição ou omissão existentes na decisão recorrida. Inexiste ofensa ao art. 535 do CPC, quando o Tribunal *a quo* pronuncia-se de forma clara e precisa sobre a questão posta nos autos, assentando-se em fundamentos suficientes para embasar a decisão, como ocorrido na espécie.

III – A desconsideração inversa da personalidade jurídica caracteriza-se pelo afastamento da autonomia patrimonial da sociedade, para, contrariamente do que ocorre na desconsideração da personalidade propriamente dita, atingir o ente coletivo e seu patrimônio social, de modo a responsabilizar a pessoa jurídica por obrigações do sócio controlador.

IV – Considerando-se que a finalidade da *disregard doctrine* é combater a utilização indevida do ente societário por seus sócios, o que pode ocorrer também nos casos em que o sócio controlador esvazia o seu patrimônio pessoal e o integraliza na pessoa jurídica, conclui-se, de uma interpretação teleológica do art. 50 do CC/02, ser possível a desconsideração inversa da personalidade jurídica, de modo a atingir bens da sociedade em razão de dívidas contraídas pelo sócio controlador, conquanto preenchidos os requisitos previstos na norma.

V – A desconsideração da personalidade jurídica configura-se como medida excepcional. Sua adoção somente é recomendada quando forem atendidos os pressupostos específicos relacionados com a fraude ou abuso de direito estabelecidos no art. 50 do CC/02. Somente se forem verificados os requisitos de sua incidência, poderá o juiz, no próprio processo de execução, "levantar o véu" da personalidade jurídica para que o ato de expropriação atinja os bens da empresa.

VI – À luz das provas produzidas, a decisão proferida no primeiro grau de jurisdição, entendeu, mediante minuciosa fundamentação, pela ocorrência de confusão patrimonial e abuso de direito por parte do recorrente, ao se utilizar indevidamente de sua empresa para adquirir bens de uso particular.

*Superior Tribunal de Justiça*

VII – Em conclusão, a r. decisão atacada, ao manter a decisão proferida no primeiro grau de jurisdição, afigurou-se escorreita, merecendo assim ser mantida por seus próprios fundamentos.

Recurso especial não provido.

## ACÓRDÃO

Vistos, relatados e discutidos estes autos, acordam os Ministros da TERCEIRA TURMA do Superior Tribunal de Justiça, na conformidade dos votos e das notas taquigráficas constantes dos autos, por unanimidade, negar provimento ao recurso especial, nos termos do voto do(a) Sr(a). Ministro(a) Relator(a). Os Srs. Ministros Massami Uyeda e Sidnei Beneti votaram com a Sra. Ministra Relatora. Ausentes, ocasionalmente, os Srs. Ministros Vasco Della Giustina e Paulo Furtado.

Brasília (DF), 22 de junho de 2010(Data do Julgamento)

MINISTRA NANCY ANDRIGHI
Relatora

"*4*"

### *SUPERIOR TRIBUNAL OF JUSTICE*

**SPECIAL APPEAL N. 1.096.604 – DF (2008/0218648-4)**

**Rapporteur: High Court Judge Luis Felipe Salomão**
Appellant:  Marcos Vieira dos Santos Paiva and others
Attorney: Vanessa dos Santos Gonçalves and others
Appealed: Sérgio Fonseca Iannini
Attorney:  Roberto Braz Iannini

### RULING

**CIVIL AND CONSUMER LAW. DISREGARD OF CORPORATE VEIL. POSSIBILITY. MATERIAL AND PROCEDURAL REQUIREMENTS. COMPLIANCE. SERVICE OF THE SHAREHOLDERS AGAINST WHOM THE DISREGARD WAS MADE. UNECESSARY. DUE PROCESS AND CONTRADICTORY GRANTED THROUGH THE SERVICE OF THE ATTACHMENT ORDER. OPPOSITION TO THE ENFORCEMENT OF THE ORDER. THE PROPER FILLLING FOR PURPOSE OF DISPUTE OF THE DISREGARD. CONSUMER RELATION. PROPER GROUND FOR PURPOSES OF APPLICATION OF THE MINOR TEORY OF DISREGARD.  ART. 28, PARAGRAPH 5 OF CDC. PRECEDENTS.**
1. The disregard of the corporate veil is an instrument applied to certain limited situations, when the bad faith, abuse of the corporate form or patrimonial confusion are revealed, situations which requires, based on evidence, measures on the part of the Judiciary. Thus, requiring full and prior due process in an ordinary proceeding for that purposes, most of the times, would result in the ineffectiveness of the noble policy.
2. The overcoming of the corporate entity veil is affirmed as a procedural incident and not a new proceeding, thus it can be ordered in the main file, and it is not required that the shareholders against whom the piercing was granted be served, been sufficient the defense presented *a posteriori*, through a motion to embargo, motion to defeat the enforcement of the judgment or through motion to stop the pre enforcement.
3. Thus, it is not a valid argument that it is not possible, in a motion to defeat the enforcement of judgment, the dispute about the validity of the disregard of the corporate veil order. In reality, in the case at trial and also in the case of materiality of law itself, if it were impossible to apply the Disregard Doctrine, the party would not be a legitimate respondent for the debt, what could allow the application for a motion to embargo, according to art. 475-L, subsection IV. Even, if it were the situation, one could consider filing a motion to stop the pre-enforcement, which, according to the authorized doctrine, was not only maintained, but also gained a more relevant position with the institution of Law n. 11.232/2005.

