UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                  Case No. 14-22974-BKC-LMI

MASSA FALIDA DO BANCO                                                    Chapter 15
CRUZIERO DO SUL, S.A.,

        Debtor in Foreign Proceeding.
_____/

LASPRO CONSULTORES LTDA.,                                                Adv. Case No. 16-01315-LMI
A Brazilian Sociedade Limitada,

        Plaintiff,

v.

ALINIA CORPORATION, a British Virgin Islands
Company Limited by Shares and 110 CPS, Inc., A British
Virgin Islands company Limited by Shares

        Defendants.
_____/

**DEFENDANTS' MEMORANDUM ON CHOICE OF LAW FOR PLAINTIFF'S
AIDING AND ABETTING CLAIMS AND IN SUPPORT
OF MOTION TO DISMISS SAME**

        Defendants, Alinia Corporation ("Alina") and 110 CPS, Inc. ("CPS") (collectively, the

"Defendants"), by and through their undersigned counsel, and pursuant to that Order issued by

the Court on February 14, 2017 (ECF No. 43), hereby submit their Memorandum on Choice of

Law for the Plaintiff's Aiding and Abetting Claims and in Support of their Motion to Dismiss

such claims as asserted in Plaintiff's Amended Complaint (the "Complaint"), and as grounds

therefor state:

## I.    <u>INTRODUCTION</u>

        Alinia and CPS are British Virgin Islands corporations, which own property in New

York.  The Complaint alleges Felippe Indio da Costa ("Felippe") and Octavio Indio da Costa

("Octavio") embezzled funds from the Debtor, which Plaintiff asserts were used to purchase the apartments and art in New York that are the subjects of the claims alleged in the Complaint (collectively the "New York Property").[1]   The aiding and abetting claims allege that the Defendants assisted their principals in committing fraud, conversion and breach of fiduciary duty by using the allegedly embezzled funds to purchase the New York Property and concealing the ownership of the New York Property from the Debtor and later the Trustee.

This activity necessarily had to have taken place in New York where the New York Property sought by the Trustee is located.  Under the applicable choice of law rules, this Court should apply the law of the jurisdiction with the most significant relation to the matters that are the subject of the litigation.  The only jurisdictions which qualify are New York and Brazil. While New York recognizes causes of action for aiding and abetting conversion, fraud and breach of fiduciary duty, its courts have also held that it is not possible for a corporation to aid and abet its principals in committing torts.  Brazil, the jurisdiction where the foreign proceeding is pending and from where the funds were allegedly embezzled, has a significant interest in the action.  However, the concept of the common law, judicially created tort of aiding and abetting does not exist in Brazilian jurisprudence.   Therefore, regardless of whether New York or Brazilian law applies, the result is the same.  The aiding and abetting claims do not state a cause of action and must be dismissed with prejudice.

## II.      DISCUSSION

### A.   The Amended Complaint

The Plaintiff, Laspro Consultores, Ltda. ("Laspro" the "Plaintiff" or the "Trustee") is a Brazilian bankruptcy court appointed trustee for Banco Cruziero Do Sul, S.A. (the "Debtor" or

---

[1] Alinia had not been formed at the time funds were allegedly embezzled and used to purchase the Penthouse apartment.

the "Bank").    The Trustee has filed this adversary action pursuant to Chapter 15 of the Bankruptcy Code 11 USC § 1501 et seq and asserted the following allegations relevant for purposes of determining whether the Plaintiff's aiding and abetting claims should be dismissed. Defendants are British Virgin Islands corporations.  Complaint ¶¶ 5, 6.  The Indio da Costa family acquired the Bank in 1993.  Complaint ¶ 7.  The primary members of the family who were involved in the management of the Bank were Luis Felippe Indio da Costa ("Felippe") and his son, Luis Octavio da Costa ("Octavio").  Complaint ¶ 8.  The Complaint alleges Felippe and Octavio created false salary loans, and through this and other schemes were able to divert large sums of money from the Bank for their own use and benefit.  Complaint ¶¶ 10-18.

In July 2008, Felippe purchased an apartment located at 60 East 55th Street in New York City (the "Penthouse").  Complaint ¶ 19.  "[S]ubsequently, Felippe created a trust called Correas Trust" and then in 2011 transferred the Penthouse to Alinia.  Complaint ¶¶ 20-21.  Felippe is the only director of Alinia and is its only ultimate owner through the Correas Trust.  Complaint ¶¶ 20, 23.

CPS is owned by Star Investimentos e Participacoes, Ltda, a Brazilian entity which itself is wholly owned by Octavio and Felippe.  Complaint ¶¶ 28-31.  In June 2010, CPS "by and through Octavio and/or Felippe, allegedly using funds diverted from BCSUL, purchased 170 shares of 110 Central Park South Corporation" ("Apartment 6B").  Complaint ¶31.  Since Apartment 6B and the Penthouse are located in New York it is logical to assume that the transactions took place there

The Complaint also alleges that various artworks were purchased with funds allegedly diverted from BCSUL and placed in the Penthouse and Apartment 6B (the "Artwork"). Complaint ¶¶ 37-38.

