UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                              Case No. 14-22974-BKC-LMI

MASSA FALIDA DO BANCO                           Chapter 15
CRUZIERO DO SUL, S.A.,

     Debtor in Foreign Proceeding.
_____/
LASPRO CONSULTORES LTDA.,                     Adv. Case No. 16-01315-LMI
A Brazilian Sociedade Limitada,

     Plaintiff,
v.

ALINIA CORPORATION, a British Virgin
Islands Company Limited by Shares and 110
CPS, Inc., A British Virgin Islands company
Limited by Shares

     Defendants.
_____/

### DEFENDANTS' MOTION FOR WITHDRAWAL OF REFERENCE IN ITS ENTIRETY AND OBJECTION TO ENTRY OF FINAL ORDERS AND JUDGMENTS BY THE BANKRUPTCY COURT

Defendants Alinia Corporation ("Alina") and 110 CPS, Inc. ("CPS") (collectively, the "Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §157; Rule 5011(a) of the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rule 5011-1, seek the entry of an order withdrawing the reference of this adversary proceeding to the bankruptcy court in its entirety and sustaining Defendants' objection to the entry of final orders and judgments by the bankruptcy court and, as grounds therefor, state:

Case No. 14-29974-BKC-LMI
Adv. Pro. No. 16-01315-LMI

## I.     PARTIES, BACKGROUND AND POSTURE

1. Defendants are British Virgin Islands corporations. The Plaintiff, Laspro Consultores, Ltda. (the "Trustee"), is the trustee appointed by a Brazilian bankruptcy court presiding over the bankruptcy of Banco Cruziero Do Sul, S.A. (the "Debtor").

2. On June 4, the Trustee filed a *Verified Petition for Recognition of a Foreign Main Proceeding* [Main Case, ECF 2] (the "Petition"). On July 11, 2014, the bankruptcy court entered an order granting the Petition [Main Case, ECF 16].

3. On July 8, 2016, the Trustee filed an adversary complaint against Defendants, commencing Adversary Proceeding No. 16-01315-LMI (the "Adversary"). The Trustee filed an Amended Complaint in the Adversary on October 12, 2016 [ECF 25] (the "Amended Complaint").

4. The Amended Complaint alleges claims against Defendants seeking to avoid their title to real and personal property located in New York City (the "Property") pursuant to New York law. The Amended Complaint also alleges claims for avoidance and damages under Brazilian law and for aiding and abetting the former principals of the Debtor in committing conversion, fraud and breach of their fiduciary duty to the Debtor. The Trustee admits that his claims are "non-core" claims pursuant to 28 U.S.C. § 157. Amended Complaint, ¶ 3.

5. The Defendants moved to dismiss the Amended Complaint. [ECF 29]. On March 23, 2017, the bankruptcy court issued a *Memorandum Opinion and Order granting in part and denying in part the Defendants' Motion to Dismiss* [ECF 55] (the "Order"). The bankruptcy court dismissed three of the thirty-six counts of the Amended Complaint with prejudice and denied Defendants' motion as to all remaining counts. The Order also suggests, but the

bankruptcy court did not expressly find, that the laws of the British Virgin Islands ("BVI") must be applied to the Trustee's aiding and abetting claims. Order, p. 21.

6. On September 27, 2016, the bankruptcy court issued an *Order Continuing Pretrial Conference and All Pretrial Deadlines Pending Ruling of Defendants' Motion to Dismiss Complaint* [ECF 20]. As of the date of this Motion, the bankruptcy court has not issued an order rescheduling the pretrial conference and resetting pretrial deadlines, including the deadlines by which to object to the bankruptcy court's entry of final orders and judgments and the deadline to file motions to withdraw the reference to the bankruptcy court. Therefore, this motion is timely filed.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

7. Congress has delegated certain subject matter jurisdiction over bankruptcy and related matters to the federal courts. 28 U.S.C. §1334(b) provides that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." In addition, 28 U.S.C. §157(a) states: "Each district court may provide that any or all cases under title 11 shall be referred to the bankruptcy judges for the district." However, Section 157(d) provides: "The district court may withdraw, in whole or part, any case or proceeding referred under this section [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown."

8. On March 27, 2012, consistent with the provisions of 28 U.S.C. §157(a), this Court issued an Order of Reference, which states that the bankruptcy judge shall hear all core matters, unless otherwise ordered by the district court, and submit findings of facts and conclusions of law if the bankruptcy judge or district court judge determines that the bankruptcy court's entry of a final order or judgment by a bankruptcy judge is not consistent with Article III

of the Constitution. In the event that the District Court determines that the bankruptcy court could not enter final orders in a matter, the District Court could treat any order by the bankruptcy judge as proposed findings of fact and conclusions of law. *See* Administrative Order 2012-25.

9.     When making a determination of whether sufficient cause exists under 11 U.S.C. §157 to withdraw the reference to a bankruptcy court, the Court should consider: (1) advancing uniformity in bankruptcy administration, (2) decreasing forum shopping and confusion, (3) promoting the economical use of the parties' resources, (4) facilitating the bankruptcy process, (5) whether the claims are core or non-core, (6) whether there has been a jury demand, and (7) the prevention of delay. *BankUnited Financial Corp., v. F.D.I.C.*, 436 B.R. 216, 220 (S.D. Fla. 2010). Courts also consider the efficient use of judicial resources. *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002). The most important factor is whether or not the claim is a core proceeding or a non-core proceeding. *In re Burger Boys, Inc.*, 94 F. 3d 755, 762 (2d Cir. 1996). And "[w]hile important, none of the aforementioned factors should prevent a district court 'from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisory function over the bankruptcy courts.'" *Lauer*, 288 B.R. at 274 (quoting *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532, 538 (11th Cir.1991)).

