# EXHIBIT "2"



**CENTRAL BANK OF BRAZIL.**

Official Letter 9232/2015-BCB/DELIQ                    São Paulo, 9 June 2015.
Pt. 1201569625

To Mr.
Eduardo Felix Bianchini
Liquidator of thecompanies:

Banco Cruzeiro do Sul S. A
Cruzeiro do Sul S/A Holding Financeira
Cruzeiro do Sul S/A Corretora de Valores e Mercadorias
Cruzeiro do Sul S/A Distribuidora de Títulos e Valores Mobiliários
Cruzeiro do Sul S/A Companhia Securitizadora de Créditos Financeiros

Alameda Santos 2335 – 3rd and 6th floors
01419-101 – São Paulo – SP

Subject: Authorization to petition for bankruptcy.

Dear Sir,

Regarding the Official Letter LIQ/BCSUL/153-2015, of 7 April 2015, thereby You consulted this Agency about the feasibility for an authorization to request the Court for the declaration of bankruptcy of the members of Cruzeiro do Sul Group who are under special regime, due to evidences of bankruptcy crimes, pursuant to article 21, item "b", of Law 6,024/1974.

2.    By the way, we notify You that, by a decision made by the Head of the Extrajudicial Liquidations Departament (DELIQ) of 29 May 2015 (copy attached), You were authorized to immediately file a bankruptcy petition of those companies in the proposed way, pursuant to article 21, item "b", and 51 of Law 6,024/1974, with subsidiary application of articles 99 and 197 of Law 11,101/2005, considering that the financial crisis of Cruzeiro do Sul Group is insolvable and there are strong evidences of bankruptcy crimes in the leading financial institution.

3.    Last, we request You to keep this Technical Management Department informed about the measures taken.

Regards,

Maria de Lourdes Baldan                    Marcelo Hiramatsu Azevedo
Deputy Technical Manager                   Clerk


**Extrajudicial Liquidations Department (DELIQ)**
Technical Management Department in São Paulo (GTSPA)
Av. Paulista, 180, 6th floor – Cerqueira César – 01310-922 São Paulo – SP
Phone: (11) 3491-6920
E-mail: gtspa.deliq@bcb.gov.br



**CENTRAL BANK OF BRAZIL.**

DECISION 170/2015-BCB/DELIQ, OF 29 MAY 2015

|  | Banco Cruzeiro do Sul S.A, Cruzeiro do Sul S/A *Holding* Financeira, Cruzeiro do Sul S/A Corretora de Valores e Mercadorias, Cruzeiro do Sul S/A Distribuidora de Títulos e Valores Mobiliários, Cruzeiro do Sul S/A Companhia Securitizadora de Créditos Financeiros – All of them under Extrajudicial Liquidation – Authorization for the Liquidator to petition for the bankruptcy of the entities pursuant to art. 21, subitem b, of Law 6,024, of 13 May 1974 – Pt 1201569625. |
|---|---|

By the Act of the President n. 1,217 of 4 June 2012, the Central Bank of Brazil decreed the Temporary Special Administration Regime (TSAR) of Banco Cruzeiro do Sul S. A. (BCSul), a provision that has been extended at the same date to the related companies Cruzeiro do Sul *Holding* Financeira S. A (Cruzeiro *Holding*), Cruzeiro do Sul S. A. Corretora de Valores e Mercadorias (Cruzeiro CVM), Cruzeiro do Sul S. A. Distribuidora de Títulos e Valores Mobiliários (Cruzeiro DTVM) and Cruzeiro do Sul S. A. Companhia Securitizadora de Créditos Financeiros (Cruzeiro SCF), by the Acts of President numbers 1,218 and 1,221.

2. Cruzeiro *Holding* owns 100% of the commons shares and 73,06% of the preferential shares of BCSul, and this one owns 100% of Cruzeiro SCF and Cruzeiro CVM, and 99,99% of Cruzeiro DTVM, therefore making themselves a substantially integrated economic and financial group.

2. Due to the impossibility of bringing the companies back to regular conditions and concurring to the recommendation contained in the Report of TSAR, the Central Bank of Brazil decreed the extrajudicial liquidation of BCSul and its related companies on 14 September 2012, pursuant to Acts of President numbers 1,230 and 1,235.

4. Under the investigations held during the supervision proceeding of BCSul and during the TSAR, and the confirmations found in the Inquiry held by the Central Bank of Brazil, pursuant to art. 41 of Law n. 6,024, of 1974, along with art. 19 of the Decree-Law n. 2,321, of 25 February of 1987, it has been demonstrated that the former officers of the company continuously and systematically used to write up non-existent and false operations in the companies' accounting books, also referred to as "unsupported", as salary-secured consumer direct credit. Those accounting practices characterize a fraudulent act in detriment of creditors, resulting on the publishing of financial statements that didn't depict the real economic-financial situation of the companies. The Inquiry has been sent by this Agency to the Public Prosecutor's Office, resulting on the Claim for Compensation of Damages (File Case n. 0031325.77.2013.8.26.0100) in progress at the 2nd Court of Bankruptcies and Judicial Reorganizations of São Paulo.

