# EXHIBIT "4"



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

Case: 2016.0000585101

## APPELLATE JUDGMENT

This Interlocutory Appeal no. 2180570-25.2015.8.26.0000 of the Judicial District of São Paulo has been seen, reported and discussed, in which the appellants are BANCO CRUZEIRO DO SUL S/A, BANCO CRUZEIRO DO SUL HOLDING FINANCEIRA S/A, CRUZEIRO DO SUL S.A. CORRETORA DE VALORES E MERCADORIAS, CRUZEIRO DO SUL S.A. DISTRIBUIDORA DE TÍTULOS E VALORES MOBILIÁRIOS, CRUZEIRO DO SUL S/A COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS and LUIS FELIPPE INDIO DA COSTA, and the appellees are BANCO CRUZEIRO DO SUL S/A - BANKRUPTCY ESTATE, BANCO CRUZEIRO DO SUL HOLDING FINANCEIRA S/A - BANKRUPTCY ESTATE, CRUZEIRO DO SUL S.A. CORRETORA DE VALORES E MERCADORIAS - BANKRUPTCY ESTATE, CRUZEIRO DO SUL S.A. DISTRIBUIDORA DE TÍTULOS E VALORES MOBILIÁRIOS - BANKRUPTCY ESTATE and CRUZEIRO DO SUL S/A COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS - BANKRUPTCY ESTATE.

The 1st Reserved Business Law Division of the Court of Appeals of São Paulo hereby **DECIDES** this case as follows: "Having rejected the request to abandon the case, the appeal is partially granted, only to reaffirm the appointment of the bankruptcy trustee." Unanimous Opinion, in accordance with the opinion of the Reporter, which is an integral part of this appellate decision.

Participating in the judgment were Justices ENIO ZULIANI (Presiding Justice), CESAR CIAMPOLINI and HAMID BDINE.

São Paulo, August 10, 2016.

**ENIO ZULIANI**
**REPORTER**
**Electronic Signature**



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

**OPINION No: 36992**

**INTERLOCUTORY APPEAL No: 2180570-25.2015.8.26.0000**

**JUDICIAL DISTRICT: SÃO PAULO**

**APPELLANT[S]: BANCO CRUZEIRO DO SUL S/A; CRUZEIRO DO SUL HOLDING FINANCEIRA S/A; CRUZEIRO DO SUL S/A CORRETORA DE VALORES E MERCADORIAS; CRUZEIRO DO SUL S/A DISTRIBUIDORA DE TÍTULOS E VALORES MOBILIÁRIOS; CRUZEIRO DO SUL S/A COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS; and LUIS FELIPPE INDIO DA COSTA**

**APPELLEE[S]: THE COURT**

**ISSUING JUDGE: MARCELO BARBOSA SACRAMONE**

> **INTERLOCUTORY APPEAL. Bankruptcy decree. Inclusion of Banco Cruzeiro do Sul and the other companies included in the extrajudicial liquidation decreed by BACEN. Allegation of nullity in light of the bankruptcy decree without the possibility of the other companies in the group being allowed to participate and the lack of justification for the bankruptcy request for all the appellants. Absence. Guarantee of the adversarial system and broad defense, albeit a *posteriori*. Request based on the findings obtained in an investigation by the Central Bank, which authorized the request for bankruptcy for all the appellants. Grounds and evidence were sufficient for inclusion of the economic group in the claim. Decision upheld. Appeal partially granted, just to repeat the Court's decision regarding the replacement of the bankruptcy trustee. Request for abandonment denied, pursuant to the grounds.**

The record has been examined.

