# EXHIBIT "9"

p.

# COURT OF JUSTICE

JUDICIARY BRANCH

São Paulo

Docket order No. at trial session: Not provided

**Record: 2018.0000097056**

## APPELLATE DECISION

These records of Interlocutory Appeal No. 2172463-21.2017.8.26.0000, of the Judicial District of São Paulo, in which the appellants are LUIZ OCTAVIO AZEREDO LOPES ÍNDIO DA COSTA, LUIS FELIPPE INDIO DA COSTA and MARIA LUISA GARCIA DE MENDONÇA, and the appellee is the BANKRUPT ESTATE OF BANCO CRUZEIRO DO SUL S/A, have been reviewed, reported on and discussed.

The 1ˢᵗ Reserved Panel of Corporate Law at the São Paulo Court of Appeals (TJSP) **AGREE** to enter the following decision: "Appeal denied with remarks. Unanimous Vote," in accordance with the Rapporteur's opinion, which forms an integral part of this appellate decision.

Participating in the trial were the Honorable Appellate Court Judges ALEXANDRE LAZZARINI (President) and CESAR CIAMPOLINI.

São Paulo, February 21, 2018.

## CARLOS DIAS MOTTA

### RAPPORTEUR

**Electronic Signature**

**Interlocutory Appeal No. 2172463-21.2017.8.26.0000**

**Appellants: Luiz Octavio Azeredo Lopes Índio da Costa, Luis Felippe Indio da Costa, and Maria Luisa Garcia de Mendonça.**

**Appellee: The Bankrupt Estate of Banco Cruzeiro do Sul S/A.**

**Parties in Interest: Laspro Consultores Ltda., Charles Alexander Forbes, Fabio Caramuru Correa Meyer, Fabio Rocha do Amaral, Flavio Nunes Ferreira Rietmann, Horácio Martinho Lima, José Carlos Lima de Abreu, Maria Luísa Garcia de Mendonça, Progresso Vaño Puerto, Renato Alves Rabello, Roberto Vieira da Silva de Oliveira Costa, Sergio Marra Pereira Capella, Luiz Whately Thompson, Kpmg Auditores Independentes, and Ernst & Young Auditores Independentes S.s.**

**Judicial District: São Paulo**

### Opinion No. 12631

**Interlocutory appeal.** Appeal filed against the respectable decision that: 1) under article 36 of Law No. 6.024/1974, recognized the nullity of the donation action taken after the RAET decree, which transferred real estate owned by Luis Octavio Azeredo Lopes Índio da Costa to his son, and such properties were ordered to be attached; and 2) sustained the reversal of the burden of proof against the appellants. Civil action for damages filed by the MPE (State Public Prosecutors' Office) based on articles 39 and 40 of Law No. 6.024/74 and supported by the Central Bank of Brazil's (Bacen) inquiry commission, which ascertained alleged losses caused to third parties in the order of R$2,236,782,000.00. Plaintiff status subsequently assumed by the bankrupt estate upon submission of the appellants' reply, followed by reply alleging presumed fault on the part of the managers for the bankrupt financial institution. Long-standing case law guidance provided by the Honorable STJ (Brazilian Superior Court of Justice) and confirmed by

this Honorable TJSP for the possibility of reversing the burden of proof, it being incumbent upon the appellants to produce evidence ruling out the presumed fault for any losses caused during the periods under their management. Precedents. The complaint made a proper request, naming the management period and the name and title of each of the co-defendants. There are no grounds, therefore, to speak of any generic allegation or lack of individualized conduct, as the matter refers, *a priori*, to joint and several liability, it being incumbent upon the appellants to have their defense underpinned by their non-participation/culpability in the facts/irregularities set forth in the complaint delimiting the subject matter of the lawsuit. Public deed of donation between parent and child recorded on May 24, 2012, a few days after RAET was decreed (June 4, 2012). Registry records entered on June 15, 2012. Motion for protective order to attach the donated assets filed by the bankruptcy trustee based on article 45 of Law No. 6.024/74, on a case-law precedent of the Hon. STJ and on articles 168 and 169 of the CC/02 (Brazilian Civil Code of 2002). Absence of nullity due to lack of appropriate reasoning. Possibility that the court may adhere to the same grounds as invoked by the bankruptcy trustee as reason to decide, requiring no repetition. Event in which the case records do not contain any document capable of proving the date on which the none of the instruments were pre-notated, nor were which of the CRI's demands alleged delayed the recording procedure. The donee was not a party to the underlying lawsuit, such that the absence of his reply on the attachment does not compromise the process. The adversarial system was ensured and exercised by the appellant Luis Octávio himself, in his capacity as father to the minor and incompetent donee. On a secondary basis, it is incumbent upon the third party who is not a party to the lawsuit to directly appeal to the Court in the event of loss arising out of the authorized attachment. Third-party reply which was allegedly not prior, but subsequent. Impossibility to attachment not demonstrated. The donated properties are located in the Judicial District of Cotia. The donee, however, lived in the Judicial District of the State Capital. Any impossibility to attach could not apply to all donated properties, so much so that the title records of some of them already show entries concerning attachments ordered by the federal criminal sphere. Absence of elements capable of scrapping the court convictions set out in the ruling denying a preliminary injunction, and given the agreement of the Hon. PGJ (Office of the Attorney General), it follows that the confirmation of the respectable decision appealed against is a measure that imposes itself as appropriate. It is also important to consider that the appellants' conduct, as described, is not consistent with the good faith that must be present in business relationships and the proceedings. Accordingly, a warning is given about the possibility that the penalties provided for in the procedural law may apply due to an action affronting the dignity of Justice, as set forth in article 772, section II, of the CPC/15 (Brazilian Code of Civil Procedure of 2015). In addition, the Public Prosecutors' Office, which follows the case, can also take further action if appropriate. **Appeal denied with remarks.**

**Reviewed.**

This is an Interlocutory Appeal with a motion for interim relief filed by Luiz Octavio Azeredo Lopes Índio da Costa (et al) against the respectable decision on pp. 330-332 entered by the Honorable Court at the 2nd Bankruptcy and Judicial Reorganization Division in and for the Judicial District of the State Capital, which, in the section concerning this appeal, ruled as follows: *"Reviewed. P. 6.442: The real estate transfers made to Octavio Ferro Índio da Costa, son of Luis Octavio Azeredo Lopes Índio da Costa, was completed after RAET had been decreed, notwithstanding that the deed was made previously. Under article 36 of Law No. 6.024/1974, the manager is precluded from disposing of or encumbering his assets, and I therefore acknowledge the nullity of the actual transfer of the properties to his son. Accordingly, I hereby order all of the properties named on pp. 6,355-6,359 attached, as I acknowledge the nullity of the donation because the properties were transferred at a time when the assets were already unavailable to the donor. The freeze is hereby ordered via RENAJUD, and notice be given to the relevant real estate registries ordering them to record the freezing of transfers. […]. P. 6,469: I hereby receive the motion for clarification, for it is timely. On the merits, I hereby grant it to rectify the obscurity. I clarify that the Bankrupt Estate was sentenced for having moved forward with the action intended by the Public Prosecutors' Office. Any irregularities in the administrative proceedings will not adversely affect the due process for the defendant, who may fully exercise his right to the adversarial system in this case, including by "submitting documents and clarifications" (p. 6,473). As to the burden of proof, it can be reversed given the facts exposed and the possibility that the parties may demonstrate that they did not perform any roles correlated with the*

*alleged illegal acts or do everything needed to prevent them from being performed. The theory of dynamic burden of proof applies to the case."*

The appellants claim, in short, that: the Public Prosecutors' Office (subsequently replaced by the bankrupt estate, represented by the bankruptcy trustee) filed an action for damages based on Law No. 6.024/74 against the former managers of the bankrupt Bank, and supported by a report issued by the Bacen's inquiry commission that ascertained alleged losses caused to third parties of approximately R$2,236,782,000.00; the complaint maintained that the civil liability was objective or, on a secondary basis, subjective, but with presumed fault; such report by the Bacen's inquiry commission is not reliable; the appellants' liability is subjective and must be proved by the plaintiff based on an individualized review of each manager's conduct; the first point of the appeal attacks the reversal of the burden of proof, which imposed on the appellants the duty to produce diabolic evidence; the ruling is null for it is not appropriately justified, nor could it be because there is no plausible justification for reversing the burden of proof in the case in question; in applying the general rule of distribution of the burden of proof, the honorable lower Court induced a true presumption of fault; reversing the burden of proof is a rather exceptional measure; articles 39 and 40 of Law No. 6.024/74 have a clear sanctioning nature, while the presumption of innocence should be observed; the company IMS erased the memories of all computers of the bankrupt Bank, which hinders the production of evidence in favor of the appellants; there are case-law precedents of the Hon. STJ accepting, in certain specific cases, the possibility of reversing the burden of proof, which does not mean that such burden should, in each and every case, be reversed to fall exclusively on the managers, irrespective of justification; Law No. 6.024/74 does not give carte blanche for reversal of the burden of proof in actions for damages against managers of bankrupt financial institutions; the second point of the appeal attacks the court's acknowledgment of nullity of the real estate transfers concluded between appellant Luis Octávio and his son, a harmed third party who was not even part of the management of the financial institution that was under intervention; the ruling is null, for it was not appropriately justified; the donated property is the residence of the family entity, consisting of the father and son, and thus cannot be subject to attachment; said donation, as carried out under a public deed on May 24, 2012, was completed prior RAET being decreed (which took place on June 4, 2012), which rules out the application of the provisions of article 36 of Law No. 6.024/74, except for the provision contained in its § 3, which refers to assets considered incapable of being disposed of or attached under the law; only the relevant entries in the title records of the properties were made after the RAET decree as a result of notarial bureaucracy issues; in other words, the date of entry in this case is completely irrelevant; there is not one indication of concealment or depletion of assets, nor has there been any attempt at harming creditors, which is a mere hypothesis legitimately anticipated; the property freeze cannot be accepted without prior notice to the owner so he can exercise his right to the adversarial system; the challenged attachment is an unnecessary, early sanction against assets; the case not being subject to article 36, § 1, of Law No. 6.024/74, which provides for automatic and unfettered freeze, the ineffectiveness of the transaction could not have been presumed, it being necessary to demonstrate the *consilium fraudis*, as set forth in article 36, § 2, item (b), of Law No. 6.024/74.

