UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MASSA FALIDA DO BANCO                        CHAPTER 15
CRUZEIRO DO SUL S.A.,                        CASE NO.:14-22974-LMI
      Debtor in a Foreign Proceeding
_____/

LASPRO CONSULTORES LTDA.,
a Brazilian Sociedade Limitada,
      Plaintiff,                            ADV. CASE NO. 16-1315-LMI
v.

ALINIA CORPORATION, a British
Virgin Islands Company Limited by Shares,
110 CPS, INC., a British Virgin
Islands Company Limited by Shares,
      Defendants.
_____/

**PLAINTIFF, LASPRO CONSULTORES, LTDA.'S MOTION TO EXCLUDE
WALLACE DE ALMEIDA CORBO AS EXPERT WITNESS, OR,
ALTERNATIVELY, TO EXCLUDE CORBO'S LATE-DISCLOSED OPINIONS**

      Plaintiff, LASPRO CONSULTORES LTDA. ("Laspro") moves to exclude Wallace

de Almeida Corbo's ("Corbo") as an expert, or, alternatively, to exclude Corbo's late-

disclosed opinions ("Motion") for the following reasons.

**I. Corbo Should Be Excluded Because He Lacks Independence.**

      1.     "The burden of laying the proper foundation for the admission of the expert

testimony is on the party offering the expert, and admissibility must be shown by a preponderance

of the evidence." Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999) (citing

Daubert, 509 U.S. 579, 592 n. 10).

2.      Federal courts have held that a trial judge has broad discretion to determine the admissibility of opinion testimony.  Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d. 775, 780 (11th Cir. 2004).

3.      The purpose is to ensure that an expert "employs in the court room the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  Kumho Tire Co., Ltd., v. Carmichael, 526 U.S. 137, 152 (1999).  "The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion."  McCorvey, 298 F.3d at 1257.

4.      Corbo is a partner of the law firm Galdino é Coehlo.  He joined that law firm in 2011 and has been the head of its research and consultation department since 2014. That law firm has represented the Indio da Costas in the Brazilian Bankruptcy Cases and is co-counsel to  Bast Amron in its representation of the Defendants in this case, since at least 2014.  See Corbo Depo. Tr., p.: 22:14:22; 37:17 – 38:4; 39:8 – 40:2.

5.      Corbo admitted that he has a financial stake in this case given his firm's role as counsel for the Indio da Costas in Brazil and the Defendants here including the payment of his salary and bonus, separately aside from the fee paid to him for his expert opinion in this matter.  See id., pp.: 51:3 - 52:24.

6.      Corbo's financial interest demonstrates that he lacks independence and impartiality and he should be excluded as an expert witness on this basis, alone.  Lippe v. Bairnco Corp., 288 B.R. 678, 687 (S.D.N.Y. 2003), aff'd, 99 Fed. App'x. 274 (2d Cir. 2004) (granting motion to exclude expert where the expert had acted as counsel for plaintiffs); Just EnterPrises, Inc. v. (888) Justice, Inc., 2008 WL 2625520, at *5–6 (W.D. Mo. Apr. 21, 2008) (holding that expert's testimony should be excluded because the expert "acted and

2

continues to act as counsel for plaintiff"); <u>Viterbo v. Dow Chemical Co.</u>, 646 F. Supp. 1420, 1425 (E.D. Tex. 1986), <u>aff'd</u>, 826 F.2d 420 (5th Cir. 1987) ("[W]here an expert becomes an advocate for a cause, he therefore departs from the ranks of an objective expert witness, and any resulting testimony would be unfairly prejudicial and misleading.").

## II. <u>The Court Should at Least Exclude Corbo's Late-Disclosed Opinions</u>.

7.     The Court should exclude Corbo's two opinions given at his deposition that were not disclosed timely in accordance with the rules and the Court's orders.

8.     In his deposition, Corbo rendered two new opinions.  One opinion is not mentioned in his expert report at all, and the other opinion was mentioned only in an isolated phrase in the conclusion of Corbo's report on page 38 of the forty-page report, with no analysis.

9.     The deadline for Defendants to make their expert disclosure was February 25, 2019.  <u>See</u> Agreed *Ex Parte* Motion for Extension of Certain Pre-trial Deadlines (D.E. 125). Defendants disclosed  Corbo as an expert  on Brazilian Law and provided his expert report, summarizing his opinions on Brazilian legal issues in this case.  The undersigned deposed Corbo on June 7, 2019.