4. Therefore, it is not possible to find that there was prejudice to the right to proper defense and due process, because of the lack of service or notice to pay the debt (article 475-J of CPC), under penalty of making unfruitful the piercing of the corporate veil, thus sufficiently constructed, in the scope of the material rights, found the requirements to authorize the measure – the subsequent service of the attachment order of the assets of the former shareholders, act which in the present case, was made.

5. In the case, it can be identified that the piercing of the corporate veil was made because of  the "abuse of the corporate form" and also because of "inexistence of assets" for purpose of attachment, the leading vote of the panel of judges relied on proofs and documents attached to the file. In this circumstance, the determination of the appealed Tribunal, besides been made in accordance with the jurisprudence of the House, can not be reanalyzed because of the determination of Summary 7/STJ.

6. If it weren't for these reasons, it deals with a consumer relation, it is admitted, under exceptional condition,  the use of what is know as the "minor theory" of the disregard of the corporate veil, what is found because of the condition of insolvency of the supplier added with bad management of the corporation, or, if the corporate veil is an "obstacle to allow the repayment of the losses caused to the consumers", according to the final part of the main text of art. 28, and its 5 paragraph, of the Code of the Defense of Consumers.

7. The investigation as to the cash frozen at the accounts of the appellants cannot be analyzed because of Summary 7/STJ.

8. Special Appeal not granted.

### Appeal Ruling

Analyzed, Debated and Reported the present case, the Superior Court Justices of the Fourth Group of the Superior Tribunal of Justice, agreed, in accordance with the rulings and the notes of the proceeding, in a renovation of the judgment, after the vote of High Court Judge Antonio Carlos Ferreira denying the special appeal, following the High Court Rapporteur Judge vote and the vote of High Court Judge Marco Buzzi, granting the appeal, in diverging direction, the Fourth Group, by majority, denied the special appeal. Defeated High Court Judges Raul Araujo and Marcos Buzzi.  The Honorable High Court Judge Antonio Carlos Ferreira voted with the High Court Rapporteur Judge.

Brasília (DF), 02 of August 2012. (Date of the Ruling)

**High Court Judge Luis Felipe Salomão**
**Rapporteur**

*Superior Tribunal de Justiça*

**RECURSO ESPECIAL Nº 1.096.604 - DF (2008/0218648-4)**

| | |
|---|---|
| **RELATOR** | : **MINISTRO LUIS FELIPE SALOMÃO** |
| RECORRENTE | : MARCOS VIEIRA DOS SANTOS PAIVA E OUTROS |
| ADVOGADA | : VANESSA DOS SANTOS GONÇALVES E OUTRO(S) |
| RECORRIDO | : SÉRGIO FONSECA IANNINI |
| ADVOGADO | : ROBERTO BRAZ IANNINI |

**EMENTA**

DIREITO CIVIL E DO CONSUMIDOR. DESCONSIDERAÇÃO DA PERSONALIDADE JURÍDICA. PRESSUPOSTOS PROCESSUAIS E MATERIAIS. OBSERVÂNCIA. CITAÇÃO DOS SÓCIOS EM PREJUÍZO DE QUEM FOI DECRETADA A DESCONSIDERAÇÃO. DESNECESSIDADE. AMPLA DEFESA E CONTRADITÓRIO GARANTIDOS COM A INTIMAÇÃO DA CONSTRIÇÃO. IMPUGNAÇÃO AO CUMPRIMENTO DE SENTENÇA. VIA ADEQUADA PARA A DISCUSSÃO ACERCA DO CABIMENTO DA *DISREGARD* . RELAÇÃO DE CONSUMO. ESPAÇO PRÓPRIO PARA A INCIDÊNCIA DA TEORIA MENOR DA DESCONSIDERAÇÃO. ART. 28, § 5º, CDC. PRECEDENTES.

1. A desconsideração da personalidade jurídica é instrumento afeito a situações limítrofes, nas quais a má-fé, o abuso da personalidade jurídica ou confusão patrimonial estão revelados, circunstâncias que reclamam, a toda evidência, providência expedita por parte do Judiciário. Com efeito, exigir o amplo e prévio contraditório em ação de conhecimento própria para tal mister, no mais das vezes, redundaria em esvaziamento do instituto nobre.