BCSUL was placed in Special Temporary Administration liquidation in June 2012. Complaint ¶ 7.  In September 2012, BCSUL was placed in extra-judicial liquidation.  Complaint ¶ 41.  In August 2015, BCSUL was placed in full judicial bankruptcy.  Complaint ¶ 44.  Between then and June 2016, two trustees were appointed and later removed (for reasons not alleged in the Complaint) by the Brazilian Court. The current Trustee was appointed in January 2016. Complaint ¶¶ 47-48.

Plaintiff asserts claims against the corporate defendants for aiding and abetting their principals, Felippe and Octavio as follows: (i) Counts VI, VII, VIII, allege claims for aiding and abetting breach of fiduciary duty, conversion and fraud respectively against Alinia with regard to the Penthouse;  (ii) Counts XVIII, XIX and XX alleged the same claims against CPS with regard to Apartment 6B; and (iii) Counts XXX, XXXI and XXXII allege the same claims against both Alinia and CPS with regard to the Artwork (collectively, the "Aiding and Abetting Claims").

The aiding and abetting counts against Alinia with regard to the Penthouse allege that Alinia "**knowingly** induced and/or participated in Felippe's and/or Octavio's" breach of fiduciary duties/conversion and fraud.  Complaint ¶¶97, 105, 117.  These counts also allege: "**Alinia provided substantial assistance to the perpetration of the** [breach of fiduciary duty/conversion] **through its receipt, retention and concealment of Penthouse 2."**  Complaint ¶¶ 98, 106.  Emphasis added.

Count X alleging aiding and abetting fraud is much the same stating: **Alinia provided substantial assistance in the advancement of the fraud through its intentional receipt, retention and concealment of the proceeds of the fraud in the form of Penthouse 2 and the Artwork."** Complaint ¶118 (Emphasis added).

The Counts against CPS with regard to Apartment 6B are practically identical, alleging "CPS provided substantial assistance to Octavio's and Felippe's (breach of fiduciary duty, conversion and fraud) through its receipt, retention and concealment of the Apt. 6B Funds but also through its use of the Apt. 6B Funds to acquire the Apt. 6B Shares the Apt. 6B Lease. Complaint ¶¶ 200, 208 and 220.  The allegations supporting the claims against both Defendants concerning the Artwork are very similar to those alleging the claims with regard to the Penthouse and Apartment 6B.  Complaint ¶¶ 300, 308 and 320.

### B.  <u>Choice of Law Analysis</u>

It is well settled that a federal court sitting in diversity is required to apply the substantive law of the forum state.  *Erie Railroad v. Tomkins,* 304 U.S. 64, 58 S.Ct 817, 82 L.Ed. 1188 (1938).  In *Lamm v. State Street Bank,* 889 F. Supp. 2d 1321, 1326 (S.D. Fla. 2012), the court held that this principle applied to issues involving choice of law, requiring the court to use the choice of law rules of the forum.  However, this rule does not always apply to a bankruptcy court faced with a choice of law issue.  In *Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 487, 67 S.Ct 1020, 91 L.Ed 162 (1946), the Supreme Court held that a bankruptcy court "must administer and enforce the Bankruptcy Act as interpreted by this Court in accordance with authority granted by Congress to determine how and what claims should be allowed under equitable principles." 329 U.S at 163-3.  In other words, a bankruptcy court must apply federal law when adjudicating federal subject matter.

This statement is clear enough when applied to matters within the core jurisdiction of a bankruptcy court such as determining the allowability of a claim.  In such cases, since it is dealing with federal subject matter, a bankruptcy court must apply federal choice of law rules to

determine the applicable law.  *In re Sterba,* 516 B.R. 579 (9th Cir. BAP 2014); *In re Hionas,* 361 B.R. 269 (Bkr. S.D. Fla 2006)

When the issue before a bankruptcy court is not a matter of federal question jurisdiction pursuant to 28 USC §157(b)(2), the choice of law rules of the forum state should be applied.  *In re Merrit Dredging,* 839 F.2d 203, 206 (4th Cir. 1988)*; In re Gaston & Snow,* 243 F.3d 599, 606 (2d Cir. 2001).  Here, the Trustee's common law claims for aiding and abetting are not federal subject matter but are state common law claims.  Since this Court is located in Florida, this State's choice of law rules should be applied.

For many years Florida has followed the 'Significant Relations Test' of Section 145 of the Restatement Second of Conflict of Laws in determining the law that should be applied to tort claims.  *Bishop v. Florida Specialty Paint, Co.,* 389 So.2d 999, 1001 (Fla. 1980).

Section 145, Restatement (second) Conflict of Laws, the General Principle states:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Section 6 of the Restatement states:
(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

### C.   <u>Application of Florida's Choice of Law Rules</u>

*(i)*    *<u>Section 145 of the Restatement:</u>*   As stated in Section 145, he issue must be examined to actually determine the jurisdiction with the "most significant relation to the occurrence and the parties under the principles stated in §6."  The first question under §145(2)(a) is the place where the injury occurred.  Clearly, although the conduct is alleged to have occurred in New York, the damage allegedly caused by the Defendants' conduct would be felt in Brazil where the Debtor, its creditors and the Trustee are domiciled, not New York.