10.    Applied to the claims in the Adversary, the relevant factors weigh in favor of withdrawing the reference. As to the most important factor, *see Burger Boys,* 94 F. 3d at 762, all parties agree that that this is a non-core proceeding. In fact, there are <u>no claims asserted under bankruptcy laws</u>. Accordingly, the bankruptcy judge in this case is already required to "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed

findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c). This procedure creates a two-step process for the parties to obtain a final judgment, which itself impinges upon other factors in the analysis—the efficient use of judicial and the parties' resources and the prevention of delay. *See Kohn v. Haymount Ltd. Partnership, LP, et al. (In re Intl. Benefits Group, Inc.)*, No. 06-2363, 2006 WL 2417297 at *3 (D. N.J. Aug. 21, 2006)(inefficient use of judicial resources for the district court to review proposed findings from the bankruptcy court to enter a final judgment when it could do so in the first instance; duplication would cause inevitable delay and cost to the parties). In withdrawing the reference, the *Kohn* court also determined that the disposition of the case (an action by a trustee to enforce a pre-petition contract) would not affect the administration of the bankruptcy and there would be no effect on the uniformity of bankruptcy administration. Similarly here, where the Trustee has brought claims under state and foreign law and bankruptcy law is not implicated in any way, these two factors weigh in favor of withdrawing the reference in its entirety.

11.     Finally, Defendants do not consent to the entry of final judgments or orders by the bankruptcy court and have demanded a jury trial. *Desmond v. Ng*, 552 B.R. 781, 790 (D. Mass. 2015)(adequate cause to withdraw reference where defendant has demanded a jury trial and does not consent to such trial in bankruptcy court); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990)(where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate).

12.     Accordingly, all factors referenced above weigh in favor of withdrawal of the reference. With respect to the remaining factor—decreasing forum shopping and confusion—there is no indication that factor is at play. Plaintiff likely chose the bankruptcy court as the

forum for their claims as a result of that court having granted their Petition and recognized the foreign proceeding. Defendants, on the other hand, do not seek the relief requested herein for the purpose of foreign shopping, but rather to have this case overseen by a court with authority to enter final orders and judgments, to conduct a jury trial, and, given that bankruptcy law is in no way at issue or otherwise implicated by Plaintiff's claims, by a court that is well-practiced in evaluating cases arising under non-bankruptcy law. *See Kohn*, 2006 WL 2417297 at *4 (movant's stated purpose of seeking to have complaint heard by a court that is well-practiced in evaluating causes of action under non-bankruptcy law, barring any evidence to the contrary, was sufficient to demonstrate the motion to withdraw the reference was not motivated by forum shopping).

## **CONCLUSION**

13. The relevant factors weigh in favor of this Court withdrawing the reference in its entirety. There is no dispute that the Trustee's claims are non-core and the bankruptcy court cannot enter final judgments or orders or conduct a jury trial. The Adversary will have no effect on the uniformity of bankruptcy administration or facilitating the bankruptcy process as it contains no bankruptcy-related claims. The process of the bankruptcy court entering proposed findings of fact and conclusions of law only to have this Court review them to enter a final order is duplicative and will delay the efficient resolution of this case. And because this case will be tried before this Court, it will preserve judicial resources for the Court trying the case to hear dispositive motions.

14. In order to streamline the case, conserve both judicial and the parties' resources, and prevent delay, Defendants seeks withdraw of the reference in its entirety so that all

proceedings as well as dispositive motions can be efficiently determined in the same court that will be conducting the jury trial.

**WHEREFORE**, Defendants respectfully requests the entry of an order (i) withdrawing the reference in its entirety, (ii) sustaining their objection to the bankruptcy court's entry of final orders and judgments and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAST AMRON LLP
*Counsel for the Defendants*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
Email: bamron@bastamron.com
Email: jhart@bastamron.com
Email: zlaux@bastamron.com


By: */s/ Jeremy J. Hart*
Brett M. Amron, Esq. (FBN 0148342)
Jeremy J. Hart, Esq. (FBN 510645)
Zakarij N. Laux, Esq. (FBN 93784)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF as indicated on the attached service list on this 3rd day of May, 2017.

By: */s/ Jeremy J. Hart*
Jeremy J. Hart

Case No. 14-29974-BKC-LMI<br>
Adv. Pro. No. 16-01315-LMI

## SERVICE LIST

**VIA CM/ECF:**

- **Daniel M Coyle**    dcoyle@sequorlaw.com, ngonzalez@sequorlaw.com
- **Gregory S Grossman**    ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com
- **Jeremy J Hart**    jhart@bastamron.com, mdesvergunat@bastamron.com;dtimpone@bastamron.com;jmiranda@bastamron.com
- **Arnoldo B Lacayo**    alacayo@sequorlaw.com, ngonzalez@sequorlaw.com