5. Due to the economic-financial situation of the corporate group and the strong evidences of the possible commitment of bankruptcy crimes, the liquidator proposed to this Agency the analysis of the possibility of authorizing Him to petition for the bankruptcy of BCSul and the other related companies who are under the extrajudicial liquidation regime, pursuant to art. 21, subitem "b", of Law n. 6,024, of 1974.

6. The financial statements presented by the liquidator depict the situation of insolvency of

the corporate group. Despite Cruzeiro CVM presents more assets than liabilities, its amount is not enough to assure the feasibility of the continuity of the special regime of the rest of the group. Therefore, the situation of insolvency is evident and irreversible to the Corporate Group and especially to BCSul.

| Entities | Assets BRL thousand (a) | Expenses of the Estate not Subject to Bankruptcy Rules and Preferential Credits BRL thousand (b) | Remaining Assets BRL thousand (c)=(a)-(b), if (c)>0 | Unsecured Credits BRL thousand (d) | Percentage (e)=(c) x 100/(d), if d>0 |
|---|---|---|---|---|---|
| **BCSul** | 4,336,000 | 1,870,000 | 2,466,000 | 4,942,000 | 49,9% |
| **Cruzeiro** *Holding* | 600 | 616 | - | 27,091 | - |
| **Cruzeiro DTVM** | 3,955 | 8,482 | - | - | - |
| **Cruzeiro CVM** | 17,435 | 4,218 | 13,217 | 2,618 | 504,9% |
| **Cruzeiro SCF** | 16 | 24 | - | - | - |
| **Group** | 4,358,006 | 1,883,340 | 2,479,217 | 4,971,709 | 49,9% |

7.       It should be emphasized that the companies had a shared administration. Thus, the Central Bank of Brazil decreed, initially, BCSul's TSAR and, because of the link of interests, for extension, it decreed the TSAR of the companies Cruzeiro *Holding*, Cruzeiro CVM, Cruzeiro DTVM and Cruzeiro SCF and, later, decreed their extrajudicial liquidation, when their activities were finished. By this way, according to those companies' organizational structure, to their economic and corporate relation, to the businesses performed jointly, the economic group is characterized, allowing the authorization for the petition of bankruptcy of the *Holding*, of the controlled companies and of the controller Bank, despite one of them having a positive net worth.

8.       In its turn, the operational practices performed by BCSul's former officers, consistent in writing up non-existent and false operations, demonstrate the presence of strong evidences of fraudulent acts in detriment of creditors, typified, hypothetically, as bankruptcy crimes pursuant to art. 168, **caput** and paragraph 1st, items I and II, of Law 11,101 of 9 February 2005. Those evidences, which have been communicated to the Public Prosecutor's Office and are under judicial investigation, allow the petition for bankruptcy pursuant to the last part of item "b", of art. 21, of Law n. 6,024, of 1974, being highlighted that the Law doesn't demand the certainty of its existence, but only the presence of evidences that demonstrate strong indications of criminal practices, what, *per se*, justifies the necessity of judicial supervision through a bankruptcy proceeding.

9.       The premises of insolvency and the existence of strong evidences of bankruptcy crimes are present at the financial institution, being also present the link of interests of the other companies. It should be highlighted that any of those premises is, individually, sufficient to justify the bankruptcy declaration, for they are independent and alternative, in such a way that it is necessary the presence of only one of them so that the Central Bank of Brazil may rightfully authorize the liquidator to petition for their bankruptcy.

10.      Further than the presence of the premises for the bankruptcy declaration, it should be considered the complexity in the companies' activities involved businesses result in controversies in many different forums, what implicates in additional costs to the liquidation proceeding and damages to the already insufficient resources for the satisfaction of creditors, what justifies, as well, for economy, the necessity for the judicial supervision in an universal bankruptcy proceeding, as assured by art. 76, of Law n. 11,101 of 2005.

11.      Therefore, being all the premises fully satisfied, the declaration of bankruptcy is a necessary measure inasmuch as the financial crisis of the group is insolvable and there are strong evidences of bankruptcy crimes in the leading financial institution, so that, according to art. 21, subitem "b" and 51 of Law 6,024 of 1974, with the subsidiary application of Law n. 11,101, of 2005, pursuant to its articles 99 and 197, I decide to authorize the liquidator to petition for the

bankruptcy of the following companies under extrajudicial liquidation:
   a. Banco Cruzeiro do Sul S.A.;
   b. Cruzeiro do Sul S/A *Holding* Financeira;
   c. Cruzeiro do Sul S/A Corretora de Valores e Mercadorias;
   d. Cruzeiro do Sul S/A Distribuidora de Títulos e Valores Mobiliários; and
   e. Cruzeiro do Sul S/A Companhia Securitizadora de Créditos Financeiros.

12.   Make notice of this to the liquidator so that He may take the measures attributed to him. To the DELIQ/GLIQ1.

Climerio Leite Pereira
Head of Unit

**Extrajudicial Liquidations Departament**
SBS Quadra 03 – Bloco B – 13th floor
70074-900 – Brasília – DF
Phone: (61) 3414-1330 – FAX: (61) 3225-6517
E-mail: gabin.deliq@bcb.gov.br