BANCO CRUZEIRO DO SUL S/A, CRUZEIRO DO SUL HOLDING FINANCEIRA S/A, CRUZEIRO DO SUL S/A CORRETORA DE



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

VALORES E MERCADORIAS, CRUZEIRO DO SUL S/A DISTRIBUIDORA DE TÍTULOS E VALORES MOBILIÁRIOS, CRUZEIRO DO SUL S/A COMPANHIA SECURITIZADORA DE CRÉDITOS FINANCEIROS and LUIS FELIPPE INDIO DA COSTA (controller of the other companies) file this Interlocutory Appeal with a request for a stay against the decision that decreed the joint bankruptcy of Banco Cruzeiro do Sul, CS HOLDING, CS CORRETORA, CS DISTRIBUIDORA and CS SECURITIZADORA. They claim that the decision is null and void by operation of law, insofar as the right of defense was not guaranteed to the companies that became formally bankrupt and those that will be affected by the bankruptcy. They allege that there is no justification for the bankruptcy decree of the Securitizing, Brokerage and Distribution companies, since these companies were profitable at the time the company filed for its own bankruptcy. In addition, in the event the Court does not annul the bankruptcy, they requested the replacement of the bankruptcy trustee. In this case, they understand that agents of the government, acting on behalf of the debtor companies, file a request for bankruptcy of the financial institutions under an extrajudicial liquidation regime. When the intervening entity or liquidator makes a court filing for the companies under intervention or liquidation, although this is formally done on behalf of these companies, in practice, there is a third party requesting the bankruptcy. They emphasize that the Bankruptcy and Reorganization Law did not list the liquidator or intervening party, whose powers are defined in Law 6,024/74, among those with the standing to file, in their own name, for the bankruptcy of third parties, even if these third parties are the companies they are liquidating. They affirm that without guaranteeing the right of the other bankrupt companies to a broad defense, the Court only required an opinion from the Prosecutor's Office, which was favorable to the request. The right to a broad defense was also not ensured in relation to the controller of the bankrupt companies. They allege that, for the first time in the history of bankruptcy proceedings for financial institutions in Brazil, the basic grounds for the bankruptcy request was the existence of supposed bankruptcy crimes by the controllers/directors. They emphasize the absence of justifications for inclusion of the Group in the bankruptcy because they are not insolvent. As a result, they are asking that the appeal be granted to declare that the bankruptcy decreed is null



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

and void, since the bankrupt companies and the controller of the bankrupt companies were not heard, and that they thus be instructed to submit their statements, with the right of broad defense assured. Alternatively, they are requesting the replacement of the bankruptcy trustee.

The active effect was denied on p. 830. Request to reconsider is on p. 832. Counter-arguments are on p. 850.

The Attorney General's Office issued an opinion on p. 886, upholding the decision.

This is the report.

Firstly, in regard to the petition filed on the eve of the trial, we see that the appellants declared, based on the reasons they presented, "**that they were forced to abandon the appeal**" (emphasis added). The Court is aware of the right that litigants have to abandon appeals, and it is also aware that any and all acts of a procedural nature are built on the basis of the validity of the legal act. Thus, the importance of free will or conscious will, which is essential for the act to be valid. Therefore, if a party states that it is being "forced," that party is not acting freely, and in regard to this point, the Court should not allow the request to abandon the appeal, which is contaminated by a defect that affects its capacity to act.

Therefore, we shall now judge the appeal, and deny it, as will be explained below.

i. **The regularity of the bankruptcy request**

As demonstrated by the documents in question, and in



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

accordance with the special legislation that governs this matter, there is nothing defective about the well-grounded decision issued by the Judge.

There is no reason to agree with the argument that the filing of the bankruptcy request by the liquidator was illegal, and the form of filing (self-filing) does not make the filing irregular, since it was prepared in accordance with applicable law.

In fact, under the terms of Article 21, "b," of Law no. 6.024/74, after receiving authorization from the Central Bank, the appointed liquidator may file for bankruptcy of the entity *when its assets are not sufficient to cover at least half of the value of the unsecured credits, or when there is well-grounded evidence of bankruptcy crimes.*

Therefore, there is no requirement for service of process or a previous hearing of the companies under extrajudicial liquidation, contrary to what is alleged in the appellate brief.