The motion for interim relief was denied (pp. 427-440).

The appeal was regularly processed, with a reply submitted by the bankruptcy trustee (pp. 445-463).

The eminent Office of the Attorney General opined in favor of denying the appeal (pp. 467-469).

There was a manifest objection to the virtual trial of this case (p. 426).

**This is the report.**

**Ruling:**

Upon review of the records, it is found that the Public Prosecutors' Office filed against the appellants and others an action for damages under articles 39 and 40 of Law No. 6.024/74, which it did with support from the report issued by the Bacen's inquiry commission pointing to alleged losses caused to third parties in the order of R$2,236,782,000.00 (pp. 27/92).

The plaintiff status was assumed by the bankrupt estate (pp. 386-388), and the action was challenged by the parties in interest (pp. 93-264). In its reply, the bankrupt estate, represented by the bankruptcy trustee, alleged presumed fault on the managers' part, requesting an early judgment in the matter (pp. 389-424).

Very well. Regarding the first point raised in this appeal, it is well known that the long-standing case-law position taken by the STJ and confirmed by this TJSP in their trial of cases that are absolutely analogous to this one is for the possibility of reversing the burden of proof in lawsuits based on articles 39 and 40 of Law No. 6.024/74, it being incumbent upon the appellants to produce evidence that rules out the presumed fault for any losses caused during their time as managers. In this respect, see the following:

**CIVIL PUBLIC ACTION. LIABILITY OF MANAGERS AT FINANCIAL INSTITUTIONS. LAW NO. 6.024/1974. EXPERT EVIDENCE. LACK OF DELIMITATION OF EACH MANAGER'S INDIVIDUAL CONDUCT. ALLEGED USELESSNESS OF THE REPORT PRODUCED.** Interlocutory appeal against the decision denying the challenge to the expert report. The Honorable Superior Court of Justice, having been urged to interpret articles 39 and 40 of Law No. 6.024/74, in civil public actions for damages filed against managers at financial institutions, signified their secure understanding that these agents' liability is subjective, which would in principle lead to a narrow delimitation of the wrongdoing committed by each. However, we cannot forget that it is the understanding of the Superior Court of Justice that a reversal of the burden of proof applies to such cases. This means that it shall be incumbent upon the Managers, whose times of service were well delimited in the expert report, to produce evidence that the losses caused during their time as managers are not their fault. Contrary to what the appellant stated, the expert evidence produced had led to no breach of the principles of adversarial system and due process. This is because the defendants will be able to demonstrate the good management they implemented in order to rule out the presumed fault. Appeal denied with determination.

(TJSP; Interlocutory Appeal No. 2213361-81.2014.8.26.0000; Judge-Rapporteur: Carlos Alberto Garbi; Judged by: 2nd Reserved Panel on Corporate Law; Central Civil Courthouse, 2nd Bankruptcy and Judicial Reorganization Division; Date Judged: December 2, 2015; Record Date: December 3, 2015.)

**APPEAL TO THE SUPERIOR COURT OF JUSTICE – FINANCIAL INSTITUTION UNDER TEMPORARY SPECIAL ADMINISTRATION (RAET) – ATTACHMENT OF ASSETS OF FORMER MANAGERS – COMPETENT JURISDICTION OF THE PANELS AT THE 2nd SECTION OF THE SUPERIOR COURT OF JUSTICE – CORRESPONDENCE – RECEPTION OF LAW NO. 6.024/74 ANALYZED UNDER THE FEDERAL CONSTITUTION OF 1988 – UNFEASIBILITY – CONFLICT WITH ARTICLES 165 AND 468 OF THE CPC DUE TO LACK OF LEGAL GROUNDS – NONOCCURRENCE – OMISSION BY THE LOWER COURT'S APPELLATE DECISION – NONEXISTENCE – LEGAL STANDING OF THE PUBLIC PROSECUTORS' OFFICE OF THE STATE OF RIO DE JANEIRO TO CARRY ON WITH A LAWSUIT THAT, BECAUSE LACK OF JURISDICTION OVER THE MATTER WAS DECREED, WAS SENT BACK TO THE RIO DE JANEIRO COURT – CHARACTERIZATION – APPLICABILITY OF ATTACHMENT OF ASSETS FREEZE UNDER ARTICLE 36 OF THE FINANCIAL INSTITUTION INTERVENTION AND LIQUIDATION LAW – ADMISSIBILITY – ATTACHMENT OF FORMER MANAGERS' ASSETS – *FUMUS BONI IURIS* ONLY SUPPORTED IN THE FINDINGS FROM THE CENTRAL BANK'S INQUIRY AS TO THE EXISTENCE OF LOSSES – POSSIBILITY GIVEN THE PRESUMPTION OF *IURIS TANTUM* OF THE FORMER MANAGERS' FAULT – PUBLIC PROSECUTORS' OFFICE OR THE CENTRAL BANK'S LEGAL STANDING TO SEEK DAMAGES FROM FORMER MANAGERS AT A FINANCIAL INSTITUTION AIDED BY THE RESTRUCTURING AND NATIONAL FINANCIAL SYSTEM STIMULUS PROGRAM (PROER) – ARGUMENTS OF APPEAL TO THE SUPERIOR COURT OF JUSTICE UNTETHERED FROM THE STATUTORY CONTEXT OF THE PROVISIONS DEEMED BREACHED – PRECEDENT NO. 284/STF – OCCURRENCE –THE PUBLIC PROSECUTORS' OFFICE SENTENCED TO PAY THE**

**PREVAILING PARTY'S LITIGATION COSTS UNDER THE PROTECTIVE ORDER LAYING THE GROUNDWORK FOR A CIVIL PUBLIC ACTION AGAINST FORMER MANAGERS – IMPOSSIBILITY, UNLESS BAD FAITH HAS EXISTED – APPEAL TO THE SUPERIOR COURT OF JUSTICE PARTIALLY EXAMINED AND, TO SUCH EXTENT, GRANTED IN PART.**

1. It is incumbent upon the panels at the 2nd Section of the STJ to process and try cases related to protective orders to attach in preparation for a subsequent civil lawsuit against former managers at a financial institution under RAET.

2. The proceedings for appeals to the Superior Court of Justice do not support the examination of an alleged non-reception of Law No. 6.024/74 by the Federal Constitution of 1988.

3. The ruling providing for the reasons for the judge's conviction in a satisfactory manner does not need to be grounded.

4. There is no omission in an appellate decision that considers all matters that are essential to resolving the dispute.

5. The local Public Prosecutors' Office's sending of the lawsuit to a court in another State of the Federation by operation of the decreed lack of jurisdiction does not preclude the Public Prosecutors' Office in that other State from carrying on with the case.

6. The asset freeze set forth in article 36 of Law No. 6.024/74 does not prevent the Public Prosecutors' Office from seeking, to the extent of the losses ascertained in the inquiry conducted by the Central Bank, a protective order to attach all of the former managers' assets, including those having been frozen.

7. The liability under article 40 of Law No. 6.024/74 is subjective, based on the presumed *iuris tantum* of the former manager's fault for the losses caused to the financial institution.

8. The *fumus boni iuris* required for attachment under article 45 of Law No. 6.024/74 is but a perfunctory review of the actual legal feasibility of holding the former managers civilly liable.

9. Because the former managers' liability is subjective based on the presumed *tantum* of fault, the *fumus boni iuris* of the attachment will be achieved by a mere indication in the BACEN inquiry that there are liabilities unmet, while the former manager is assured the right to produce sufficient evidence to debunk said presumed fault.

10. The right to produce evidence to the contrary must be exercised by the means explicitly chosen for this purpose: the action for damages, under the provisions of article 46 of Law No. 6.024/74. Obviously, there is nothing to prevent the judge, before the action for damages is even filed, from ruling out the legal presumption of fault where the pieces of evidence are sufficient to support that.

11. In this case, the appellant succeeded in weakening the presumption of fault regarding the losses caused to the former Banco Nacional S/A, wherefore the attachment must be cancelled.

12. One cannot demand an examination of issues that are outside the statutory stipulations of the provisions allegedly breached, wherefore the hindrance to Precedent No. 284/STF cannot be ruled out where the arguments of an appeal to the Superior Court of Justice are disconnected from the provisions allegedly breached.

13. It is unfeasible to sentence the Public Prosecutors' Office to pay court costs and attorney's fees as a result of a protective order filed for in preparation for a civil public action for damages against former managers of financial institutions not being granted, unless bad faith is demonstrated.

14. Appeal to the Superior Court of Justice partially examined and, on this point, partially granted.

(REsp 819.217/RJ, Judge-Rapporteur Massami Uyeda, Third Panel, judged on September 17, 2009, DJe issue of November 6, 2009.)

**CIVIL AND COMMERCIAL PROCEDURAL LAW. PIERCING OF THE CORPORATE VEIL OF A FINANCIAL INSTITUTION UNDER OUT-OF-COURT LIQUIDATION IN THE RECORDS OF ITS BANKRUPTCY PROCEEDINGS. POSSIBILITY. ATTACHMENT OF THE MANAGER'S ASSETS IS POSSIBLE WHERE THE SAME BENEFITS FROM ABUSE OF THE CORPORATE VEIL.**

- Piercing the corporate veil is not a civil liability rule, does not depend on proof of fault, must be recognized in the records of the foreclosure proceedings, whether individual or collective, and, lastly, affects those individuals who actually benefitted from abusing the corporate veil, irrespective of whether they were shareholders or just managers.

- Despite not being a shareholder in the liquidated and bankrupt financial institution, the managers are accountable for any events to which they have given rise or any omissions incurred, under article 39 of Law No. 6.024/74, as well as jointly and severally liable for any obligations assumed by the financial institution under their management until such obligations are met, as set forth in article 40 of Law No. 6.024/74. In such cases, the managers' liability is subjective, based on fault or presumed fault, according to the precedents of this Court, which fault requires a specific legal action in order to be ascertained.