## A. <u>The Law on Expert Disclosures and Late-Filed Disclosures</u>.

12.     Fed. R. Civ. P. 26 sets forth the requirements for disclosing expert testimony. When the parties disclose their expert witnesses, the disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony. The report must contain:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)     the facts or data considered by the witness in forming them;

3

(iii)    any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B); see Reese v. Herbet, 527 F.3d 1253, 1265 (11th Cir. 2008) ("Disclosure of expert testimony within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing a complete statement of all opinions and the basis and reasons therefor.").  The parties are required to make the disclosures "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Any party that "without substantial justification" fails to disclose this information is not permitted to use the witness as evidence "unless such failure is harmless." Prieto v. Malgor, 361 F.3d 1313, 1318 (11th Cir. 2004).

**B. Corbo's Two Late-Disclosed Opinions.**

13.    In his written report, Corbo rendered an opinion that Laspro's Article 130 claims could not proceed in this court (or any court outside of a Brazilian bankruptcy court) based on an alleged Brazilian "universality principle."  This opinion was specifically and explicitly limited to the Article 130 claims:

> 140. There is a second kind of claw back avoidance causes [sic] provided for in art. 130 of Brazilian Bankruptcy Law.  In art. 130 cases, (1) ineffectiveness may go back beyond the Initial Date to hit acts and contracts entered into by the debtor much before the filing for bankruptcy; but, on the other hand, (2) there is no presumption that such acts are fraudulent, that is, lies on the claiming party the burden to prove the will of the debtor to harm creditors (*consilium fraudis*) or to obtain an unlawful result.  Let's call it the still-to-be-proven claw back avoidance causes.

141. Such still to be proven causes need to be argued and requested in a separate claim, brought by creditors, Public Prosecutor or the Trustee, within three years counted as of the declaration of bankruptcy (art. 132) (the "Claw Back Avoidance Claim").

********

144. The purpose of the Claw Back Avoidance Claim, after all, is "*to restore the bankrupt estate to the situation in which it was prior to the diversion of assets to the detriment of creditors*".

********

146. Brazilian legal scholars call this rule the universal jurisdiction of bankruptcy courts (Juízo Universal) ["Universality Principle"], which has long been an established rule in Brazilian bankruptcy system.  It has the purpose of providing the bankruptcy court enough power to control litigation involving debtor's assets, allow all creditors to join in (or monitor) such litigation, avoid potentially conflicting decisions on the same or related subjects, and allow the supervision/participation of the Public Prosecutor in every step of the claims.

********

151. I am not saying that trustee cannot bring claims or defend the estate in other jurisdictions (even foreign ones). What I am saying is that it cannot bring Brazilian typical bankruptcy claims (like the Claw Back Avoidance Claim), for which the law sets the jurisdiction of the bankruptcy court, out of that court.

********

154. And this is another relevant aspect of the Claw Back Avoidance Claim brought by the Trustee in the case at hand: for a final ruling of such claim, the court must first set several factual and legal premises on the causes of the bankruptcy of BCSUL, that is, the court must first find who is responsible for the bankruptcy, and in what extension, before answering the fundamental question: whether the Apartments were bought with diverted resources from the Bank?

155. To put it in another perspective: by allowing the Trustee to export art. 130 Claw Back Avoidance Claim, the court is indirectly exporting its core subject matter, which is ruling on and correctly allocating responsibility for the causes of the bankruptcy, and again this seems unacceptable according to Brazilian Bankruptcy Law.

156

(N). Claw Back Avoidance Claim, as defined in art. 130 of Brazilian Bankruptcy Law, is reserved to the jurisdiction of the bankruptcy courts. As provided for in art. 134 of Brazilian Bankruptcy Law: *"the claw back avoidance claim shall be processed in the bankruptcy court and shall follow the ordinary proceeding provided for in Law no 5.869, of January 11, 1973* [Brazilian Civil Procedural Code]".

(S). If this question has yet to be answered in the BCS Holding Claim, the Bank Liability Claim, the FGC Claim and the IMS Avoidance Claim, all four subject to the jurisdiction of the Bankruptcy Court (in which a final ruling is pending), exporting the ability of the Trustee to bring art. 130 Claw Back Avoidance Claim in a foreign jurisdiction would imply, in the end, exporting the core subject matter of Brazilian Bankruptcy Court in the case: which is ruling on and correctly allocating responsibility for the causes of the bankruptcy.

Corbo Report pp.: 33–36, 39, 40.

14.    Corbo's opinion is limited to the Article 130 claim as indicated by paragraph 151 in his report where he states that he is *not* opining that the other claims in the Amended Complaint cannot proceed. Id., at p.: 35.