2. A superação da pessoa jurídica afirma-se como um incidente processual e não como um processo incidente, razão pela qual pode ser deferida nos próprios autos, dispensando-se também a citação dos sócios, em desfavor de quem foi superada a pessoa jurídica, bastando a defesa apresentada a *posteriori* , mediante embargos, impugnação ao cumprimento de sentença ou exceção de pré-executividade.

3. Assim, não prospera a tese segundo a qual não seria cabível, em sede de impugnação ao cumprimento de sentença, a discussão acerca da validade da desconsideração da personalidade jurídica. Em realidade, se no caso concreto e no campo do direito material fosse descabida a aplicação da *Disregard Doctrine* , estar-se-ia diante de ilegitimidade passiva para responder pelo débito, insurgência apreciável na via da impugnação, consoante art. 475-L, inciso IV. Ainda que assim não fosse, poder-se-ia cogitar de oposição de exceção de pré-executividade, a qual, segundo entendimento de doutrina autorizada, não só foi mantida, como ganhou mais relevo a partir da Lei n. 11.232/2005.

4. Portanto, não se havendo falar em prejuízo à ampla defesa e ao contraditório, em razão da ausência de citação ou de intimação para o pagamento da dívida (art. 475-J do CPC), e sob pena de tornar-se infrutuosa a desconsideração da personalidade jurídica, afigura-se

*Superior Tribunal de Justiça*

bastante - quando, no âmbito do direito material, forem detectados os pressupostos autorizadores da medida - a intimação superveniente da penhora dos bens dos ex-sócios, providência que, em concreto, foi realizada.

5. No caso, percebe-se que a fundamentação para a desconsideração da pessoa jurídica está ancorada em "abuso da personalidade" e na "ausência de bens passíveis de penhora", remetendo o voto condutor às provas e aos documentos carreados aos autos. Nessa circunstância, o entendimento a que chegou o Tribunal *a quo*, além de ostentar fundamentação consentânea com a jurisprudência da Casa, não pode ser revisto por força da Súmula 7/STJ.

6. Não fosse por isso, cuidando-se de vínculo de índole consumerista, admite-se, a título de exceção, a utilização da chamada "teoria menor" da desconsideração da personalidade jurídica, a qual se contenta com o estado de insolvência do fornecedor somado à má administração da empresa, ou, ainda, com o fato de a personalidade jurídica representar um "obstáculo ao ressarcimento de prejuízos causados aos consumidores", mercê da parte final do *caput* do art. 28, e seu § 5º, do Código de Defesa do Consumidor.

7. A investigação acerca da natureza da verba bloqueada nas contas do recorrente encontra óbice na Súmula 7/STJ.

8. Recurso especial não provido.

## ACÓRDÃO

Vistos, relatados e discutidos estes autos, os Ministros da QUARTA TURMA do Superior Tribunal de Justiça acordam, na conformidade dos votos e das notas taquigráficas a seguir,  Em renovação de julgamento, após o voto do Ministro Antonio Carlos Ferreira negando provimento ao recurso especial, acompanhando o relator, e o voto do Ministro Marco Buzzi, dando provimento ao recurso, no sentido da divergência, a Quarta Turma, por maioria, negar provimento ao recurso especial. Vencidos os Ministros Raul Araújo e Marco Buzzi.O Sr. Ministro Antonio Carlos Ferreira votou com o Sr. Ministro Relator.

Não participou do julgamento a Sra. Ministra Maria Isabel Gallotti.

Brasília (DF), 02 de agosto de 2012(Data do Julgamento)

MINISTRO LUIS FELIPE SALOMÃO

Relator

"5"

# *SUPERIOR TRIBUNAL OF JUSTICE*

**SPECIAL APPEAL N. 737.000 – MG  (2000/0049017-5)**

**Rapporteur: High Court Judge Paulo de Tarso Sanseverino**
Appellant:  ANGELA DE LIMA E OUTRO
Attorney: FLÁVIO COUTO BERNARDES
          FLÁVIO DE MENDONÇA CAMPOS E OUTRO
Appealed: MARCELO DA SILVA CATALDO E OUTRO
Attorney:  BELMAR AZZE RAMOS – PUBLIC DEFENSOR
INTERES.: SAVOI SENA ARQUITETURA E CONSTRUÇÕES LTDA. And others

## RULLING

**SPECIAL APPEAL. LAWSUIT TO TERMINATE CONTRACT OF AGREEMENT TO SELL AND BUY REAL ESTATE FILLED AGAINST CONSTRUCTION COMPANY AND ITS SHAREHOLDERS. DISREGARD OF THE CORPORATE VEIL. ART. 28, MAIN PART AND PARAGRAPH 5 OF CDC. PREJUDICE TO CONSUMERS. INACTIVITY OF THE CORPORATE ENTITY BECAUSE OF BAD ADMINISTRATION.**