Next, under §145(2)(b) the Court must consider "the place where the conduct causing the injury occurred."  The answer to this is -- New York the location where the Defendants allegedly aided and abetted their principals in their conversion, breach of fiduciary duty and fraud by purchasing the New York Property to conceal the funds Felippe and Octavio had allegedly embezzled.

The next factor, §145(2)(c), is the Defendants' "domicile, residence, nationality, place of incorporation and place of business of the parties."  The Complaint alleges that the Defendants are incorporated in the British Virgin Islands, while the Trustee and the Debtor are located in Brazil.  In some situations, Florida choice of law rules views the domicile of corporate parties as a potentially dispositive factor in determining the choice of law that is to be applied.  *Mukamal v. Bakes,* 378 Fed. Appx. 890 (11th Cir. 2010) (claim that the defendant directors of a Delaware company breached their fiduciary duties to the corporation and aided and abetted each other in

doing would be decided under Delaware law).  The *Mukamal* Court found that fiduciary duties owed by officers and directors to their corporation "concern the internal affairs of a corporation" *Id* at 896.  In addition the Court held that as a matter of Florida statutory law, the internal affairs of a corporation are governed by the law of its state of incorporation.  *Id* at 897, *citing to* §607.1505(3), Fla.Stat.  *See also*, Restatement (second) Conflict of Laws §§302, 306 and 309. Here, the Aiding and Abetting Claims do not involve the internal affairs of the Defendant corporations, and therefore, the laws of their place of incorporation -- the British Virgin Islands – should not be applied.[2]  On the other hand, because the Debtor is a Brazilian bank and the Trustee was appointed by a Brazilian court, this factor tends to favor the law of Brazil.

The final factor, §145(2)(d), is "the place where the relationship, if any between the parties is centered."  This factor is not particularly relevant since there is no relationship between the Plaintiff Trustee and the corporate Defendants.  However, the Trustee also alleges in the Complaint that New York law, NY DCL §§273, 274, 275 and 276 should be applied to avoid the Defendants' title to the New York Properties transferred to the Trustee.  Presumably the Trustee also relies on New York law for its counts alleging constructive trust or equitable lien.  Counts I, XIII and XXV.  The New York Properties are in New York, so if relevant at all, this factor together with the Trustee's preference for New York law, tends to favor New York.  Therefore, on balance, the factors of §145 are divided between Brazil and New York, with perhaps a slight advantage to Brazil.

---

[2] Research into the law of the British Virgin Islands has not found any case law relating to the tort of aiding and abetting.  However, the law of England, which is very influential on British Virgin Islands law, does not recognize the tort of aiding and abetting.  In *Credit Lyonnais Bank Nederland, NV v Exports Credits Guarantee Dept.* (1999) C.L.C. 823, 856, the U.K. Supreme Court made an extensive review of many cases and other authorities and concluded: "(T)he overall effect of these cases is clear… **Acts which knowingly facilitate the commission of a crime amount to the crime of aiding and abetting but they do not amount to a tort or make the aider liable as a joint tortfeasor.** (emphasis added).

*(ii)*    ***Section 6 of the Restatement:***  The factors of §6 have to be considered.  The first factor is whether there is a statute in the forum state which controls the choice of law.  Florida does not have a statute directing the choice of law for aiding and abetting claims.

The next factor, §6(2)(a), "the needs of the interstate and international systems" would not seem to be applicable.

Section 6(2)(b) requires consideration of "The relevant policies of the forum."  Florida recognizes aiding and abetting as a valid cause of action.  *MP, LLC v. Sterling Holding, LLC,* (Fla. 3d DCA 2016).  Therefore, the policies of Florida will not be offended if the law of a forum which also recognizes the theory is chosen.

Under §6(2)(c) the Court should consider "the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue."  Brazil does not recognize aiding and abetting as a cause of action.  *See* affidavit of Diogo Assumpcao Rezende De Almeida attached hereto as **Exhibit 1**.  However, New York does recognize such a cause of action.  *Monaghan v. Ford Motor Company,* 71 A.D.3d 848, 897 N.Y. 482 (N.Y. App 2010).  Therefore, it would not offend the policy of New York to apply its law to these claims.

The next factors, §6(2)(d)(e)(f) and (g) "the protection of justified expectations; the basic policies underlying the particular field of law; certainty and predictability of result; and ease in the determination and application of the law to be applied," can all be considered together and would also favor New York.  First, the conduct alleged took place in New York which recognizes the theory asserted.  New York also has a body of case law on aiding and abetting claims, so there will be certainty and predictability if the law of that jurisdiction is applied.  *See, eg*., *Monaghan*.  Because Brazil does not recognize the cause of action of aiding and abetting a breach of fiduciary duty it has no law to apply, thereby creating the potential for uncertainty,

unpredictability, or lack of uniformity.  In addition, given the clear New York case law on the subject (discussed below) there will be no difficulty in applying the law of New York to the claims.