As can be seen from an analysis of the elements of evidence of the original claim, the Central Bank of Brazil sent an official letter to the liquidator to authorize him to file "an immediate bankruptcy request" for all the appellants, ***"considering that the financial crisis in the Cruzeiro do Sul Group is insolvable and there is well-grounded evidence of bankruptcy crimes at the leading financial institution"*** (p. 236). Therefore, the factual situation meets the criteria of the legal description mentioned above, in the absence of any material or procedural irregularity that may be declared.

In this regard, we note that the decision by the Central Bank relative to **all the appellants** is absolutely clear in regard to the



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

unfeasibility of continuation of the activities of those institutions, since there was proof of the existence of a *"substantially integrated"* (p. 237) economic-financial group, with shared management and joint business dealings (p. 238).

In fact, not only were operations found that constituted bankruptcy crimes, as indicated, consisting of the recording of false or non-existing transactions, among other fraudulent acts, but also the insolvency of the Group (to the contrary of what the appellants state).

Note:

[Round stamp] TJSP                                                                 [Illegible Stamps]

[Logo]
**CENTRAL BANK OF BRAZIL**

DECISION 170/2015-BCB/DELIQ, OF MAY 29, 2015

Banco Cruzeiro do Sul S.A., Cruzeiro do Sul S/A Holding Financeira, Cruzeiro Do Sul S.A. Corretora de Valores e Mercadorias, Cruzeiro do Sul S.A. Distribuidora de Títulos e Valores Mobiliários, Cruzeiro do Sul S/A Companhia Securitizadora de Créditos Financeiros – All under Extrajudicial Liquidation – Authorization to liquidator to file for bankruptcy of the entities, pursuant to the terms of Art. 21, "b," of Law no. 6.024/74, of March 13, 1974 – Pt 1201569625.

1. Through Presidential Act no. 1,217, of June 4, 2012, the Central Bank of Brazil decreed a Special Temporary Administration Regime (RAET) for Banco Cruzeiro do Sul (BCSul), a measure it extended on the same date to the affiliated companies Cruzeiro do Sul S/A Holding Financeira (Cruzeiro Holding), Cruzeiro Do Sul S.A. Corretora de Valores e Mercadorias (Cruzeiro CVM), Cruzeiro do Sul S.A. Distribuidora de Títulos e Valores Mobiliários (Cruzeiro DTVM), Cruzeiro do Sul S/A Companhia Securitizadora de Créditos Financeiros (Cruzeiro SCF), through Presidential Acts 1,218 to 1,221.

2. Cruzeiro Holding owns 100% of the common stock and 73.06% of the preferred stock of BCSul, and the latter holds 100% of Cruzeiro SCF and Cruzeiro CVM, as well as 99.99% of Cruzeiro DTVM; thus this economic and financial group is substantially integrated.

3. In light of the impossibility of these institutions returning to a normal situation, and in response to the recommendation of the RAET Report, on September 14, 2012, the Central Bank of Brazil decreed the extrajudicial liquidation of BCSul and of its affiliated companies, according to Presidential Acts 1,218 to 1,221.

4. In the investigations conducted over the course of the BCSul supervision process and during the RAET, and confirmed in the investigation conducted by the Central Bank of Brazil, pursuant to the terms of Article 41 of Law no. 6,024 of 1974, together with Article 19 of Decree-Law no 2,321, of February 25, 1987, it was found that the former directors of the institution systematically and continuously recorded false and nonexistent operations, also called "unfounded," treated as personal installment credit withheld from payroll. This accounting recording characterizes a fraudulent act to the detriment of creditors, and resulted in the release of accounting statements that do not reflect the real economic and financial situation of the institution. The investigation was sent by this Government Agency to the Prosecutor's Office, resulting in a Civil Liability Action (Case no. 0031325.77.2013.8.26.0100), underway before the 2nd Bankruptcy and Judicial Reorganization Court of São Paulo.