- The managers' liability under Law No. 6.024/74 cannot be confused with the piercing of the corporate veil. The corporate veil requires the person being called out as liable to have benefitted. Liability, on the contrary, does not require such benefit, but only fault. Accordingly, the manager having culpably and unlawfully contributed to harming the creditors of a financial institution as a community, without obtaining any personal benefit, is subject article 46 of Law No. 6.024/74, but cannot be properly subject to the piercing of the corporate veil.

Appeal to the Superior Court of Justice granted.

(REsp 1036398/RS, Judge-Rapporteur Nancy Andrighi, Third Panel, judged on December 16, 2008, DJe issue of February 2, 2009.)

Civil and banking law. Out-of-court liquidation of a Consortium by the Central Bank under Law No. 6.024/74. Filing of a civil public action for damages against the managers. The theory that their liability was subjective was accepted by the lower Court based on article 40 of Law No. 6.024/74. Reversal of judgment.

- The Public Prosecutors' Office is the legitimate party to file an action for damages against managers at financial institutions or consortiums aiming to have them held liable for damages caused. With the company's bankruptcy, the Public Prosecutors' Office has to be replaced by the company's administrator. The delay to make such replacement, however, does not mean the lawsuit is null. Precedent.

- The rule laid down in article 39 of Law No. 6.024/74 regulates an event of contractual liability, and that of article 40 of the same law an event of tort. However, both rules establish the subjective liability of managers of financial institutions or consortiums. In order to be able to assign strict liability, there must be an explicit provision, which Law No. 6.024/74 does not provide. Article 40 merely complements article 39, providing for a joint and several liability it does not contemplate.

- Nevertheless, Law No. 6.024/74 does authorize reversal of the burden of proof, making it incumbent upon the institution's managers to demonstrate that they acted with due care and thus prevent themselves from being held liable for the losses caused.

- Since the defendants have not been afforded an opportunity to demonstrate their absence of fault, the process need to be annulled to that the lawsuit may go into discovery, with the records being returned to the lower court.

Appeal to the Superior Court of Justice granted.

(REsp 447.939/SP, Judge-Rapporteur Nancy Andrighi, Third Panel, judged on October 4, 2007, DJ issue of October 25, 2007, p. 166.)

Note, for expediency, that the complaint put forward a proper request, having named the management period and the name and title of each of the co-defendants (pp. 27-92), wherefore there are no grounds to speak of any generic allegation or lack of individualized conduct. The matter refers, *a priori*, to joint and several liability, it being incumbent upon the appellants to have their defense underpinned by their non-participation/culpability in the facts/irregularities set forth in the complaint delimiting the subject matter of the lawsuit.

Therefore, the appeal against the reversal of the burden of proof is not valid, as such reversal was properly ordered based on the country's case-law understanding.

Concerning the second point raised in this appeal, however, it is shown that the public deeds of donation between parent and child were recorded on May 24, 2012, a few days after RAET was decreed, which took place on June 4, 2012, and the relevant notarial records were made after said date, specifically on June 15, 2012 (pp. 291-313).

Note, further, that the motion for protective order to attach the assets donated by appellant Luis Octávio was submitted by the bankruptcy trustee based on article 45 of Law No. 6.024/74 and supported by a case-law precedent of the Hon. STJ (pp. 285-289). To wit:

*Art. 45. Having concluded that there have been losses, the inquiry and its respective report shall be referred by the Central Bank of Brazil to the bankruptcy Judge or to whom has competent jurisdiction to decree bankruptcy, who will do so in consultation with the Public Prosecutors' Office, which, in turn, within eight days, under penalty of liability, will request attachment of as much of the former managers' assets having not been affected by the asset freeze set forth in article 36 as will suffice for the liability to be established.*

*§ 1. In the event of intervention or out-of-court liquidation, the assignment of the inquiry to the Court of competent jurisdiction as provided in this article prevents the jurisdiction of the same Court in case bankruptcy is decreed.*

*§ 2. Once the assets have been attached, they will be placed in the hands of the intervener, the liquidator or the administrator, as the case may be, which depository shall administer them, receive their respective revenues and render account at the end.*

**APPEAL TO THE SUPERIOR COURT OF JUSTICE. OUT-OF-COURT LIQUIDATION. FINANCIAL INSTITUTION. FORMER MANAGERS. ASSET FREEZE. ATTACHMENT. MOTION BY THE PUBLIC PROSECUTORS' OFFICE. POSSIBILITY. LAW NO. 6.024/74, ARTICLES 36 AND 45. DEFECTIVE COMPLAINT. NON-CHARACTERIZATION. APPEAL DENIED.**

1. Under the consolidated case law of the Superior Court of Justice, the attachment set forth in article 45 of Law No. 6.024/74—which aims to protect the utility of actions for damages against former managers of financial institutions—can apply to the same assets as previously affected by the asset freeze set forth in article 36 of the same Law arising out of the act of intervention, out-of-court liquidation or bankruptcy of a financial entity.

2. Since attachment is a protective measure aimed at securing assets to ensure foreclosure on a specified amount, enabling the future conversion thereof into attachment, it does not need to be linked with a specific asset.

3. For the attachment set forth in article 45 of Law No. 6.024/74, it suffices to attach the debtor's assets up to the limit of the losses determined in the inquiry conducted by the Central Bank, thereby ensuring that, with a future disposal, the affected assets can generate money to cover any losses and damages verified in the action for damages against former managers at the financial institution.

4. In this case, the mere reference, in the motion for protective order to attach, to the frozen assets listed in the BACEN's inquiry report does not make the complaint defective because there was no strict need to name or specify assets that, after all, had already been listed.

5. Appeal to the Superior Court of Justice denied.

(REsp 487.921/SP, Judge-Rapporteur Raul Araújo, Fifth Panel, judged on September 20, 2012, DJe issue

of May 2, 2013.)

Subsequently, invoking the provisions of articles 168 and 169 of the CC/02, the bankruptcy trustee pondered as follows:

*"4. Nor does it matter at all what the date of the public deed of donation is because, as widely known, 'the property is transferred* inter vivos *upon registration of the transfer instrument with the Real Estate Registry' and 'as long as the transfer instrument is not registered, the transferor continues to be the owner of the property' (art. 1,245, introduction provision and § 1, of the Civil Code).*

*5. Accordingly, at the time of registration of the donation with the relevant registry, Defendant Luis Octávio was already not allowed to dispose of his assets because RAET had been decreed"* (p. 319, emphasis in the original).

Therefore, there is no basis for contemplating nullity of the ruling due to lack of appropriate justification, as it was made clear, albeit succinctly, that the honorable lower Court used the same grounds as invoked by the bankruptcy trustee as the reason for its decision, with no repetitions required.

In his reply to the appeal, the bankruptcy trustee signified his position in the following terms:

*"36. As regards the claim that the property donated by Appellant Luiz Octavio to his son is their place of residence, the records show no document whatsoever, nor does the Interlocutory Appeal, proving there is a family property or even mentioning what their residence property was, as* **five (5) properties were donated.**

*37. Now, if the reason for donating shortly before the RAET decree was to ensure his son had a home, then there was no reason to donate 5 properties, none of which has been proved to be a family property.*

*38. As it is well known,* **on June 4, 2012** *the Central Bank of Brazil decreed Temporary Special Administration (RAET) of Banco Cruzeiro do Sul S/A under Decree-Law No. 2.321/1987, it being understood that, in order for such decision to be carried out, there is a prior investigation by the Central Bank, and with clear indications of fraud, the measure was decreed, i.e. prior to the RAET decree, the managers and controlling shareholders already knew of the possibility that such measure might apply.*

*39. According to documents entered in the original records,* **on June 15, 2012** *Appellant Luis Octavio Azeredo Lopes Índio da Costa* **donated five properties to his son** *Octavio Ferro Índio da Costa that are registered with the Cotia Real Estate Registry under title records Nos. 63,251, 63,252, 63,253, 63,254 and 63,255.*

*40. Article 19 of Decree-Law No. 2.123/1987 provides that 'the temporary special administration regulated by this Decree-Law is subject to the provisions of Law No. 6.024, dated March 13, 1974, that do not conflict therewith* **and, in particular, the protective measures intended to hold the former managers liable.***'*

*41. Therefore, the donations made by Appellant Luis Octavio are subject to the provisions of article 36, introduction provision and § 1, of Law No. 6.024/1974, to wit:*

*Art. 36. The managers of financial institutions under intervention, out-of-court liquidation or bankruptcy will all have their assets frozen* **and in no way may they dispose of or encumber them, either directly or indirectly,** *until their liabilities are determined and finally settled.*

*§ 1.* **The assets freeze set forth in this article arises from the act decreeing the intervention,** *out-of-court [liquidation] or bankruptcy and affects all those having held offices within the twelve months prior to that same act. (Emphasis ours.)*

*42. By donating the properties to his descendent eleven (11) days* **AFTER** *the RAET decree, i.e. when all of his assets already were* **FROZEN***, Appellant Luis Octavio* **ENGAGED IN AN ACT FORBIDDEN BY THE LAW***, which makes the* **legal transaction null and void***, in accordance with article 166, section VII, of the Civil Code, to wit:*

*Art. 166.* **A legal transaction is null where:**

*(...)*

*VII-* **the law** *categorically declares it null or* **prohibits the conclusion thereof without imposing any**

*sanctions. (Our emphasis.)*

*43. On this point, Paulo Lôbo explains as follows:*

*Nullity can be implicit where the law, while not declaring a certain legal transaction null, prohibits it without explicitly providing for the consequence of such prohibition. Legislators can use various phrasings, such as 'cannot', 'is prohibited' or 'is illegal.' Example: Article 426 of the Civil Code provides: 'the inheritance of a living person cannot be the subject of a contract.' Nullity may lie in a conduct that conflicts with that set forth by law, article 499 being an example, as it provides that a purchase and sale between spouses is lawful as regards assets excluded from the community property; consequently, the purchase and sale, between spouses, of assets included in the community property is null (unlawful).*