15.    In his deposition, Corbo initially testified that his opinion regarding the inability of this Court to entertain any claims in the Amended Complaint was limited to the Art. 130 claims:

Q. Okay. Let's take a look at paragraphs 145, 148, 149 of your report. And you know what, we can also talk about 150. And we're moving on now to a new subject that's
covered in your report, which is essentially the universality principle, I think.

A. Would you repeat the numbers, please?

Q. Sure thing. I'm going to work backwards. Well, you know what, why try to make it more difficult for you. 145, 148, 149 and 150. Now, first thing's first. I want to make sure I understand your opinion here. Are you saying that the only claim that is present in the amended complaint or the only set of claims that's present in the amended complaint that shouldn't be pending in a court outside of a Brazilian bankruptcy court is the Article 130 claim? Or are you saying that all of the claims in the amended complaint, the 186 claim, the unjust enrichment claim, the U.S. fraudulent conveyance claims, the aiding

and abetting claims, the constructive trust claims, should those all only be pending in the Brazilian bankruptcy court?

A. Well, my opinion is that a trustee can file for claims in other jurisdictions, but
the clawback avoidance claim, specifically Article 130, is definitely subject to the
jurisdiction, to the sole jurisdiction of the bankruptcy court.

Q. Okay. So we're only fighting about three counts in the complaint, which are the three Article 130 claims, when we get to this part of your opinion?

A. Yes.

<u>See</u> Corbo Depo. Tr. pp.: 222:15–224:2.

16.     However, later in the deposition, Defendants' Counsel elicits an opinion from Corbo that goes beyond the scope of his written opinion.  Here, Corbo opines, for the first time, that the universality principle applies to *all* of the claims in the amended complaint, not just the Article 130 claims, such that *none* of the claims in the Amended Complaint may proceed before this Court.  <u>See</u> <u>id.</u>, pp.: 257:5–265:9.

17.     Further illustrating that this is a new and previously-undisclosed opinion, Corbo admits that he was not previously aware that the fraudulent conveyance claims in the Amended Complaint are each a type of clawback action:

Q. Are you aware that a fraudulent transfer claim under New York law, such as those alleged in the amended complaint, are a type of clawback action?

A. No, I'm not aware of that.

Q. Okay. It's -- these actions seek to avoid the title of the apartments and the artwork and bring them back to the estate.

A. Okay.

Q. Is that how you define a clawback claim?

A. Yes, this is how –

7

<u>See id</u>., at p.: 259:1:15.

18.    Still later in the deposition, Corbo admitted that his report does *not* contain any opinions regarding U.S. Law claims.  <u>See</u> Corbo Depo. Tr., pp.: 265:16 – 267:21 ("My report does not mention the American law claims … I would not issue any opinion on whether the American law claims should be presented or not in the United States.").

19.    When asked on re-direct where in his report Corbo previously disclosed an opinion that all claims in the Amended Complaint were subject to the Universality Principle such that the US Bankruptcy Court could not entertain them, Corbo pointed to paragraphs 144 and 146 of his report as stating that all claims based upon the facts for the bankruptcy should be pending only in the Brazilian bankruptcy court.

20.    However, Corbo also admitted that paragraph 141 (defining the term "Claw Back Avoidance Claim" which is used subsequently in Corbo's report in all material paragraphs) refers only to the Article 130 claims.  <u>See</u> Corbo Depo. Tr. p.: 270:10:13.

21.    Thus, paragraph 144 of the report **only** discusses the Article 130 claims, **not** all of the claims in the amended complaint:

> 144. The purpose of the **Claw Back Avoidance Claim**, after all, is *"to restore the bankrupt estate to the situation in which it was prior to the diversion of assets to the detriment of creditors"*.

Corbo Report p.: 34 (emphasis added).

23.    That paragraphs 144 and 146 of Corbo's Report follow paragraph 141, and precede paragraphs 151, 154, 155, and 156 discuss the opinion as applicable to the term "Claw Back" notion that Corbo's only timely disclosed opinion on this subject was limited to the Article 130 claims.

8

24.    Next,  in his deposition, Corbo renders an opinion as to the effect of the Laspro's

joinder of two lawsuits brought by the Indio da Costas in Brazil (referred to as the "FGC Claim" and

the "IMS Avoidance Claim") in Brazil:

> Q. What I want to ask you about now is, I want you to go ahead in your report to
> the part where you talk about your conclusions.  And the conclusions are actually
> given letters rather than numbers. And I'm looking at letter L on page 38. And
> specifically where I want to point your attention is the language that starts after
> "second," which is bolded and underlined.  And you're talking about Laspro
> Consultores' joinder in the FGC claim and the IMS avoidance claim.   Are you
> rendering any opinion as to the effect of the trustee's joining of those claims and
> whether or not his joinder results in some kind of adoption of the merits of those
> claims and/or estoppel to take positions contrary to those claims?
>
> A. Yes.