1. Lawsuit to terminate agreement to buy and sell real estate filed against the construction company and its shareholders.
2. Recognition by the lower courts that, in detriment to the consumer plaintiffs, there was inactivity of the corporate entity, as a result of bad management, circumstance which allows, by itself, the disregard, as identified in art. 28, main part, of CDC.
3. In the context of consumer relations, and in attention to article 28 – paragraph 5 of the CDC, the non business creditors of the corporate entity can have access to the assets of the shareholders, through the disregard doctrine, been sufficient the characterization of the difficulty to repay the losses suffered by the insolvent business corporation.
4. Precedents specified by this court about the issue (Resp. n. 279.273/SP, Rep. High Court Judge Ari Pargendler, Rep. for Judg. High Court Judge Nancy Andrighi, Third Group, DJ of 29.03.2004).
5. Special Appeal Admitted and Granted.

### Appeal Ruling

Analyzed, Debated and Report the present case in which are parties the above listed, the Superior Court Justices of the Third Group of the Superior Tribunal of Justice, unanimously, admitted the Special Appeal and granted it, in accordance with the vote of The Rapporteur High Court Judge. Voted with the Rapporteur the High

Court Judges Ricardo Villas Boas Cuevas, Nancy Andrighi, Massami Uyeda and Sidnei Beneti .

Brasília (DF), 01st  of September 2011. (Date of the Ruling)

**High Court Judge Paulo de Tarso Sanseverino**
**Rapporteur**

*Superior Tribunal de Justiça*

## RECURSO ESPECIAL Nº 737.000 - MG (2005/0049017-5)

RELATOR : **MINISTRO PAULO DE TARSO SANSEVERINO**
RECORRENTE : ÂNGELA DE LIMA E OUTRO
ADVOGADOS : FLÁVIO COUTO BERNARDES
FLÁVIO DE MENDONÇA CAMPOS E OUTRO
LUIZ GUILHERME DE MELO BORGES
RECORRIDO : MARCELO DA SILVA CATALDO E OUTRO
ADVOGADO : BELMAR AZZE RAMOS - DEFENSOR PÚBLICO
INTERES. : SAVOI SENA ARQUITETURA E CONSTRUÇÕES
LTDA E OUTRO

### EMENTA

*RECURSO ESPECIAL. AÇÃO DE RESOLUÇÃO DE CONTRATO DE PROMESSA DE COMPRA E VENDA DE IMÓVEL PROPOSTA CONTRA A CONSTRUTORA E SEUS SÓCIOS. DESCONSIDERAÇÃO DA PERSONALIDADE JURÍDICA. ART. 28, CAPUT E § 5º, DO CDC. PREJUÍZO A CONSUMIDORES. INATIVIDADE DA EMPRESA POR MÁ ADMINISTRAÇÃO.*
*1. Ação de resolução de contrato de promessa de compra e venda de imóvel movida contra a construtora e seus sócios.*
*2. Reconhecimento pelas instâncias ordinárias de que, em detrimento das consumidoras demandantes, houve inatividade da pessoa jurídica, decorrente da má administração, circunstância apta, de per si, a ensejar a desconsideração, com fundamento no art. 28, caput, do CDC.*
*3. No contexto das relações de consumo, em atenção ao art. 28, § 5º, do CDC, os credores não negociais da pessoa jurídica podem ter acesso ao patrimônio dos sócios, mediante a aplicação da disregard doctrine, bastando a caracterização da dificuldade de reparação dos prejuízos sofridos em face da insolvência da sociedade empresária.*
*4. Precedente específico desta Corte acerca do tema (REsp. nº 279.273/SP, Rel. Min. ARI PARGENDLER, Rel. p/ Acórdão Min. NANCY ANDRIGHI, Terceira Turma, DJ de 29.03.2004).*
*5. RECURSO ESPECIAL CONHECIDO E PROVIDO.*

### ACÓRDÃO

Vistos, relatados e discutidos os autos em que são partes as acima indicadas, acordam os Ministros da Terceira Turma do Superior Tribunal de Justiça, por unanimidade, conhecer do recurso especial e dar -lhe provimento, nos termos do voto do(a) Sr(a). Ministro(a) Relator(a). Os Srs. Ministros

*Superior Tribunal de Justiça*

Ricardo Villas Bôas Cueva, Nancy Andrighi, Massami Uyeda e Sidnei Beneti votaram com o Sr. Ministro Relator.

Brasília (DF), 1º de setembro de 2011(Data do Julgamento)

MINISTRO PAULO DE TARSO SANSEVERINO
Relator