In sum, while both Brazil and New York have a significant relationship to the occurrence and the parties, the balancing of the factors comes down on the side of applying New York law. New York is the place where the New York Properties were purchased, allegedly with the intent of aiding and abetting Felippe and Octavio in their tortious conduct by hiding the proceeds of their alleged embezzlement of funds from the Debtor.  The property at issue is certainly located in New York and the Trustee has asserted New York avoidance claims against it.

While Brazil undoubtedly has a very significant interest in seeking damages against the Defendants for the alleged Aiding and Abetting Claims, it does not recognize the cause of action. Thus, if Brazil is deemed to be the jurisdiction with the most significant interest, then the Aiding and Abetting Claims should be dismissed with prejudice since the theory is not recognized there. *See* Almeida Affidavit; *Mukamal, supra.*

### D.    The Aiding and Abetting Counts Do Not State a Claim Under New York Law

An analysis under New York law also requires the dismissal of the Aiding and Abetting Claims.  Although New York jurisprudence recognizes aiding and abetting as a viable theory of recovery, *Monaghan, supra.*, it does not sustain the Trustee's claims.  The Complaint alleges that Felippe is the sole director of Alinia and its sole ultimate owner.  Complaint ¶¶23-24.  Likewise, with regard to CPS, the Complaint alleges that Felippe and Octavio are the sole ultimate owners of that corporation.  Complaint ¶¶28-10.  The Complaint alleges that the Defendant corporations aided and abetted their sole ultimate owners, Felippe and Octavio, in converting the Debtor's property, breaching their fiduciary duty to the Debtor and committing fraud against the Debtor.

Under New York law it is well-established that a corporation cannot act on its own but must act through its agents. *Oliner v. Mid-Town Promoters, Inc.* 138 N.E.2d 217 (N.Y. 1956). In *Gordon v. Elliman,* 280 A.D. 655, 658 (N.Y. App 1956) the Court stated: "There is no divergence of interest between a corporation and the entire body of its stockholders in any matter. Their interests are identical. Indeed a corporation in essence is nothing more than the corporation body of its stockholders". In *U.S. ex rel Emanuel v. Jaeger*, 117 F.2d 483 (2d Cir. 1941) the Second Circuit held that corporations are merely conduits through which individuals carry on their business.

Under the same principles a corporation cannot conspire with its owners, *Copperweld Corp. v. Independence Tube Corp.* 467 U.S. 752 (1984). This would be the equivalent of someone conspiring with himself. Consequently, a corporation cannot aid and abet its principals in committing tortious conduct, *Genger v. Genger,* 135 A.D 3d 454, 455 (N.Y. App. 2016). Aiding and abetting is an intentional tort. *Monaghan, supra.* It is just not credible to suggest that a corporation can, separately from its owner, form the intent to aid and abet the owner in tortious conduct. Instead, as has been well established for many years under New York jurisprudence, a corporation acts only because its owner causes it to act. *Oliner, supra., Gordon, supra.* Therefore, under New York law it is not legally possible for a corporation to independently intentionally aid and abet its owners in committing tortious activity. The Trustee's Aiding and Abetting Claims fail as a matter of law and should be dismissed with prejudice.

## CONCLUSION

The applicable choice of law rules point to either New York or Brazil. Brazil does not recognize claims for aiding and abetting, and although New York does, given the facts alleged

Case No. 14-29974-BKC-LMI
Adv No. 16-01315-LMI

here, the Trustee's claims cannot be sustained as a matter of law. Accordingly, the Aiding and

Abetting Claims should be dismissed with prejudice.

Respectfully submitted,

BAST AMRON LLP
*Counsel for the Defendants*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
Email: bamron@bastamron.com
Email: jhart@bastamron.com

By: */s/ Jeremy J. Hart*
Brett M. Amron, Esq. (FBN 0148342)
Jeremy J. Hart, Esq. (FBN 510645)
Jeremy S. Korch, Esq. (FBN 0014471)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

electronically via CM/ECF, Email, and/or via U.S. Mail, as indicated on the attached service list

on this 1st day of March, 2017.

By: */s/ Jeremy J. Hart*
Jeremy J. Hart

## SERVICE LIST

**VIA CM/ECF:**

- **Daniel M Coyle**   dcoyle@astidavis.com, ngonzalez@astidavis.com
- **Jeremy J Hart**   jhart@bastamron.com,
  mdesvergunat@bastamron.com;dtimpone@bastamron.com;jmiranda@bastamron.com
- **Arnoldo B Lacayo**   alacayo@astidavis.com, ngonzalez@astidavis.com

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No. 14-22974-BKC-LMI

MASSA FALIDA DO BANCO                               Chapter 15
CRUZIERO DO SUL, S.A.,

      Debtor in Foreign Proceeding.
_____/

LASPRO CONSULTORES LTDA.,                           Adv. Case No. 16-01315-LMI
A Brazilian Sociedade Limitada,

      Plaintiff,

v.