[Illegible time stamp along right margin]



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

7. It should be noted that the companies had shared management. Therefore, the Central Bank of Brazil initially decreed the RAET of BCSul, and as a result of the shared interest, by extension, of the companies Cruzeiro Holding, Cruzeiro CVM, Cruzeiro DTVM and Cruzeiro SCF, and later, it decreed their extrajudicial liquidation, when their activities had ended. Therefore, in light of the organizational structure of the companies mentioned, of the economic and corporate bonds between them, of the business activities jointly carried out, an economic group is configured, which leads to authorization of the bankruptcy request for the Holding, the controlled companies and the controlling bank, even though one of them is in a profitable state.

8. In turn, the operational practices adopted by the ex-directors of BCSul, consisting of the recording of false or nonexistent operations, show the presence of grounded evidence of fraudulent acts to the detriment of creditors, which meet the definitions of bankruptcy crimes as per Article 168, heading, and § 1, sections I and II, of Law no. 11,101 of February 9, 2005. This evidence, which was forwarded to the Prosecutor's Office and is being investigated judicially, already authorized the request for bankruptcy under the terms of the final part of line "b" of Art. 21 of Law no. 6024 of 1974; it should be noted that this law does not require the certainty of its existence, but only the presence of elements that configure grounded evidence of the commission of a crime, which, in and of itself, justifies the need for judicial accompanies, through a bankruptcy proceeding.

9. It can be seen that the requirements for bankruptcy and the existence of grounded evidence of bankruptcy crimes are present at the financial institution, and there is also the linking of interests with the other companies. It should be noted that any one of the requirements individually is sufficient to justify the bankruptcy decree, since they are independent and alternative; therefore, the presence of only one of them is required for the Central Bank of Brazil to legitimately authorize the liquidator to request bankruptcy.

10. In addition to the presence of the grounds for the bankruptcy decree, it should be considered that the complexity of the business dealings involved in the activities of the institutions has led to discussions in a variety of forums, which has created additional costs for the liquidation proceeding, to the detriment of the already insufficient resources for payment of the creditors, which also justifies, as a cost-saving measure, the need for accompaniment by the universal bankruptcy court, guaranteed by Art. 76 of Law no. 11,101, of 2005.

11. Based on the foregoing, having met the legal requirements, bankruptcy must be decreed, since the group's financial crisis is not solvable, and there is grounded evidence of bankruptcy crimes at the lead financial institution. For this reason, in accordance with Art. 21, line "b" and Art. 51 of Law no. 6024 of 1974, with subsidiary application of Articles 99 and 197 of Law no. 11,101, of 2005, the liquidator is authorized to request the bankruptcy of the following entities under extrajudicial liquidation:

a. Banco Cruzeiro do Sul S.A.;

b. Cruzeiro do Sul S/A Holding Financeira;

c. Cruzeiro Do Sul S.A. Corretora de Valores e Mercadorias;

d. Cruzeiro do Sul S.A. Distribuidora de Títulos e Valores Mobiliários; and

e. Cruzeiro do Sul S/A Companhia Securitizadora de Créditos Financeiros.

12. Notify the liquidator to take the necessary measures. Send to Deliq/G[Illegible].

Note that this document also takes into consideration the accounting statements that express the insolvency of the economic group, justifying the inclusion of CRUZEIRO DO SUL S/A CORRETORA DE VALORES E MERCADORIAS (which has assets that exceed its liabilities) precisely because its assets would not be sufficient to make it feasible to continue the special regime for the rest of the group, which is confirmed by the spreadsheet presented in the documents prepared by BACEN:



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

| Institutions | Assets R$ thousands (a) | Extra-bankruptcy and preferred credits (b) | Remaining assets R$ thousand (c) = (a) – (b) [illegible] | Unsecured credits R$ thousand (d) | Percentage [Illegible] |
|---|---|---|---|---|---|
| BCSul | 4.336.000 | 1.870.000 | 2.466.000 | 4.942.000 | 49,9% |
| Cruzeiro Holding | 600 | 616 | - | 27.091 | - |
| Cruzeiro DTVM | 3.955 | 8.482 | | | |
| Cruzeiro CVM | 17.435 | 4.218 | 13.217 | 2.618 | 504,9% |
| Cruzeiro SCF | 16 | 24 | | | |
| Grupo | 4.358.006 | 1.883.340 | 2.479.217 | 4.971.709 | 49,9% |

Now, having demonstrated the existence of an economic group, even if one institution is not in a position of insolvency, the joint and several liabilities resulting from that group would also justify its inclusion in the bankruptcy.