*44. Sílvio de Salvo Venosa, for his part, teaches as follows:*

*This Code also states, in furtherance of a better understanding of the issue, that a legal transaction shall be null when the law prohibits it without imposing any sanctions. Accordingly, the interpreter's reasoning becomes simpler: in view of the expressions that can be found: 'cannot', 'is forbidden', 'is prohibited,' etc., without any sanctioning observations otherwise, the transaction shall be null.*

*45. In effect, while a donation between parent and child is not,* a priori, *null, in this specific case, Appellant Luis Octavio* **disposed of the properties when all of these assets were frozen** *by reason of the RAET decree.*

*46. Accordingly, given the patent nullity of the donation, it is imperative that the properties disposed of be attached as a precaution, in accordance with article 45 of Law No. 6.024/1974 and articles 300 and 301 of the New Code of Civil Procedure, to wit:*

*Art. 45. Having concluded that there have been losses, the inquiry and its respective report shall be referred by the Central Bank of Brazil to the bankruptcy Judge or to whom has competent jurisdiction to decree bankruptcy, who will do so in consultation with the Public Prosecutors' Office, which, in turn, within eight days, under penalty of liability, will request attachment of as much of the former managers' assets having not been affected by the asset freeze set forth in article 36 as will suffice for the liability to be established.*

*Art. 300. Interim relief shall be granted where there are elements demonstrating the probability of the right and the danger of damage or risk to the useful outcome of the proceedings.*

*§ 1. To grant an interim relief, the judge may, as the case may be, demand a collateral bond or personal guarantee suitable to compensate for any damage the other party may suffer, which guarantee may be waived if an economically not self-reliant party cannot provide it.*

*§ 2. Interim relief can be granted either preliminarily or upon previous justification.*

*§ 3. No preliminary interim relief will be granted where there is a danger of irreversibility of the effects of such decision.*

*Art. 301. A protective interim relief may be granted by way of attachment, seizure, enrollment of assets, registration of protest against disposal of the relevant asset or any other suitable measure to ensure the right in question.*

*47. The case law goes in the same direction:*

*APPEAL TO THE SUPERIOR COURT OF JUSTICE. CIVIL PROCEDURE.* **OUT-OF-COURT LIQUIDATION. FORMER MANAGERS. INALIENABILITY OF ASSETS. ATTACHMENT. MOTION BY THE PUBLIC PROSECUTORS' OFFICE. POSSIBILITY. LAW NO. 6.024/74. ARTICLES 36 AND 45.** *DEFECTIVE COMPLAINT. NON-CHARACTERIZATION. APPEAL DENIED.*

*1.* **Under the consolidated case law of the Superior Court of Justice, the attachment set forth in article 45 of Law No. 6.024/74—which aims to protect the utility of actions for damages against former managers of financial institutions—can apply to the same assets as previously affected by the asset freeze set forth in article 36 of the same Law arising out of the act of intervention, out-of-court liquidation or bankruptcy of a financial entity.**

*2.* **Since attachment is a protective measure aimed at securing assets to ensure foreclosure on a**

*specified amount, enabling the future conversion thereof into attachment, it does not need to be linked with a specific asset.*

*3. For the attachment set forth in article 45 of Law No. 6.024/74, it suffices to attach the debtor's assets up to the limit of the losses determined in the inquiry conducted by the Central Bank, thereby ensuring that, with a future disposal, the affected assets can generate money to cover any losses and damages verified in the action for damages against former managers at the financial institution.*

*4. Therefore, the mere reference, in the motion for protective order to attach, to the frozen assets listed in the BACEN's inquiry report does not make the complaint defective because there was no strict need to name or specify assets that, after all, had already been listed.*

*5. Appeal to the Superior Court of Justice denied. (Our emphasis.)*

**(STJ, 4ᵗʰ Panel - REsp No. 487.927/SP, Rapporteur Raul Araújo, judged on September 20, 2012)**

*48. Accordingly, all assets standing in the name of the Appellants are to be kept frozen, especially the five (5) properties that have been donated to the son of Appellant Luiz Octavio Azeredo Lopes Índio da Costa"* (pp. 459-462, emphasis in the original).

Similarly, a quote follows from an excerpt of the opinion issued by the eminent Office of the Attorney General:

*"At this step, considering that the transfer of five properties from the bankrupt party to the son of appellant Luis Octavio Azeredo Lopes Índio da Costa was formally concluded after the RAET decree, under article 36, § 1, of Law No. 6.024/74, there could be no solution to the dispute other than one towards acknowledging the nullity of that donation, and the motion by the appellants can therefore not stand"* (p. 469).

Indeed, the records show no document capable of proving the date on which the instruments were pre-notated, nor which of the Real Estate Registry's demands alleged were that delayed the recording procedure.

Without prejudice, considering that the donee was not a party to the underlying lawsuit, the appeal's theory that the absence of his reply on the attachment claims would taint the proceeding is not valid. In effect, the adversarial system was ensured and exercised by appellant Luis Octávio himself, in his capacity as father to the minor and incompetent donee (pp. 314-317).

Even if it weren't so, it would be incumbent upon the third party who is not a party to the lawsuit to directly appeal to the Court due to a loss allegedly arising out of the authorized attachment. Either way, the third-party reply would be allegedly not prior, but subsequent.

As for the alleged impossibility to attach, it is noted that the donated properties are located in the Judicial District of Cotia, whereas the records show, on pp. 297-313, that the donee lived in the Judicial District of the State Capital. Moreover, any impossibility to attach could not apply to all donated properties, so much so that the title records of some of them already show entries concerning attachments ordered by the federal criminal sphere (pp. 308, 313).

In this context, there are no elements capable of scrapping the court convictions already set out in the preliminary decision denying the interim relief sought by the appellants, and given the agreement of the Hon. PGJ (pp. 467-469), it follows that the confirmation of the respectable decision appealed against is a measure that imposes itself as appropriate.

It is also important to **point out** that the appellants' conduct, as described, is not consistent with the good faith that must be present in business relationships and the proceedings. Accordingly, a warning is given about the possibility that the penalties provided for in the procedural law may apply due to an action affronting the dignity of Justice, as set forth in article 772, section II, of the CPC/15. In addition, the Public Prosecutors' Office, which follows the case, can also take further action if appropriate.

Lastly, every constitutional and infra-constitutional matter raised in the records is hereby deemed pre-challenged, thereby avoiding the filing of a motion for clarification for this purpose.

In view of the foregoing, **I hereby deny** the appeal, **with remarks.**

**Carlos Dias Motta**

Rapporteur

Interlocutory Appeal No. 2172463-21.2017.8.26.0000 - São Paulo - Opinion No. 12631 - p.

This document is a copy of the original digitally signed by CARLOS DIAS MOTA and released in the records on February 22, 2018 at 5:55 p.m.

To view the original, go to https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, and enter docket No. 2172463-21.2017.8.26.0000 and code 7C4C28F.

**TRIBUNAL DE JUSTIÇA**
**PODER JUDICIÁRIO**
São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

Registro: 2018.0000097056

## ACÓRDÃO

Vistos, relatados e discutidos estes autos do Agravo de Instrumento nº 2172463-21.2017.8.26.0000, da Comarca de São Paulo, em que são agravantes LUIZ OCTAVIO AZEREDO LOPES ÍNDIO DA COSTA, LUIS FELIPPE INDIO DA COSTA e MARIA LUISA GARCIA DE MENDONÇA, é agravado MASSA FALIDA DO BANCO CRUZEIRO DO SUL S/A.

ACORDAM, em 1ª Câmara Reservada de Direito Empresarial do Tribunal de Justiça de São Paulo, proferir a seguinte decisão: "Negaram provimento ao recurso, com observação. V. U.", de conformidade com o voto do Relator, que integra este acórdão.

O julgamento teve a participação dos Exmos. Desembargadores ALEXANDRE LAZZARINI (Presidente) e CESAR CIAMPOLINI.

São Paulo, 21 de fevereiro de 2018.

CARLOS DIAS MOTTA

RELATOR

Assinatura Eletrônica

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



TRIBUNAL DE JUSTIÇA
PODER JUDICIÁRIO
São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

Agravo de Instrumento nº 2172463-21.2017.8.26.0000

Agravantes: Luiz Octavio Azeredo Lopes Índio da Costa, Luis Felipe Indio da Costa e Maria Luisa Garcia de Mendonça
Agravado: Massa Falida do Banco Cruzeiro do Sul S/A
Interessados: Laspro Consultores Ltda, Charles Alexander Forbes, Fabio Caramuru Correa Meyer, Fabio Rocha do Amaral, Flavio Nunes Ferreira Rietmann, Horácio Martinho Lima, José Carlos Lima de Abreu, Maria Luísa Garcia de Mendonça, Progresso Vaño Puerto, Renato Alves Rabello, Roberto Vieira da Silva de Oliveira Costa, Sergio Marra Pereira Capella, Luiz Whately Thompson, Kpmg Auditores Independentes e Ernst & Young Auditores Independendetes S.s.