Corbo Depo. Tr. p.: 224:21 – 225:14.

> Q. Do you have an opinion as to whether or not Laspro's joinder of the FGC claim
> and the IMS claim somehow indicates that Laspro agrees with the assertions in
> those claims?
>
> A. One could construe that, yes.

Corbo Depo. Tr. p.: 228:10:15.

> Q. Okay. And is it your opinion that that is the case here, that Laspro is agreeing
> with the assertions in the FGC claim and in the IMS claim?
>
> A. My opinion is that this could be argued. I would have to look into the complete
> reports of the action to reach a conclusion on whether they are joining or not all of
> the arguments that have been made in that claim.

Corbo Depo. Tr. p.: 229:6:14.

25.    This opinion was not disclosed in Corbo's report.  Instead, the issue is referenced in

passing, in a subsection of the conclusion, on page thirty-eight of his forty-page report:

> (L)   In the case of BCSul, there are other circumstances that show how fragile the
> evidentiary force of the BACEN Report is. First, BACEN Report is mainly based on
> investigation conducted by FGC and IMS during the Special Regime. Second, the
> Trustee himself joined in, as a co-plaintiff, the FGC Claim and IMS Avoidance
> Claim, which means that the Trustee himself is questioning the validity of the
> "investigation" conducted by both FGC and IMS. Third, if such conclusions are being
> challenged in court by the Trustee, the Trustee cannot invoke the same "conclusions"
> as the core evidence to claim the liability of Defendants in the US Avoidance Claim.

9

Corbo Report p.: 38¶ 156 (L).

26.     Corbo provided no legal support, analysis, or reasoning in his report for this opinion, and, in fact, admitted so in his deposition:

> Q. Okay. Can you tell me where in your report you have provided that analysis? Because I'll be frank with you, I don't see it in here. I see in a factual summary where you talk about Laspro's joining in those claims, but I do not see any legal principles provided for support of what you have stated as an opinion you are rendering, any analyses or any reasoning or any conclusion other than this kind of isolated statement in here.
>
> A. Yes, you are correct. I did not develop this. I did not elaborate on this issue at the report.
>
> Q. Okay. Any particular reason why not?
>
> A. No particular reason.

Corbo Depo. Tr. p.: 225:15 – 226:5.

> Q. Okay. But you didn't look into that for purposes of your report, correct?
>
> A. I did not look at the records of the process for the report, no.
>
> Q. Okay. And you didn't look at that for purposes of your deposition today, correct?
>
> A. No, I did not.

Corbo Depo. Tr. p.: 225:15:21.  See also, id., pp.: 229:6:14.

## C. <u>Corbo's Late-Disclosed Opinions Should Be Excluded.</u>

27.     Rule 26(a)(2)(B)(i) requires that the expert report contain "a complete statement of all opinions the witness will express."  Fed. R. Civ. P. 26(a)(2)(B)(i).

28.     Because Corbo rendered a new opinion not contained in his report concerning the Universality Principle as it applies to claims other than the Article 130 claims, his report was not a "complete statement of all opinions," and therefore did not comply with Rule 26. <u>See In re Fla. Cement & Concrete Antitrust Litig.</u>, 2011 WL 13174537, at *3 (S.D. Fla. Nov. 17, 2011) ("An expert report must be so complete that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover[,] the report must be

sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.") (internal quotations omitted); Dyett v. North Broward Hosp. Dist., 2004 WL 5320630, at *1 (S.D. Fla. Jan. 21, 2004); Ace Tech. Corp. v. GFM Corp., 2010 WL 900525, *3 (S.D. Fla. Mar. 11, 2010) (striking the expert's testimony for insufficient expert disclosure); Goodbys Creek, LLC v. Arch Ins. Co., 2009 WL 1139575, at *1 (M.D. Fla. Apr. 27, 2009) ("An expert report is adequate when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.") (internal quotations omitted); see also Cooper v. Southern Co., 390 F.3d 695, 728 (11th Cir. 2004) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, … compliance with the requirements of Rule 26 is not merely aspirational.") (internal citation omitted) (overruled on other grounds); Brumley v. Pfizer, Inc., 200 F.R.D. 596, 604–05 (S.D. Tex. 2001) ("Therefore, the Court finds that Dr. Polukoff's April 5, 2001 affidavit is untimely under Rule 26 to the extent that it goes beyond the opinions in his report, as is his opinion regarding the package insert. The Court strikes both his opinion regarding the pharmacological effects of Viagra and his opinion that the package insert was inadequate and any other opinion that was not contained in the initial Rule 26 report."); Cleave v. Renal Care Group, Inc., 2005 WL 1629750 (N.D. Miss. July 11, 2005) ("A new expert affidavit which is submitted to rebut a summary judgment motion should be stricken if the new opinions differ from the earlier Rule 26 report."); Cannioto v. Louisville Ladder, Inc., 449 F. App'x 797, 798 (11th Cir. 2011) (excluding the expert's testimony and explaining that his "new opinion set forth in his deposition testimony violated Federal Rule of Civil Procedure 26(a)(2)(B) and (C)"); Buxton v. Lil' Drug Store Products, Inc., 2007 WL