ALINIA CORPORATION, a British Virgin
Islands Company Limited by Shares and 110
CPS, Inc., A British Virgin Islands company
Limited by Shares

      Defendants.
_____/

## **DECLARATION OF**

### **I DIOGO ASSUMPÇÃO REZENDE DE ALMEIDA declare:**

1. I am an attorney at law licensed to practice in Brazil.

2. I am a partner at GALDINO, COELHO, MENDES ADVOGADOS.  I specialize in civil litigation, civil procedure and insolvency law.  I have 14 years of experience in these areas of the law of Brazil.  A copy of my curriculum vitae is attached hereto as Exhibit A.

3. I have reviewed the Amended Complaint filed in that matter styled: "Laspro Consultores Ltda. v. Alinia Corporation etc. et al., Adv. Case No. 16-1315 (which was filed in connection with those proceedings styled Massa Falida Do Banco Cruzeiro Do Sul, S.A. in the United States Bankruptcy Court for the Southern District of Florida (the "Amended Complaint").

5. Among the claims alleged in the Amended Complaint, are claims alleging that the Defendants, Alinia Corporation and 110 CPS, Inc. aided and abetted Felippe and Octavio Indio da Costa in committing fraud, conversion and breach of their fiduciary duty to Banco Cruzeiro Do Sul, S.A.

6. I have been requested to provide an opinion as to whether Brazilian jurisprudence includes claims for aiding and abetting similar to the claims alleged in the Amended Complaint.

7. In order to reach this opinion I have reviewed various cases decided under the law of various states of the United States of America in order to familiarize myself with the theory of aiding and abetting as that theory is expressed by the jurisprudence of various states of the United States of America.

8. I have researched Brazilian law and have been unable to find any theory which is the same as or an equivalent to the theory of aiding and abetting as alleged in the Amended Complaint.

9. It is my opinion, based on the investigation I have made, as described above, that Brazilian jurisprudence does not include theories which allow claims for aiding and abetting as alleged in the Amended Complaint.

10.     I was provided with a copy of this Declaration that had been translated into the Portuguese language and signed this English version of the affidavit only after review of the version in Portuguese.

11.     I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 24th day of February, 2017

# Exhibit A

_____

***Diogo Assumpção Rezende de Almeida***
_____

**Name:**            Diogo Assumpção Rezende de Almeida
**Nationality:**      Brazilian
**Profession:**      Lawyer
**Date of birth:**   14 August 1979, 37 years old.


**Law Firm:**        **Galdino Coelho Mendes Advogados**
**Address:**         Av. Rio Branco, 138 / 11th floor
                     Centro - Rio de Janeiro
                     Postal Code: 200.31-916
                     Phone: 55 21 3195-0240

**E-mail:**          diogor@openlink.com.br


# EDUCATION

• Bachelor of Laws at Universidade Federal do Rio de Janeiro (UFRJ) Law School, 2003.

• LL.M. in Civil Procedure Law and Litigation at Universidade Estadual do Rio de Janeiro (UERJ), 2006-2008.

• Ph.D. in Civil Procedure Law and Litigation at Universidade Estadual do Rio de Janeiro (UERJ), 2010-2014.

• Visiting Scholar at University of Cambridge, United Kingdom, 2010-2011.


# PROFESSIONAL EXPERIENCE

1. **Fundação Getúlio Vargas - FGV**

   **Institution Affiliation**
   **2014 - present**    Affiliation: employee according to Brazilian labour law, Position: Professor of Civil Procedure Law, Workload: 20, Part time job.

2. **Universidade do Estado do Rio de Janeiro - UERJ**

   **Institution Affiliation**

   **2012 - 2013**    Affiliation: teaching internship, Position: teaching internship, Workload: 10, Part time job.

3. **Universidade Federal de Juiz de Fora - UFJF**

   **Institution Affiliation**

   **2012 - 2012**    Affiliation: Visiting professor, Position: Invited professor, Part time job.

4. **Escola Superior de Advocacia - OAB/RJ - 12ª Subseção - ESA**

   **Institution Affiliation**

2

|  |  |
|---|---|
| **2008 - 2009** | Affiliation: Cooperator, Position: Collaborator Professor, Workload: 2, Part time job. |

**5.    Centro de Estudos, Pesquisa e Atualização em Direito - CEPAD**

### Institution Affiliation

|  |  |
|---|---|
| **2009 - 2010** | Affiliation: Cooperator, Position: Collaborator Professor, Workload: 2, Part time job. |

**6.    Instituto de Estudos de Protesto de Títulos do Brasil - Seção Rio de Janeiro - IEPTB-RIO**

### Institution Affiliation

|  |  |
|---|---|
| **2009 - 2010** | Affiliation: Cooperator, Position: Collaborator Professor, Workload: 2, Part time job. |

## Languages

| | |
|---|---|
| **English** | Advanced in written and spoken |
| **Spanish** | Beginner in written and spoken |
| **French** | Intermediate in written and spoken |
| **Italian** | Intermediate in written and spoken |
| **Portuguese** | Mother Tongue |

## Awards / certificates

| | |
|---|---|
| **2003** | Aguiar Dias Award, OAB/RJ |

## Publications

### Bibliographic productions
### Articles published in journals

1. RODRIGUES, B. J. V.; ROQUE, A. V.; **ALMEIDA, Diogo Assumpção Rezende de**; GUEDES, Cintia Regina; FORTI, I. S. D.; BISNETO, J. Q.; ARAUJO, José Aurélio de; FARIA, M. K.; MENEZES, P. B.; NARDELLI, M. M.; ROMANO NETO, O.
A reforma do direito probatório no processo civil brasileiro - Terceira parte. Anteprojeto do Grupo de Pesquisa 'Observatório das Reformas Processuais'. Revista de Processo. , v.242, p.89 - 164, 2015.