In any event, in line with Article 21, "b," of Law no. 6.024/74[1], the requirements for a bankruptcy filing are alternative, and in regard to bankruptcy crimes, well-grounded evidence is sufficient, which is present in this case, in light of the information filed by the Prosecutor's Office based on the crimes investigated (p. 878).

ii. **The correct extension of the effects of the bankruptcy and the absence of any violation of the adversarial proceeding and broad defense**

It is not possible to deny the existence and importance of the new Constitutional Procedure Law, the general principles of which were included as irrevocable clauses by the framers of the 1988 Constitution.

---

[1] *"Art. 21. After examining the report or proposal indicated in Article 11, presented by the liquidator in accordance with the previous article, the Central Bank of Brazil may authorize it to:*
*(...)*

*b) Request the bankruptcy of the entity, when its assets are not sufficient to cover at least half of the value of the unsecured credits, or when there is well-grounded evidence of bankruptcy crimes."*



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

The postulate of due process of law, or *giusto processo*, in Italian, mentioned in Article 111[2] of the Italian Constitution, is present in the Brazilian legal system as procedural guarantees for the litigants, resulting in the adversarial system and broad defense, which were raised by the appellants.

According to legal scholar HUMBERTO THEODORO JÚNIOR, there are times when the adversarial system must temporarily give way in order to ensure the effectiveness of a fair trial. However, this does not represent a violation of the constitutional rules governing proceedings, "but only leads to a temporary delay in its exercise," in order to guarantee fair distribution of justice (THEODORO JÚNIOR, Humberto. *Curso de Direito Processual Civil: Teoria Geral do Direito Processual Civil e Processo de Conhecimento*. 50th ed. Rio de Janeiro: Forense, 2009).

Based on these same premises, the STJ reached the understanding that a separate proceeding with prior service of process of those involved is not necessary before a decision that extends the effects of the bankruptcy to companies that belong to the same economic group.

Jurisprudence supporting this position:

"BANKRUPTCY. SUPERIOR COURT APPEAL. DECLARATORY JUDGMENT. ENCOL. FRAUD AGAINST EXECUTION. FRAUD DUE TO VIOLATION OF PRE-BANKRUPTCY PERIOD. PIERCING OF THE CORPORATE VEIL. INEFFECTIVENESS OF CERTAIN CONTRACTUAL ACTS AND TERMS. REVIEW. APPLICATION OF PRECEDENTS 5 AND 7 OF THE STJ. PRE-QUESTIONING. ABSENCE. APPLICATION OF STF PRECEDENTS 283 AND 284. AUTONOMOUS ACTION NOT NECESSARY. DECREE OF BANKRUPTCY PROCEEDING. VIOLATION OF ADVERSARIAL SYSTEM,

---

[2] *"La giurisdizione si attua mediante il giusto processo regolato dalla legge"*.



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

BROAD DEFENSE AND DUE LEGAL PROCESS. ABSENCE. EXTENSION OF THE EFFECTS. PROPERTY CONFUSION. POSSIBILITY. PIERCING OF CORPORATE VEIL. PRELIMINARY SERVICE OF PROCESS NOT REQUIRED. JURISPRUDENTIAL DECISION. NOT SHOWN." (Superior Court Appeal 476452. JUSTICE LUIS FELIPE SALOMÃO. DJ of 2/11/2014).