Comarca: São Paulo

Voto n. 12631

**Agravo de instrumento**. Recurso interposto contra a r. decisão que: 1) nos termos do art. 36 da Lei nº. 6.024/1974, reconheceu a nulidade do ato de doação, realizado após a decretação do RAET, que transferiu imóveis do agravante Luis Octavio Azeredo Lopes Índio da Costa para seu filho, determinando o arresto dos referidos bens; e 2) manteve a inversão do ônus da prova em desfavor dos agravantes. Ação de responsabilidade civil ajuizada pelo MPE, com fundamento nos arts. 39 e 40 da Lei nº. 6.024/74 e amparo em relatório da comissão de inquérito do Bacen, que apurou supostos prejuízos a terceiros, da ordem de R$ 2.236.782.000,00. Polo ativo posteriormente assumido pela massa falida, com a apresentação de resposta pelos agravantes, seguida de réplica, em que se alegou culpa presumida dos administradores da instituição financeira falida. Orientação jurisprudencial há tempos preconizada pelo C. STJ e referendada por este E. TJSP, no sentido da possibilidade de inversão do ônus probatório, cabendo aos agravantes apresentarem provas que afastem a culpa presumida por eventuais prejuízos causados durante os períodos de suas gestões. Precedentes. Inicial que veiculou pedido certo, apontando períodos de gestão, nomes e cargos de cada um dos corréus. Não há falar, portanto, em acusação genérica nem em falta de conduta individualizada, haja vista tratar-se, *a priori*, de

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

responsabilidade solidária, cabendo aos agravantes pautarem suas defesas na não participação/culpabilidade nos fatos/irregularidades descritos na exordial, que delimita o objeto da ação. Escrituras públicas de doação entre ascendente e descendente lavradas em 24/05/2012, poucos dias antes da decretação do RAET (04/06/2012). Registros em cartório lavrados em 15/06/2012. Requerimento de arresto cautelar dos bens doados formulado pelo administrador judicial com base no artigo 45 da Lei nº. 6.024/74, em precedente jurisprudencial do C. STJ e nos artigos 168 e 169, ambos do CC/02. Ausência de nulidade por falta de motivação adequada. Possibilidade de adoção judicial dos mesmos fundamentos invocados pelo administrador judicial como razão de decidir, prescindindo de repetição. Hipótese em que não consta dos autos documento apto a comprovar a data em que os títulos foram prenotados, nem quais exigências do CRI teriam retardado o procedimento de registro. Donatário que não era parte na ação subjacente, de sorte que a falta de sua manifestação sobre o arresto não macula o processo. Contraditório que foi assegurado e exercido pelo próprio agravante Luis Octávio, na condição de pai do donatário menor e incapaz. Subsidiariamente, cabe ao terceiro que não é parte recorrer diretamente ao Juízo em caso de prejuízo decorrente de constrição autorizada. Manifestação do terceiro que não seria prévia, mas sim posterior. Impenhorabilidade não evidenciada. Imóveis doados que se localizam na Comarca de Cotia. Donatário que, contudo, residiria na Comarca da Capital. Eventual impenhorabilidade que não poderia recair sobre todos os imóveis doados, tanto que nas matrículas de alguns deles já constam registros relativos a sequestros determinados pela esfera federal criminal. Ausentes elementos aptos a elidir as convicções judiciais esposadas na decisão que indeferiu a liminar e diante da concordância da D. PGJ, tem-se que a confirmação da r. decisão recorrida é medida que se impõe. Cabe, ainda, observar que a conduta dos agravantes, pelo quanto exposto, não condiz com a boa-fé que deve estar presente nas relações negociais e nos processos. Assim, fica a advertência quanto à possibilidade de serem aplicadas as penas previstas na lei processual, por ato atentatório à dignidade da Justiça, nos termos do art. 772, II, do CPC/15. Além disso, o Ministério Público, que acompanha o processo, também poderá tomar outras providências acaso cabíveis. **Recurso desprovido, com observações.**

Vistos.

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

Trata-se de Agravo de Instrumento, com requerimento de efeito suspensivo, interposto por Luiz Octavio Azeredo Lopes Índio da Costa (e outros), em razão da r. decisão de fls. 330/332, proferida pelo MM. Juízo da 2ª Vara de Falências e Recuperações Judiciais da Comarca da Capital, que, na parte em que interessa ao presente recurso, assim decidiu: "*Vistos. Fls. 6.442: a transferência dos imóveis realizadas a Octavio Ferro Índio da Costa, filho de Luís Octavio Azeredo Lopes Índio da Costa, foi realizada após a decretação do RAET, ainda que a escritura tenha sido realizada anteriormente. Nos termos do art. 36, da lei 6.024/1974, o administrador está impedido de alienar ou onerar seus ativos, de modo que reconheço a nulidade da efetiva transferência dos imóveis ao seu filho. Logo, determino o arresto de todos os referidos imóveis indicados a fls. 6355/6359, pois reconheço a nulidade da doação, eis que a propriedade foi transferida quando os bens já eram indisponíveis ao alienante. Proceda-se ao bloqueio via RENAJUD e oficie-se aos respectivos cartórios para averbação do bloqueio de transferência. [...]. Fls. 6469: Recebo os embargos de declaração, eis que tempestivos. No mérito, dou-lhes provimento para sanar obscuridade. Esclareço que a Massa Falida foi condenada em razão de ter prosseguido com a ação intentada pelo Ministério Público. Eventuais irregularidade no processo administrativo não prejudicam a ampla defesa do réu, o qual poderá exercer plenamente o seu direito ao contraditório nesse processo, inclusive "apresentar documentos e esclarecimentos" (fls. 6.473). Quanto ao ônus da prova, possível sua inversão diante dos fatos apresentados e da possibilidade de demonstração pelas partes de que não desenvolviam funções correlatas aos supostos atos ilícitos ou realizaram todo o necessário a evitar que fossem praticados. Aplica-se ao caso a teoria da carga dinâmica das provas*".

Alegam os agravantes, em resumo, que: o Ministério

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

Público (posteriormente substituído pela massa falida, representada pelo administrador judicial) ajuizou ação de responsabilidade, com fundamento na Lei nº. 6.024/74, contra os antigos administradores do Banco falido, amparado em relatório da comissão de inquérito do Bacen que apurou supostos prejuízos a terceiros, da ordem de R$ 2.236.782.000,00; a inicial defendia que a responsabilidade civil seria objetiva ou, subsidiariamente, subjetiva, mas com culpa presumida; tal relatório da comissão de inquérito do Bacen não é fidedigno; a responsabilidade dos agravantes é subjetiva e deve ser comprovada pela parte autora a partir de uma análise individualizada da conduta de cada um; o primeiro aspecto do recurso volta-se contra a inversão do ônus da prova, que impôs aos agravantes a produção de prova diabólica; o *decisum* padece de nulidade, pois não foi adequadamente motivado, e nem poderia ser, pois inexiste justificativa plausível para a inversão do ônus probante no caso em comento; ao modular a regra geral de distribuição do ônus da prova, o MM. Juízo *a quo* induziu verdadeira presunção de culpa; a inversão do ônus probatório é medida deveras excepcional; os artigos 39 e 40 da Lei nº. 6.024/74 têm nítido caráter de sanção, devendo-se observar a presunção de inocência; a empresa IMS apagou a memória de todos os computadores do Banco falido, o que dificulta a produção de provas em favor dos agravantes; existem precedentes jurisprudenciais do C. STJ admitindo, em determinados casos concretos, a possibilidade de inversão do ônus da prova, o que não significa que tal ônus deve, em todo e qualquer caso, ser invertido para recair exclusivamente sobre os administradores, independente de fundamentação; a Lei nº. 6.024/74 não confere carta branca para interver o ônus da prova em ações de responsabilidade de administradores de instituições financeiras falidas; o segundo aspecto do recurso volta-se contra o reconhecimento judicial da nulidade das transferências de imóveis

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

realizadas entre o agravante Luis Octávio e seu filho, terceiro prejudicado que sequer esteve na administração da instituição financeira que passou por intervenção; o *decisum* padece de nulidade, pois não foi adequadamente motivado; o imóvel objeto da doação constitui domicílio da entidade familiar, composta por pai e filho, não podendo ser objeto de constrição; a referida doação, realizada por escritura pública em 24/05/2012, efetivou-se antes da decretação do RAET (ocorrida em 04/06/2012), o que afasta a incidência do disposto no artigo 36 da Lei nº. 6.024/74, exceto da previsão contida em seu § 3º, que trata dos bens considerados inalienáveis ou impenhoráveis nos termos da lei; apenas as respectivas averbações nas matrículas dos imóveis foram feitas em momento posterior ao RAET, o que decorreu de questões de burocracias cartorárias; em outras palavras, a data da averbação, nesse caso, é completamente irrelevante; inexiste qualquer indício de ocultação ou esvaziamento patrimonial, tampouco houve tentativa de prejudicar credores, sendo mera hipótese de antecipação de legítima; não se pode admitir o bloqueio do imóvel sem intimação prévia do proprietário para exercício do contraditório; a constrição impugnada constitui desnecessária sanção patrimonial antecipada; não sendo hipótese de incidência do artigo 36, § 1º, da Lei nº. 6.024/74, que prevê a indisponibilidade automática e irrestrita, a ineficácia da transação não poderia ter sido presumida, sendo necessária a demonstração do *consilium fraudis,* nos termos do artigo 36, § 2º, "b", da Lei nº. 6.024/74.

O requerimento de efeito suspensivo foi indeferido (fls. 427/440).

O recurso foi regularmente processado, com apresentação de resposta pelo administrador judicial (fls. 445/463).

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

A D. Procuradoria Geral de Justiça opinou pelo desprovimento do recurso (fls. 467/469).

Houve manifesta oposição ao julgamento virtual do presente feito (fls. 426).

É o relatório.

Decido:

Compulsando os autos, verifica-se que o Ministério Público ajuizou, em face dos agravantes e outros, ação de responsabilidade civil, fundada nos artigos 39 e 40 da Lei nº. 6.024/74, fazendo-o com amparo em relatório da comissão de inquérito do Bacen que apurou supostos prejuízos a terceiros, da ordem de R$ 2.236.782.000,00 (fls. 27/92).

O polo ativo foi assumido pela massa falida (fls. 386/388), e a ação foi contestada pelos interessados (fls. 93/264). Em réplica, a massa falida, representada pelo administrador judicial, alegou culpa presumida dos administradores, requerendo o julgamento antecipado da lide (fls. 389/424).