SEQUOR LAW, P.A.

2254492, at *6 (S.D. Miss. Aug. 1, 2007), aff'd, 294 F. App'x 92 (5th Cir. 2008) (the court was inclined to exclude the expert's affidavit on the grounds that his opinions contained therein were "entirely new opinions"); Schafer v. State Farm & Fire Cas. Co., 2009 WL 901856, at *1 (E.D. La. Mar. 26, 2009) (standing for the proposition that an expert "cannot formulate new opinions in a supplemental report; he can only testify within the bounds of his original opinion.").

29.     Similarly, Corbo's opinion, given for the first time in his deposition, on Laspro's joinder of the FGC Claim and the IMS Avoidance Claim goes well beyond the single, isolated phrase mentioned in the conclusion of his report which provides no legal support or analysis on the issue.  Thus, this opinion should also be excluded.  See legal authorities cited, supra.

30.     Under Fed. R. Civ. P. 37(c)(1), a failure to disclose resultst in exclusion "unless the failure was substantially justified or is harmless."  Dyett, 2004 WL 5320620, at *2 ("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.") (quoting Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998)).

31.     Here, Corbo offered no justification for the untimely disclosure of his new opinions.  In fact, he admitted there was "no particular reason" for his failure to disclose and that he did not find the "matter of the trustee joining the claim … to be central" to his conclusions.  See Corbo Depo. p. 230:2-7, 23-25; United States v. Batchelor-Robjohns, 2005 WL 1761429, at *2 (S.D. Fla. June 3, 1005) ("The burden rests upon the non-producing party to demonstrate that its actions were substantially justified or harmless.").

SEQUOR LAW, P.A.

32.     Failing to comply with Rule 26 is not harmless when there is prejudice to the opposing party.  <u>Poole v. Gee</u>, 2008 WL 2397603, at *2 (M.D. Fla. June 10, 2008) (having to dispose a party on information that should have been disclosed in a Rule26 report is a form of prejudice) (internal citations omitted).  Here, Corbo's late disclosures are not harmless because four months passed from the time of the disclosure deadline, and the deadline for Laspro's disclosure of rebuttal reports had already passed.  It also deprived Laspro of being able to adequately prepare for Corbo's deposition with full knowledge of Corbo's opinions.  <u>See In Re Fla. Cement & Concrete Antitrust Litig</u>., 2011 WL 13174537, at *6 (S.D. Fla. November 17, 2011) ("[T]he Rule may not be used to 'tardily' incorporate information that was previously available.") (The deposition was also an unacceptable substitute for a complete report, since the disclosure date for opinions had already passed); <u>Reid v. Lockheed Martin Aero. Co.</u>, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (Under Rule 26, there is "no right to produce information in a belated fashion.").

WHEREFORE, Laspro respectfully requests this Court to grant this motion and exclude Corbo as an expert, or, alternatively, to exclude Corbo's late-disclosed opinions. Laspro requests any other relief that this Court deems appropriate.

August 7, 2019                                          Respectfully submitted,

SEQUOR LAW, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202

By:      */s/ Daniel M. Coyle*
Edward H. Davis
Fla. Bar No. 704539
edavis@sequorlaw.com
Gregory S. Grossman
Florida Bar No. 896667
ggrossman@sequorlaw.com
Daniel M. Coyle
Fla. Bar No. 055576
dcoyle@sequorlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via e-mail to ALINIA CORPORATION, 110 CPS, INC., c/o Jeremy J Hart, jhart@bastamron.com, mdesvergunat@bastamron.com, dtimpone@bastamron.com, jmiranda@bastamron.com on August 14, 2019.

*/s/ Daniel M. Coyle*
Daniel M. Coyle

14