2. QUIRINO BISNETO, J.; ROMANO NETO, O.; FARIA, M. C.; NARDELLI, M. M.; RODRIGUES, B. J. V.; ROQUE, A. V.; **ALMEIDA, Diogo Assumpção Rezende de**; ARAUJO, José Aurélio; MENEZES, P. O. B.; GUEDES, C. R.
A reforma do direito probatório no processo civil brasileiro - Terceira parte. Anteprojeto do Grupo de Pesquisa 'Observatório das Reformas Processuais'. Faculdade de Direito da Universidade do Estado do Rio de Janeiro.. Revista de Processo. , v.242, p.89 - 162, 2015.

3. **ALMEIDA, Diogo Assumpção Rezende de**; GRECO, L.; FARIA, M. C.; GALVÃO FILHO, M. V.; HARTMANN, Guilherme Kronemberg.; Clarissa Diniz Guedes; ARAUJO, José Aurélio de; SILVA, F. R. A.; FORTI, I. S. D.; NARDELLI, M. M.; BISNETO, J. Q.; RODRIGUES, B. J. V.; ROQUE, A. V.; MENEZES, P. B.; ROMANO NETO,

O.; GUEDES, Cintia Regina; FARIA, M. K.
A REFORMA DO DIREITO PROBATÓRIO NO PROCESSO CIVIL  BRASILEIRO- ANTEPROJETO DO GRUPO DE PESQUISA  "OBSERVATÓRIO DAS REFORMAS PROCESSUAIS" DA FACULDADE DE  DIREITO DA UNIVERSIDADE DO ESTADO DO RIO DE JANEIRO. Revista Eletrônica de Direito Processual. , v.XIII, p.301 - 551, 2014.

4. GRECO, Leonardo; ROQUE, A. V.; QUIRINO BISNETO, J.; RODRIGUES, B. J. V.; GUEDES, C. R.; GUEDES, C. D.; **ALMEIDA, Diogo Assumpção Rezende de**; SILVA, F. R. A.; HARTMANN, G. K.; FORTI, I. S. D.; ARAUJO, José Aurélio; FARIA, M. K.; NARDELLI, M. M.; FARIA, M. C.; GALVAO FILHO, M. V.; ROMANO NETO, O.; MENEZES, P. O. B.; GANDELMAN, B.; PEREZ, M. M.; SOUSA, J. A. G.; ROLO, R.
A REFORMA DO DIREITO PROBATÓRIO NO PROCESSO CIVIL BRASILEIRO- ANTEPROJETO DO GRUPO DE PESQUISA  "OBSERVATÓRIO DAS REFORMAS PROCESSUAIS" DA FACULDADE DE  DIREITO DA UNIVERSIDADE DO ESTADO DO RIO DE JANEIRO - VERSÃO PRELIMINAR. Revista Eletrônica de Direito Processual. , v.XIII, p.301 - 551, 2014.

5. **ALMEIDA, Diogo Assumpção Rezende de**
Mandado de Segurança: direito líquido e certo e dilação probatória. Revistas dos Tribunais - RTRJ. , v.1, p.123 - , 2013.

6. **ALMEIDA, Diogo Assumpção Rezende de**
Insuficiência probatória, ônus da prova e poderes instrutórios do juiz. Revista Dialética de Direito Processual. , v.96, p.7 - 21, 2011.

7. **ALMEIDA, Diogo Assumpção Rezende de**
O case management inglês: um sistema maduro?. Revista eletrônica de direito processual. , v.7º, p.288 - 338, 2011.

8. **ALMEIDA, Diogo Assumpção Rezende de**
O princípio da adequação e os métodos de solução de conflitos. Revista de Processo. , v.195, p.185 - 208, 2011.

9. **ALMEIDA, Diogo Assumpção Rezende de**
Admissibilidade da prova pericial e a evolução da jurisprudência norte-americana.. Revista de Processo. , v.155, p.282 - 301, 2008.

10. **ALMEIDA, Diogo Assumpção Rezende de**
Jurisdição e Tutela Específica. Revista Dialética de Direito Processual. , v.48, p.18 - 19, 2007.

11. **ALMEIDA, Diogo Assumpção Rezende de**
A nova sistemática da penhora de bens imóveis. Revista Dialética de Direito Processual. , v.32, p.46 - 54, 2005.