"CIVIL PROCEDURE. BANKRUPTCY. EXTENSION OF EFFECTS. POSSIBILITY. INDIVIDUALS. ECONOMIC GROUP. DEMONSTRATION. ABSENCE. PRIOR SERVICE OF PROCESS. NEED.

1. In a situation in which two economic groups, united around a common purpose, conduct a series of business activities that are formally licit, but which have the material intent to deviate property from a company in a pre-bankruptcy situation, the Judiciary must also innovate in its actions, in order to find effective means to reverse these harmful maneuvers, punishing and holding liable those involved.

2. **A judge may anticipate the decision to extend the effects of a bankrupt company to affiliated companies, in the event that, finding clear evidence of collusion to harm creditors, there is a transfer of assets for the purpose of deviating property. The delayed exercise of the right of defense in these cases does not represent any nullity.**

(...)

5. Superior Court appeal heard and granted." (Superior Court Appeal 1125767. Justice Nancy Andrighi. DJ of 8/25/2011).

In fact, in the appeal indicated above, the Reporter Justice wrote about this matter: *"The exercise of the adversarial system was thus deferred, **enabling the appellants to defend themselves only through an appeal.** Of course, the analysis of the regularity of this procedure cannot ignore the specific characteristics of the case. Indeed, it is no longer possible, under modern civil procedural law, to evaluate a case, based exclusively on the procedural rules without considering, in each hypothesis,*



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

*the specificities, and often, the evidence that shed light on the material right behind the proceeding. Today it is very clear in both the legal doctrine and in the jurisprudence that procedural rules should be at the service of material law, and never the contrary.* **In the Superior Court Appeal, the appellant itself shows that the extension of the effects of the bankruptcy, without prior service of process, is being admitted by the jurisprudence of the STJ in those cases in which the existence of an economic group is characterized.**"

In this specific case, it should be noted that the right to the adversarial system and broad defense was fully exercised, *a posteriori*, with the presentation of motions and the filing of this appeal; therefore, the nullity alleged by the appellants did not occur.

To the contrary, all the requirements necessary for filing the bankruptcy request by the liquidator are duly shown to be present; as indicated:

√ Existence of an economic group;

√ Authorization by BACEN;

√ Insolvency;

√ Evidence of a bankruptcy crime;

√ Opportunity for defense, albeit delayed.

As such, it is advisable to analyze the bankruptcy of the appellants in a single proceeding, as is being done, since the evidence refers to the actions they performed together.

### i. Replacement of the bankruptcy trustee

This is not a new request, and the decision by this Panel in judgment of Interlocutory Appeal 2025161-22.2016.8.26.0000 is upheld:



JUDICIAL BRANCH
COURT OF APPEALS OF THE STATE OF SÃO PAULO

> "Now, since there is a conclusion by the Court in regard to the inappropriateness of appointing the trustee that is already performing that function in the bankruptcy of the supposed creditor of Banco Cruzeiro do Sul, we should apply the same understanding to the bankruptcy trustee of the controlling company of that same creditor (Banco Santos and Procid).
>
> We repeat that this measure, as already noted in a previous judgment involving this matter, will avoid questioning and will ensure the security of creditors.
>
> Finally, it should be noted that there is no reason to justify the appointment of two trustees to conduct the bankruptcy proceeding, and the Court has already determined the unreasonableness of this measure in regard to the "ad hoc trustee."
>
> Therefore, and since Laspro Consultores Ltda., represented by Dr. Oreste Nestor de Souza Laspro, was already appointed to act as an assistant to the Court, without the demonstration of any impediment or incompatibility, it should remain alone in its function of assisting the bankruptcy proceeding."

### ii.     Conclusion of Judgment

Therefore, having rejected the request to abandon the case, the bankruptcy decree is upheld, and the appeal is partially granted, only to repeat what was already decided in regard to the bankruptcy trustee appointed, maintaining only Laspro Consultores Ltda. in this position.

**ÊNIO SANTARELLI ZULIANI**
Reporter