Pois bem, quanto ao primeiro aspecto suscitado neste recurso, é cediça a orientação jurisprudencial há tempos preconizada pelo C. STJ e referendada por este E. TJSP, no julgamento de casos absolutamente análogos ao presente, no sentido da possibilidade de inversão do ônus probatório em ações fundadas nos artigos 39 e 40 da Lei nº. 6.024/74, cabendo aos agravantes apresentarem provas que afastem a culpa presumida por eventuais prejuízos causados durante os períodos de suas gestões. Nesse sentido, confira-se:

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



TRIBUNAL DE JUSTIÇA
PODER JUDICIÁRIO
São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

AÇÃO CIVIL PÚBLICA. RESPONSABILIDADE DE ADMINISTRADORES DE INSTITUIÇÕES FINANCEIRAS. LEI Nº 6.024/1974. PROVA PERICIAL. FALTA DE DELIMITAÇÃO DA CONDUTA INDIVIDUAL DE CADA ADMINISTRADOR. SUPOSTA IMPRESTABILIDADE DO LAUDO PRODUZIDO. Agravo de instrumento contra a decisão que afastou a impugnação ao laudo pericial. O Egrégio Superior Tribunal de Justiça, quando instado a se posicionar sobre a interpretação dos artigos 39 e 40, da Lei nº 6.024/74, em ações civis públicas ajuizadas para responsabilização de administradores de instituições financeiras, manifestou entendimento seguro de que a responsabilidade desses agentes é subjetiva, o que, a princípio, conduziria à delimitação estreita dos atos ilícitos cometidos por cada um deles. Entretanto, não se pode olvidar entendimento do Egrégio Superior Tribunal de Justiça no sentido do cabimento da inversão do ônus da prova nestes casos. Isto significa dizer que caberá aos Administradores, cujos períodos de atuação foram bem delimitados no laudo pericial, apresentar prova que afaste a culpa pelos prejuízos causados no período de sua gestão. Ao contrário do que afirmou o agravante, a prova pericial produzida não acarretou violação aos princípios do contraditório e da ampla defesa. Isto porque poderão os réus demonstrar a boa gestão implementada, de modo a afastar a culpa presumida. Recurso não provido, com determinação.

(TJSP; Agravo de Instrumento 2213361-81.2014.8.26.0000; Relator: Carlos Alberto Garbi; Órgão Julgador: 2ª Câmara Reservada de Direito Empresarial; Foro Central Cível - 2ª Vara de Falências e Recuperações Judiciais; Data do Julgamento: 02/12/2015; Data de Registro: 03/12/2015)

RECURSO ESPECIAL - INSTITUIÇÃO FINANCEIRA SOB REGIME DE ADMINISTRAÇÃO ESPECIAL TEMPORÁRIA (RAET) - ARRESTO DE BENS DE EX-ADMINISTRADORES - COMPETÊNCIA DE ÓRGÃOS DA 2ª SEÇÃO DO SUPERIOR TRIBUNAL DE JUSTIÇA - CONFIGURAÇÃO - ANÁLISE DE RECEPÇÃO DA LEI N. 6.024/74 PELA CONSTITUIÇÃO FEDERAL DE 1.988 - INVIABILIDADE - AFRONTA AO ART. 165 E 468 DO CPC POR FALTA DE FUNDAMENTAÇÃO - NÃO OCORRÊNCIA - OMISSÃO PELO ACÓRDÃO A QUO - INEXISTÊNCIA - LEGITIMIDADE DO PARQUET CARIOCA EM PROSSEGUIR EM AÇÃO QUE, EM RAZÃO DE DECLARAÇÃO DE INCOMPETÊNCIA, FOI REMETIDA

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

PARA JUÍZO DO RIO DE JANEIRO - CARACTERIZAÇÃO - INCIDÊNCIA DO ARRESTO SOBRE BENS JÁ OBJETO DA INDISPONIBILIDADE DO ART. 36 DA LEI DE INTERVENÇÃO E LIQUIDAÇÃO EXTRAJUDICIAL DE INSTITUIÇÕES FINANCEIRAS - ADMISSIBILIDADE - ARRESTO DE BENS DE EX-ADMINISTRADORES - FUMUS BONI IURIS APOIADO APENAS NA CONSTATAÇÃO DO INQUÉRITO DO BANCO CENTRAL ACERCA DA EXISTÊNCIA DE PREJUÍZOS - POSSIBILIDADE, DADA A PRESUNÇÃO IURIS TANTUM DE CULPA DOS EX-ADMINISTRADORES - LEGITIMIDADE DO PARQUET OU DO BANCO CENTRAL PARA BUSCAR A RESPONSABILIZAÇÃO DE EX-ADMINISTRADORES DE INSTITUIÇÃO FINANCEIRA SOCORRIDA PELO PROGRAMA DE ESTÍMULO À REESTRUTURAÇÃO E AO SISTEMA FINANCEIRO NACIONAL (PROER) - RAZÕES DO RECURSO ESPECIAL DIVORCIADAS DO ÂMBITO NORMATIVO DOS DISPOSITIVOS TIDOS POR VIOLADOS - SÚMULA N. 284/STF - INCIDÊNCIA - CONDENAÇÃO DO PARQUET AO PAGAMENTO DOS ÔNUS SUCUMBENCIAIS EM MEDIDA CAUTELAR PREPARATÓRIA DE AÇÃO CIVIL PÚBLICA DE RESPONSABILIDADE DE EX-ADMINISTRADORES - IMPOSSIBILIDADE, SALVO MÁ-FÉ - RECURSO ESPECIAL CONHECIDO PARCIALMENTE E, NESSA EXTENSÃO, PROVIDO EM PARTE.

1. Compete aos órgãos da 2ª Seção do STJ o processamento e julgamento de feitos relativos a providência cautelar de arresto preparatória de uma posterior ação civil de responsabilidade de ex-administradores de instituição financeira sob RAET.

2. A via do recurso especial não comporta o exame de suposta não recepção da Lei n. 6.024/74 pela Constituição Federal de 1.988.

3. Não carece de fundamentação a decisão que expõe, satisfatoriamente, os motivos da convicção do julgador.

4. Inexiste qualquer omissão no seio de acórdão que aprecie todas as questões fundamentais ao deslinde da controvérsia.

5. A remessa de demanda ajuizada pelo Ministério Público local para Juízo de outro Estado da Federação por força de declaração de incompetência não impede que o Parquet desse outro Estado prossiga no patrocínio do feito.

6. A indisponibilidade de bens prevista no art. 36 da Lei n. 6.024/74 não obsta o Ministério de Público de, até o limite

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

dos prejuízos apurados no inquérito instaurado pelo Banco Central, promover a ação cautelar de arresto sobre todo o acervo patrimonial dos ex-administradores, com inclusão dos bens indisponíveis.

7. A responsabilidade do art. 40 da Lei n. 6.024/74 é subjetiva, fundada na presunção iuris tantum de culpa do ex-administrador pelos prejuízos causados à instituição financeira.

8. O *fumus boni iuris* necessário para o arresto do art. 45 da Lei n. 6.024/74 nada mais é do que uma análise perfunctória da efetiva viabilidade jurídica da responsabilização civil dos ex-administradores.

9. Em razão de a responsabilidade dos ex-administradores ser subjetiva com base na presunção iuris tantum de culpa, o fumus boni iuris do arresto se contentará com a mera indicação pelo inquérito do BACEN acerca da existência de obrigações inadimplidas, assegurado, porém, ao ex-administrador erguer provas suficientes para derruir a referida culpa presumida.

10. O direito de produzir provas em contrário deve ocorrer no foro expressamente eleito para tanto: a ação de responsabilidade, por força do disposto no art. 46 da Lei n. 6.024/74. Obviamente, nada impedirá que o magistrado, antes mesmo da propositura da ação de responsabilidade, afaste a presunção legal de culpa quando os elementos probatórios forem suficientes para tanto.

11. Na espécie, o recorrente logrou infirmar a presunção de culpa pelos prejuízos causados à antigo Banco Nacional S/A, pelo que o arresto deve ser censurado.

12. Não há como forcejar o exame de questões alheias ao comando normativo dos dispositivos apontados como violados, de maneira que é inafastável o óbice da Súmula n. 284/STF quando as razões do recurso especial estiverem dissociadas dos preceitos tidos como afrontados.

13. É inviável a condenação do Ministério Público ao pagamento de custas e honorários advocatícios em decorrência de sucumbência em medida cautelar preparatória de ação civil pública de responsabilidade de ex-administradores de instituições financeiras, salvo comprovada má-fé.

14. Recurso especial conhecido parcialmente e, nesse ponto, parcialmente provido.

(REsp 819.217/RJ, Rel. Ministro Massami Uyeda, Terceira

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado
Turma, julgado em 17/09/2009, DJe 06/11/2009)

DIREITO PROCESSUAL CIVIL E COMERCIAL.
DESCONSIDERAÇÃO DA PERSONALIDADE JURÍDICA
DE INSTITUIÇÃO FINANCEIRA SUJEITA À LIQUIDAÇÃO
EXTRAJUDICIAL NOS AUTOS DE SUA FALÊNCIA.
POSSIBILIDADE. A CONSTRIÇÃO DOS BENS DO
ADMINISTRADOR É POSSÍVEL QUANDO ESTE SE
BENEFICIA DO ABUSO DA PERSONALIDADE JURÍDICA.

- A desconsideração não é regra de responsabilidade
civil, não depende de prova da culpa, deve ser
reconhecida nos autos da execução, individual ou
coletiva, e, por fim, atinge aqueles indivíduos que
foram efetivamente beneficiados com o abuso da
personalidade jurídica, sejam eles sócios ou
meramente administradores.

- O administrador, mesmo não sendo sócio da instituição
financeira liquidada e falida, responde pelos eventos que
tiver praticado ou omissões em que houver incorrido,
nos termos do art. 39, Lei 6.024/74, e, solidariamente,
pelas obrigações assumidas pela instituição financeira
durante sua gestão até que estas se cumpram, conforme o
art. 40, Lei 6.024/74. A responsabilidade dos
administradores, nestas hipóteses, é subjetiva, com base
em culpa ou culpa presumida, conforme os precedentes
desta Corte, dependendo de ação própria para ser apurada.