12. **ALMEIDA, Diogo Assumpção Rezende de**
Atos Atentatório à Dignidade da Justiça. Revista Dialética de Direito Processual. , v.24, p.32 - 44, 2005.

**Books published**

1. **ALMEIDA, Diogo Assumpção Rezende de**
A contratualização do processo: as convenções processuais no processo civil. São Paulo : LTR, 2015, v.1. p.183.

2. **ALMEIDA, Diogo Assumpção Rezende de**
A Prova Pericial no Processo Civil: o controle da ciência e a escolha do perito. Rio de Janeiro : Editora Renovar, 2010, v.1. p.248.

**Chapters of books published**

1. BODART, B. R.; **ALMEIDA, Diogo Assumpção Rezende de**
Da prova pericial In: Comentários ao Código de Processo Civil.1 ed.São Paulo : Editora Saraiva, 2016, p. 663-673.

2. **ALMEIDA, Diogo Assumpção Rezende de**
As Convenções processuais na experiência francesa e no novo CPC In: Coleção Grandes Temas do Novo CPC - v.1 - Negócios Processuais.1 ed.Salvador : JusPodivm, 2015, v.1, p. 100-125.

3. **ALMEIDA, Diogo Assumpção Rezende de**; PANTOJA, F. M.
Conceito, Abrangência e Princípios In: O Marco Legal da Mediação no Brasil.1 ed.Rio de Janeiro : Editora Atlas - Grupo GEN, 2015, p. 35-64.

4. **ALMEIDA, Diogo Assumpção Rezende de**
Da prova pericial In: Coleção Novo CPC - Processo de Conhecimento - Provas.1 ed.Salvador : Editora JusPodivm, 2015, v.3, p. 655-676.

5. **ALMEIDA, Diogo Assumpção Rezende de**
A Prova Pericial no novo CPC In: O Projeto do novo Código de Processo Civil: uma análise crítica.1 ed.Brasília : Gazeta Jurídica, 2013, p. 32-.

6. **ALMEIDA, Diogo Assumpção Rezende de**
Da Mediação Prévia In: Teoria Geral da Mediação à Luz do Projeto de Lei e do Direito Comparado.1 ed.Rio de Janeiro : Livraria e Editora Lumen Juris Ltda., 2008, p. 155-184.

**Books organized**

1. **ALMEIDA, Diogo Assumpção Rezende de**; BODART, B. R.; GRECO, L.; HILL, F. P.; PINHO, H. D. B.; JATAHY, C. R. C.; AYOUB, L. R.; FARIA, M. K.; RODRIGUES, M. A.; FARIA, M. C.; GALVÃO FILHO, M. V.; TALAMINI, E.; MELLO, R. L. T.; MENEZES, G. Q. T.; GODINHO, R. R.; MEDEIROS NETO, E. M.; NETTO, F. G. M.; CABRAL, T. N. X.; DIDIER JR., F.; SOKAL, G. J.; MAZZOLA, M.; TEMER, S.; MENDES, A. G. C.; SILVA, L. C. P.
Reflexões sobre o novo CPC. Rio de Janeiro : FGV Editora, 2016 p.488.

2. **ALMEIDA, Diogo Assumpção Rezende de**; PANTOJA, F. M.; PELAJO, S.; PINHO, H. D. B.; SQUADRI, A. C.; HOLLERBACH, A. T.; MAIA, A.; REGO, B. M.; VERAS, C. V.; BACAL, E. B.; CARNEIRO, C. D.; HALLAK, E.; LIMA, E. S. E.; GALVAO, F. K.; GALVÃO FILHO, M. V.; NETTO, F. G. M.; HILL, F. P.; MARQUES, G. P. Y.; SOARES, I. C. O.; SOAUZA, L. M.; FIGUEIREDO, M. R. S.; SOUZA, M. F.; PIMENTEL, W.; PAUMGARTTEN, M. P.; MENEZES, P. B.
A Mediação no novo Código de Processo Civil. Rio de Janeiro : Editora Forense - Grupo GEN, 2015, v.1. p.306.

3. **ALMEIDA, Diogo Assumpção Rezende de**; PANTOJA, F. M.; VERCOSA, F.; MUNIZ, J. P.; BENETI, A. C.; SQUADRI, A. C.; WEBER, A. C.; MARTINS, A. C.; MONTEIRO, A. L.; DOMINGUES, D. S.; MEIRELLES, D. R. S.; BARALDI, E.; CUNHA, E.; LOPES, F. V.; NETTO, F. G. M.; GRECHI, F. P.; ANDRADE, G. F.; CONRADO, I. S.; PETTERLE, I. B.; MARTINELLI, I.; FICHTNER, J. A.; GARCEZ, J. M. R.; FURTADO, L.; PERETTI, L.; PAUMGARTTEN, M. P.; GALVÃO FILHO, M. V.; ARAUJO, N.; LAMAS, N. M.; BARROS, O. F. M.; FURST, O.; STROZEMBERG, P.; MOREIRA, R. S.; PELAJO, S.; MANNHEIMER, S. N.; SILVA JUNIOR, S. R.; SANTOS, T. A.
Arbitragem e Mediação: temas controvertidos. Rio de Janeiro : Editora Forense, 2014, v.1. p.455.