- A responsabilidade do administrador sob a Lei
6.024/74 não se confunde a desconsideração da
personalidade jurídica. A desconsideração exige
benefício daquele que será chamado a responder. A
responsabilidade, ao contrário, não exige este benefício,
mas culpa. Desta forma, o administrador que tenha
contribuído culposamente, de forma ilícita, para
lesar a coletividade de credores de uma instituição
financeira, sem auferir benefício pessoal, sujeita-se à ação
do art. 46, Lei 6.024/74, mas não pode ser atingido
propriamente pela desconsideração da personalidade
jurídica.

Recurso Especial provido.

(REsp 1036398/RS, Rel. Ministra Nancy Andrighi, Terceira
Turma, julgado em 16/12/2008, DJe 03/02/2009)

Direito civil e bancário. Liquidação extrajudicial de

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.

fls. 484



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

Consórcio, pelo Banco Central, com fundamento na Lei nº 6.024/74. Propositura de ação civil pública para a responsabilização dos administradores. Acolhimento, pelo Tribunal a quo, da tese de que seria objetiva sua responsabilidade, com fundamento no art. 40 da Lei nº 6.024/74. Reforma da decisão.

- O Ministério Público é parte legítima para propor a ação de responsabilidade em face dos administradores de instituições financeiras ou consórcios, visando a responsabilização pelos prejuízos causados. Com a falência da sociedade, o parquet tem de ser substituído pelo síndico da sociedade. A demora nessa substituição, todavia, não implica nulidade do processo. Precedente.

- A regra do art. 39 da Lei nº 6.024/74 regula uma hipótese de responsabilidade contratual; a do art. 40 da mesma lei, uma hipótese de responsabilidade extracontratual. Ambas as normas, porém, estabelecem a responsabilidade subjetiva do administrador de instituições financeiras ou consórcio. Para que se possa imputar responsabilidade objetiva, é necessário previsão expressa, que a Lei nº 6.024/74 não contém.O art. 40 meramente complementa o art. 39, estabelecendo solidariedade que ele não contempla.

- A Lei nº 6.024/74, todavia, autoriza a inversão do ônus da prova, de modo que compete aos administradores da instituição demonstrar que atuaram com o devido zelo, impedindo sua responsabilização pelos prejuízos causados.

- Não tendo sido conferido aos réus a oportunidade comprovar sua ausência de culpa, é necessária a anulação do processo para que o processo ingresse na fase de instrução, devolvendo-se os autos ao juízo de primeiro grau.

Recurso especial provido.

(REsp 447.939/SP, Rel. Ministra Nancy Andrighi, Terceira Turma, julgado em 04/10/2007, DJ 25/10/2007, p. 166)

Consigne-se, por oportuno, que a inicial veiculou pedido certo, apontando períodos de gestão, nomes e cargos de cada um dos corréus (fls. 27/92), de modo que não há falar em acusação genérica nem em falta de conduta individualizada. Trata-se, *a priori*,

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

de responsabilidade solidária, cabendo aos agravantes pautarem suas defesas na não participação/culpabilidade nos fatos/irregularidades descritos na exordial, que delimita o objeto da ação.

Não prospera, portanto, a insurgência recursal contra a inversão do ônus da prova, corretamente determinada na esteira do entendimento jurisprudencial pátrio.

Já em relação ao segundo aspecto suscitado no presente recurso, denota-se que as escrituras públicas de doação entre ascendente e descendente foram lavradas em 24/05/2012, poucos dias antes da decretação do RAET, ocorrida em 04/06/2012, tendo os respectivos registros em cartório sido lavrados após a referida data, notadamente em 15/06/2012 (fls. 291/313).

Observa-se, ainda, que o requerimento de arresto cautelar dos bens doados pelo agravante Luis Octávio foi formulado pelo administrador judicial com base no artigo 45 da Lei nº. 6.024/74 e amparo em precedente jurisprudencial do C. STJ (fls. 285/289). Nesse sentido, confira-se:

> *Art. 45. Concluindo o inquérito pela existência de prejuízos será ele, com o respectivo relatório, remetido pelo Banco Central do Brasil ao Juiz da falência, ou ao que for competente para decretá-la, o qual o fará com vista ao órgão do Ministério Público, que, em oito dias, sob pena de responsabilidade, requererá o seqüestro dos bens dos ex-administradores, que não tinham sido atingidos pela indisponibilidade prevista no artigo 36, quantos bastem para a efetivação da responsabilidade.*

> *§ 1º Em caso de intervenção ou liquidação extrajudicial, a distribuição do inquérito ao Juízo competente na forma deste artigo, previne a jurisdição do mesmo Juízo, na hipótese de vir a ser decretada a falência.*

> *§ 2º Feito o arresto, os bens serão depositados em mãos do*

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

*interventor, do liquidante ou do síndico, conforme a hipótese, cumprindo ao depositário administrá-los, receber os respectivos rendimentos e prestar contas a final.*

RECURSO ESPECIAL. PROCESSUAL CIVIL. LIQUIDAÇÃO EXTRAJUDICIAL. INSTITUIÇÃO FINANCEIRA. EX-ADMINISTRADORES. INDISPONIBILIDADE DE BENS. ARRESTO. REQUERIMENTO DO MINISTÉRIO PÚBLICO. POSSIBILIDADE. LEI 6.024/74, ARTS. 36 E 45. INÉPCIA DA PETIÇÃO INICIAL. NÃO CONFIGURAÇÃO. RECURSO DESPROVIDO.

1. Nos termos da jurisprudência consolidada no Superior Tribunal de Justiça, o arresto previsto no art. 45 da Lei 6.024/74 - o qual visa a resguardar a utilidade da ação de responsabilidade de ex-administradores de instituição financeira - pode incidir sobre os mesmos bens já atingidos pela indisponibilidade de que cuida o art. 36 da mesma Lei, oriunda do ato de intervenção, liquidação extrajudicial ou falência de entidade financeira.

2. Sendo o arresto providência cautelar que visa à constrição de bens para assegurar execução de quantia certa, possibilitando futura conversão em penhora, não precisa estar vinculado a bem específico.

3. No caso do arresto previsto no art. 45 da Lei 6.024/74, basta a constrição sobre bens do devedor, até o limite dos prejuízos apurados no inquérito instaurado pelo Banco Central, garantindo-se, assim, que, com futura alienação, possam os bens atingidos gerar dinheiro para saldar as eventuais perdas e danos verificadas na ação de responsabilidade de ex-administradores da instituição financeira.

4. Destarte, não importou em inépcia da inicial a simples remissão, na petição da cautelar de arresto, aos bens indisponíveis elencados no inquérito do BACEN, pois não havia rigorosa necessidade de enumerar ou especificar bens, de resto, já relacionados.

5. Recurso especial a que se nega provimento.

(REsp 487.921/SP, Rel. Ministro Raul Araújo, Quarta Turma, julgado em 20/09/2012, DJe 02/05/2013)

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

Posteriormente, invocando as disposições contidas nos artigos 168 e 169, ambos do CC/02, o administrador judicial ponderou, *in verbis*:

> *"4. Também não tem nenhuma importância a data da escritura pública de doação, pois, como é cediço, 'transfere-se entre vivos a propriedade mediante o registro do título translativo no Registro de Imóveis' e 'enquanto não se registrar o título translativo, o alienante continua a ser havido como dono do imóvel' (art. 1.245, caput e § 1º, do Código Civil).*
>
> *5. Assim, quando do registro da doação no cartório competente, o Réu Luis Octávio já não podia dispor de seus bens em razão da decretação do RAET."* (fls. 319 — grifos originais)

Assim, não há se cogitar de nulidade do *decisum*, por ausência de motivação adequada, visto que, ainda que sucintamente, ficou claro que o MM. Juízo *a quo* adotou os mesmos fundamentos invocados pelo administrador judicial como razão de decidir, prescindindo de repetição.

Já em contraminuta ao recurso interposto, o administrador judicial manifestou-se nos seguintes termos:

> *"36. No que tange à alegação de que o imóvel doado pelo Agravante Luiz Octavio ao seu filho é o local onde residem, não consta qualquer documento nos autos e nem neste Agravo de Instrumento que comprove existir bem de família, e sequer mencionou qual seria o imóvel de moradia, uma vez que foram doados 05 (cinco) imóveis.*
>
> *37. Ora, se a razão da doação momentos antes da decretação do RAET o foi para garantir moradia ao seu filho, não havia razões para doar 05 imóveis, dos quais nenhum se comprovou ser bem de família.*
>
> *38. Como é cediço, em 04/06/2012, o Banco Central do Brasil decretou o Regime de Administração Especial Temporária - RAET do Banco Cruzeiro do Sul S/A, com fulcro*

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



TRIBUNAL DE JUSTIÇA
PODER JUDICIÁRIO
São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

*no Decreto-Lei n° 2.321/1987, sendo que para tal decisão ser efetivada, há investigação prévia pelo Banco Central e, com os claros indícios de fraude, foi decretada a medida, isto é, antes da decretação do RAET os administradores e controladores já sabiam da possibilidade de tal medida ser aplicada.*

*39. Conforme juntado nos autos de origem, em 15/06/2012, o Agravante Luis Octavio Azeredo Lopes Índio da Costa doou cinco imóveis ao seu filho Octavio Ferro Índio da Costa, registrados no Cartório de Registro de Imóveis de Cotia, sob as matrículas n° 63.251, 63.252, 63.253, 63.254 e 63.255.*

*40. O art. 19, do Decreto-Lei n° 2.123/1987, determina que 'aplicam-se à administração especial temporária regulada por este decreto-lei as disposições da Lei n° 6.024, de 13 de março de 1974, que com ele não colidirem e, em especial, as medidas acautelatórias e promotoras da responsabilidade dos ex-administradores'.*

*41. Portanto, às doações ultimadas pelo Agravante Luis Octavio aplica-se o disposto no art. 36, caput e § 1°, da Lei n° 6.024/1974, in verbis:*

> *Art. 36. Os administradores das instituições financeiras em intervenção, em liquidação extrajudicial ou em falência, ficarão com todos os seus bens indisponíveis não podendo, por qualquer forma, direta ou indireta, aliená-los ou onerá-los, até apuração e liquidação final de suas responsabilidades.*