**Other publications**

1. **ALMEIDA, Diogo Assumpção Rezende de**
**O Protesto Extrajudicial de Títulos e a Prescrição**. Artigo publicado em Boletim Informativo Institucional. Rio de Janeiro:Instituto de Estudos de Protestos de Títulos do Brasil - Seção Rio de Janeiro, 2009. (Outra produção bibliográfica)

## Guidance and supervision

**Guidance and supervision**

**Monograph in a specialization course**

1. Cassio Luis Furim. **A Gestão da Unidade Judiciária pelo Magistrado**. 2016. Monograph (Programa de Capacitação em Poder Judiciário) - Fundação Getúlio Vargas

2. Marcos Terencio Agostinho Pires. **Considerações sobre o princípio da oralidade**. 2016. Monograph

(Programa de Capacitação em Poder Judiciário) - Fundação Getúlio Vargas

3. Alessio Eulálio Dantas. **Uma análise da (necessária) valorização dos precedentes judiciais**. 2016. Monograph (Programa de Capacitação em Poder Judiciário) - Fundação Getúlio Vargas

## Events

### Events
**Participation in events**

1. Lecturer in **I Congresso de Direito Processual da Faculdade de Direito - UFJF**, 2016.  (Congress)
As Convenções Processuais no novo CPC.

2. Opening lecture in **"Reflexões sobre o novo CPC" event**, 2016.
Reflexões sobre o novo CPC.

3. **As Inovações do novo CPC e os meios alternativos de resolução de conflitos**, 2015.  (Seminar)
A Mediação no novo CPC.

4. Lecturer in **Congresso de Processo Civil de acordo com o novo CPC**, 2015.  (Congress)
As Convenções Processuais no novo CPC.

5. Oral presentation in **Fórum de Estudos do Novo CPC - PGE Rio de Janeiro**, 2015.  (Seminar)
As convenções processuais e o novo CPC.

6. Moderator in **I Semana Universitária de Mediação de Conflitos**, 2015.  (Congress)
Mediação no novo CPC.

7. Lecturer in **Novas Tendências do Direito Processual Civil**, 2015.  (Exhibition)
Os custos do processo e honorários advocatícios no novo CPC.

8. Lecturer in **Principais alterações do NCPC - Centro de Estudos Jurídicos Light**, 2015.  (Seminar)
Principais alterações do NCPC.

9. **25 anos da Constituição de 1988**, 2013.  (Congress)
Constituição de 1988: acesso à justiça e mediação de conflitos.

10. Lecturer in **Semana Jurídica Mediação Conciliação e Arbitragem**, 2008.  (Congress)
As etapas do procedimento de mediação.

## Boards of examination

### Boards of examination
**Member in an examination board**

**Doctorate**

1. FUX, L.; PINHO, H. D. B.; CABRAL, A. P.; SICA, H.; **ALMEIDA, Diogo Assumpção Rezende de**
Member in Fernanda Medina Pantoja's examination board. **Protocolos Pré-Processuais: Fundamentos para a Construção de uma Fase Prévia ao Processo no Direito Brasileiro**, 2016
(Master's and Doctorate course in UERJ) Universidade do Estado do Rio de Janeiro

**Graduation**

1. **ALMEIDA, Diogo Assumpção Rezende de**; AYOUB, L. R.; NEVES, G. K. M.
Member in Luisa Whitaker de Assumpção Mattos Tavares's examination board.**As inovações trazidas pelo novo Código de Processo Civil quanto as medidas cautelares e de urgência reforçam as garantias**

6

**processuais**, 2015
(Law) Fundação Getúlio Vargas

2. AYOUB, L. R.; JATAHY, C. R. C.; **ALMEIDA, Diogo Assumpção Rezende de**
Member in Patrick Szklarz's examination board. **Nem tão perto, nem tão longe de uma panacéia: o incidente de Resolução de Demandas Repetitivas no Novo Código Processo Civil como instrumento necessário à concretização das Garantias constitucionais**, 2015
(Law) Fundação Getúlio Vargas

3. RODRIGUES, M. A.; TAVARES, L. M. C.; **ALMEIDA, Diogo Assumpção Rezende de**
Member in Eric Paixão do Nascimento Araújo's examination board. **A relativização da coisa julgada: uma abordagem crítica a respeito do tema na doutrina e na jurisprudência**, 2014
(Law) Universidade do Estado do Rio de Janeiro

## Amount of production

**Bibliographic productions**
Articles published in journals...............................................................12
Books published..............................................................................1
Chapters of books published...................................................................6
Books organized or edited.....................................................................3
Another bibliographic production..............................................................1

**Guidance and Supervision**
Supervision in a specialization course monograph.............................................3

**Events**
Participation in events (congress)...........................................................5
Participation in events (seminar)............................................................3
Participation in events  (other).............................................................1
Member in examination boards (doctorate degree)..............................................1
Member in examination boards (graduation course).............................................3

7