> *§ 1° A indisponibilidade prevista neste artigo decorre do ato que decretar a intervenção, a extrajudicial ou a falência, atinge a todos aqueles que tenham estado no exercício das funções nos doze meses anteriores ao mesmo ato. (grifamos)*

*42. Ao doar os imóveis ao seu descendente, 11 (onze) dias APÓS a decretação do RAET, ou seja, quando todos os seus bens já estavam INDISPONÍVEIS, o Agravante Luis Octavio PRATICOU ATO VEDADO PELA LEI, o que torna o negócio jurídico nulo de pleno direito, consoante art. 166, VII, do Código Civil, ipsis litteris:*

> *Art. 166. É nulo o negócio jurídico quando:*

> *(...)*

> *VII - a lei taxativamente o declarar nulo, ou proibir-lhe a prática, sem cominar sanção. (grifamos)*

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



TRIBUNAL DE JUSTIÇA
PODER JUDICIÁRIO
São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

*43. Sobre o tema, Paulo Lôbo explica que:*

> *A nulidade pode ser implícita, quando a lei, ainda que sem declarar nulo determinado negócio jurídico, proíbe-o sem explicitar a consequência dessa proibição. O legislador pode utilizar variadas formulações linguísticas, tais como 'não pode', 'fica proibido', 'é ilícito'. Exemplo: o art. 426 do Código Civil, que estabelece: 'não pode ser objeto de contrato a herança de pessoa viva'. A nulidade pode estar na conduta inversa à estabelecida em lei; exemplo é o art. 499, que estabelece ser lícita a compra e venda entre cônjuges, em relação a bens excluídos da comunhão; consequentemente, é nula (ilícita) a compra e venda, entre cônjuges, de bens incluídos na comunhão.*

*44. Por seu turno, Sílvio de Salvo Venosa ensina que:*

> *O presente Código, também, em socorro à maior compreensão do tema, diz que o negócio jurídico será nulo quando a lei proibir-lhe a prática, sem cominar sanção. Desse modo, fica mais simples o raciocínio do intérprete: perante as expressões encontráveis: 'não pode', 'é vedado', 'é proibido' etc. sem qualquer observação sancionatória diversa, o negócio será nulo.*

*45. Com efeito, embora a doação entre ascendente e descendente não seja, a priori, nula, no caso concreto, o Agravante Luis Octavio <u>alienou os imóveis quando todos os seus bens estavam indisponíveis</u>, em razão da decretação do RAET.*

*46. Assim, diante da patente nulidade da doação, mister sejam arrestados cautelarmente os imóveis alienados, nos termos do art. 45, da Lei nº 6.024/1974, e dos arts. 300 e 301, do Novo Código de Processo Civil, in verbis:*

> *Art. 45. Concluindo o inquérito pela existência de prejuízos será ele, com o respectivo relatório, remetido pelo Banco Central do Brasil ao Juiz da falência, ou ao que for competente para decretá-la, o qual o fará com vista ao órgão do Ministério Público, que, em oito dias, sob pena de responsabilidade, requererá o sequestro dos bens dos exadministradores, que não tinham sido atingidos pela indisponibilidade prevista no artigo 36, quantos bastem para a efetivação da responsabilidade.*

> *Art. 300. A tutela de urgência será concedida quando houver elementos que evidenciem a probabilidade do direito e o perigo de dano ou o risco ao resultado útil do*

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



TRIBUNAL DE JUSTIÇA
PODER JUDICIÁRIO
São Paulo

Nº de ordem do processo na sessão de julgamento Não informado
*processo.*

*§ 1o Para a concessão da tutela de urgência, o juiz pode, conforme o caso, exigir caução real ou fidejussória idônea para ressarcir os danos que a outra parte possa vir a sofrer, podendo a caução ser dispensada se a parte economicamente hipossuficiente não puder oferecê-la.*

*§ 2o A tutela de urgência pode ser concedida liminarmente ou após justificação prévia.*

*§ 3o A tutela de urgência de natureza antecipada não será concedida quando houver perigo de irreversibilidade dos efeitos da decisão.*

*Art. 301. A tutela de urgência de natureza cautelar pode ser efetivada mediante arresto, sequestro, arrolamento de bens, registro de protesto contra alienação de bem e qualquer outra medida idônea para asseguração do direito.*

*47. No mesmo sentido é a jurisprudência:*

*RECURSO ESPECIAL. PROCESSUAL CIVIL. LIQUIDAÇÃO EXTRAJUDICIAL. INSTITUIÇÃO FINANCEIRA. EXADMINISTRADORES. INDISPONIBILIDADE DE BENS. ARRESTO. REQUERIMENTO DO MINISTÉRIO PÚBLICO. POSSIBILIDADE. LEI 6.024/74, ARTS. 36 E 45. INÉPCIA DA PETIÇÃO INICIAL. NÃO CONFIGURAÇÃO. RECURSO DESPROVIDO.*

*1. Nos termos da jurisprudência consolidada no Superior Tribunal de Justiça, o arresto previsto no art. 45 da Lei 6.024/74 - o qual visa a resguardar a utilidade da ação de responsabilidade de exadministradores de instituição financeira - pode incidir sobre os mesmos bens já atingidos pela indisponibilidade de que cuida o art. 36 da mesma Lei, oriunda do ato de intervenção, liquidação extrajudicial ou falência de entidade financeira.*

*2. Sendo o arresto providência cautelar que visa à constrição de bens para assegurar execução de quantia certa, possibilitando futura conversão em penhora, não precisa estar vinculado a bem específico.*

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



# TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

> *3. No caso do arresto previsto no art. 45 da Lei 6.024/74, basta a constrição sobre bens do devedor, até o limite dos prejuízos apurados no inquérito instaurado pelo Banco Central, garantindose, assim, que, com futura alienação, possam os bens atingidos gerar dinheiro para saldar as eventuais perdas e danos verificadas na ação de responsabilidade de ex-administradores da instituição financeira.*

> *4. Destarte, não importou em inépcia da inicial a simples remissão, na petição da cautelar de arresto, aos bens indisponíveis elencados no inquérito do BACEN, pois não havia rigorosa necessidade de enumerar ou especificar bens, de resto, já relacionados.*

> *5. Recurso especial a que se nega provimento. (grifamos)*

> *(STJ - 4ª Turma - REsp nº 487.927/SP, Rel. Raul Araújo, j. 20/09/2012)*

> *48. Dessa forma, é de ser mantido o bloqueio de todos os bens em nome dos Agravantes, notadamente os 05 (cinco) imóveis que foram doados ao filho do Agravante Luiz Octavio Azeredo Lopes Índio da Costa."* (fls. 459/462 — grifos originais)

No mesmo sentido, destaca-se excerto do parecer da D. Procuradoria Geral de Justiça:

> *"Nesse passo, considerando que a consolidação da transferência dos cinco imóveis do falido ao filho do agravante Luis Octavio Azeredo Lopes Índio da Costa adveio após a decretação do RAET, à luz do teor do artigo 36, § 1º, da Lei 6.024/74, outra solução não poderia resultar à controvérsia, senão a voltada ao reconhecimento da nulidade daquela doação, descabendo, assim, prosperar a pretensão dos agravantes."* (fls.469)

Realmente, não consta dos autos documento apto a comprovar a data em que os títulos foram prenotados, nem mesmo

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



## TRIBUNAL DE JUSTIÇA
## PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

quais exigências do Cartório de Registro de Imóveis teriam retardado o procedimento de registro.

Sem prejuízo, considerando que o donatário não era parte na ação subjacente, não prospera a tese recursal no sentido de que a falta de sua manifestação acerca dos pedidos de arresto macularia o processo. Com efeito, tal contraditório foi devidamente assegurado e exercido pelo próprio agravante Luis Octávio, na condição de pai do donatário menor e incapaz (fls. 314/317).

Ainda que assim não fosse, caberia ao terceiro que não é parte recorrer diretamente ao Juízo em razão de prejuízo supostamente decorrente da constrição autorizada. De qualquer modo, a manifestação do terceiro não seria prévia, mas sim posterior.

Quanto à alegada impenhorabilidade verifica-se que os imóveis doados localizam-se na Comarca de Cotia, ao passo que, nos registros de fls. 297/313, consta que o donatário residiria na Comarca da Capital. Demais disso, eventual impenhorabilidade não poderia recair sobre todos os imóveis doados, tanto que nas matrículas de alguns deles já constam registros relativos a sequestros determinados pela esfera federal criminal (fls. 308 e 313).

Neste contexto, ausentes elementos aptos a elidir as convicções judiciais já esposadas na decisão liminar que indeferiu o requerimento de efeito suspensivo pretendido pelos agravantes, e diante da concordância da D. PGJ (fls. 467/469), tem-se que a confirmação da r. decisão recorrida é medida que se impõe.

Cabe, ainda, observar que a conduta dos agravantes, pelo quanto exposto, não condiz com a boa-fé que deve estar presente nas relações negociais e nos processos. Assim, fica a advertência quanto à possibilidade de serem aplicadas as penas previstas na lei

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.



### TRIBUNAL DE JUSTIÇA
### PODER JUDICIÁRIO
### São Paulo

Nº de ordem do processo na sessão de julgamento Não informado

processual, por ato atentatório à dignidade da Justiça, nos termos do art. 772, II, do CPC/15. Além disso, o Ministério Público, que acompanha o processo, também poderá tomar outras providências acaso cabíveis.

Por fim, considera-se prequestionada toda a matéria constitucional e infraconstitucional ventilada nos autos, evitando-se, com isso, a oposição de embargos de declaração para este fim.

Ante o exposto, nego provimento ao recurso, com observação.

Carlos Dias Motta

Relator

Este documento é cópia do original, assinado digitalmente por CARLOS DIAS MOTTA, liberado nos autos em 22/02/2018 às 17:55.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/sg/abrirConferenciaDocumento.do, informe o processo 2172463-21.2017.8.26.0000 e código 7C4C28F.