UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MASSA FALIDA DO BANCO
CRUZIERO DO SUL, S.A.,
    Debtor in Foreign Proceeding.
_____/

Chapter 15

Case No. 14-22974-BKC-LMI

LASPRO CONSULTORES LTDA.,
A Brazilian Sociedade Limitada,
    Plaintiff,
v.

ALINIA CORPORATION, a British Virgin
Islands Company Limited by Shares and 110
CPS, Inc., A British Virgin Islands company
Limited by Shares,
    Defendants.
_____/

Adv. Case No. 16-01315-LMI

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
MOTION FOR FINAL SUMMARY JUDGMENT OR, ALTERNATIVELY,
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT (D.E. 165).</u>**

Plaintiff, LASPRO CONSULTORES LTDA ("Laspro"), files this Reply to Defendants' Response to Motion for Final Summary Judgment, or Alternatively, Motion for Partial Summary Judgment (D.E. 165), and states:

**I. The Courts in Brazil Adjudicated the Conclusions of the BACEN Report in the Brazilian Insolvency Proceedings Orders.**

1.     Defendants' entire argument as to why this Court should not apply the doctrines of comity and collateral estoppel relies upon a mis-statement of Laspro's argument and a confusion of the issues. Defendants argue that: (1) the BACEN Report is not an adjudication and was not adjudicated, and; (2) neither the BACEN Report nor the Brazilian Insolvency Proceedings Orders operate as adjudications of the "personal" liability of the Indio da Costas.

2. Laspro does not argue that the BACEN Report is the adjudication. Instead, it is incontrovertible that the Brazilian Insolvency Proceedings Orders adjudicated the conclusions of the BACEN Report.

3. Any argument by Defendants to the contrary is explicitly contradicted by Brazilian law, as well as the language of the Brazilian Insolvency Proceedings Orders, which specifically reference the conclusions of the BACEN Report as to the bankruptcy crimes and insolvency of BCSUL. <u>See</u> Brazilian Insolvency Proceedings Orders; Laspro's MSJ, paragraphs 8 - 18, Law N. 6024: Art. 13 ("The decision of the intervener shall be subject to appeal, without stay, within ten days of the respective notice, to the Central Bank of Brazil, in a single instance. Once the deadline has elapsed without the filing of an appeal, the decision shall be definitive").

4. This is why Defendants' continued attacks on the underlying analyses by the FGC regarding the opening balance sheet, which is contained in the BACEN Report, and the analyses by PwC and IMS regarding the fake salary loans, are meritless. The Courts in Brazil have already spoken on these issues and adjudicated the conclusions of the BACEN Report, and thus, by operation, the conclusions of the analyses of the FGC, PwC and IMS that formed the basis of the BACEN Report.

5. That the Indio da Costas may be able to make arguments attacking the BACEN Report's conclusions in their own claims against the FGC and IMS, or in the Public Prosecutor Actions to contest their "personal" liability, is immaterial. The FGC and IMS claims are for money damages against the FGC, IMS and others, and the Brazilian Bankruptcy Court already determined that the Indio da Costas cannot use these claims to attempt to collaterally attack or vitiate the adjudication of BCSUL as bankrupt by virtue of the bankruptcy crimes and

insolvency.  See Order Denying Joinder Request, previously filed with the Court (most recently as Exhibit "2" to Laspro's Response to Motion to Stay), and attached hereto as **Exhibit "1"**.

6. The Public Prosecutor Claims involve different claims for different damages and other parties.  Additionally, as explained in prior submissions by Laspro, and infra, Laspro does not need to establish the personal liability of the Indio da Costas to prevail against Defendants, here.

7. Defendants assertion that the Brazilian Court gave list of evidence it wants to see in the FGC and IMS Claims and Public Prosecutor Claims (including whether or not there were fake salary loans), is also unavailing (and misleading).  The "Decision on Evidence" attached to Defendants' Response is not an order wherein the judge defines the evidence **that the Court wishes** the parties or third persons to produce for its consideration as Pimenta asserts in his declaration.  The Decision on Evidence also does not stand for the proposition that the Court has doubts regarding the (already established) facts which are the subject of the Decision on Evidence.

8. Instead, the Decision on Evidence is an order permitting the parties described therein in the FGC Claim (not the Public Prosecutor Claims) to produce certain evidence in support of their claims, and the expert analysis was granted only to verify if there was any reduction in BCSul's equity during the TSAR and the extrajudicial liquidation period, not prior thereto.  See August 12 Declaration of Pimenta attached as Exhibit "A" to Defendants' Response; "Decision on Evidence", attached thereto.

**II. The Brazilian Insolvency Proceedings Orders Are Entitled to Comity and Collateral Estoppel Effect.[1]**

**A. Laspro Does Not Need to Establish Defendants' "Personal" Liability to Prevail on its Motion for Summary Judgment as to Claims for Constructive Trust/Equitable Lien, Constructive Fraudulent Conveyance and Unjust Enrichment.**

9. As Defendants concede, this Court previously extended comity to certain of the Brazilian Insolvency Proceedings Orders to grant recognition. Since the time recognition was granted, additional orders were rendered. Defendants provide no reason why this Court should not extend comity to these orders in this adversary proceeding, other than arguing that there is no final order adjudicating the "personal" liability of the Indio da Costas.

10. Defendants' arguments assume (with no support) that Laspro must establish Defendants' "personal" liability (which the Brazilian Insolvency Proceedings Orders do not establish) and so Laspro cannot prevail until the "personal" liability of the Indio da Costas (which, under Brazilian law, is "culpability" combined with the "causation of the insolvency") is established in Brazil.

11. But Laspro does not argue that the BACEN Report, or any of the Brazilian Insolvency Proceedings Orders operate as a judgment or adjudication of "personal" liability as to the Indio da Costas.

12. As stated in the Motion for Final Summary Judgment, or Alternatively, Motion for Partial Summary Judgment ("Laspro's MSJ"), Laspro does not need to establish the "personal" liability of Defendants to satisfy all of the elements of the claims for Constructive Trust/Equitable Lien (NY Law), Constructive Fraudulent Conveyance (NY Law) and Unjust

---

[1] In their Response, Defendants did not argue that they were not in privity with the Indio da Costas, and so concede they are in privity with them.

Enrichment (Brazilian Law). Simply put, these claims do not contain an intent/liability element of Defendants, let alone the Indio da Costas.

13. This further establishes why the pendency (and outcome) of the IMS Claim, FGC Claim and Public Prosecutor Claims, which are aimed at determining who is/are liable for causing BCSUL's insolvency and whether the Indio da Costas or others should be personally responsible for certain damages, are irrelevant.

14. Defendants argue that the 2015 BACEN Bankruptcy Decision is not an adjudication of anything. This is inaccurate. This decision decreed the extra-judicial liquidation of BCSUL based upon the BACEN Report. See Laspro's MSJ, p. 9; 2015 BACEN Bankruptcy Decision, p. 4, 8, and 11.

15. Subsequently, the Conversion and Appointment Order ordered the full judicial bankruptcy of BCSUL based upon the insolvency of BCSUL and the bankruptcy crimes, as set forth in the BACEN Report. See Laspro's MSJ, p. 12 and 13; Conversion and Appointment Order, p. 2. This decision was challenged on appeal and upheld. See Laspro's MSJ, p. 16; 2015 BACEN Bankruptcy Decision Affirmance, pp. 5 - 8.

16. Defendants' statement that the BACEN Punitive Administrative Decision, does not involve fake, non-existent loans, but other alleged administrative violations is false. This decision specifically references simulated loan transactions and renewals of the same. See BACEN Punitive Administrative Decision, ¶59.

17. While the Chart of filings by the Indio da Costas does not relate to adjudications of their "personal" liability, it lists at least fourteen (14) filings by the Indio da Costas unsuccessfully challenging the various Brazilian Insolvency Proceedings Orders on the same basis that Defendants seek to challenge the assertions in this case.

18. Defendants cite to In re Neves, 570 B.R.420 (Bankr. S.D. Fla. 2017) to support their argument that comity requires this Court to refrain from rendering a potentially inconsistent ruling. Defendants fail to address that the Brazilian Court has already rendered an order that its preference is for this case to continue. See Notice Filed by the São Paulo Public Prosecutor, dated November 9, 2016, attached as Exhibit "4" to Response to Motion to Dismiss Adversary Proceeding, (ECF 33); November 8, 2016 Order Authorizing this Adversary Proceeding, attached hereto as **Exhibit "2"**.

19. Defendants cite several cases, Victrix S.S. Co., v. Salen Dry Cargo, A.B., 825 F.2d 709, 713 (2nd Cir. 1987), In re Atlas Shipping, 404 B.R. 726, 738 (S.D.N.Y 2009), British American Ins. Co., Ltd., 488 B.R. 205 (Bankr. S.D. Fla. 2013), and In re Oi, S.A. 587 B.R. 253, 264 (Bankr. S.D.N.Y. 2018) on the comity issue. But these decisions all extended comity to foreign bankruptcy proceedings and orders (including Brazilian bankruptcy proceedings), actually support Laspro's argument on extending comity, here.[2]

20. Thus, there is no reason why this Court should not extend comity to each of the Brazilian Insolvency Proceedings Orders.

21. As to collateral estoppel, contrary to Defendants' arguments that the only issues that have actually been judicially decided in the Brazilian Insolvency Proceedings Orders revolve around whether BCSUL and related companies should have been placed in bankruptcy, these

---

[2] Previously, Defendants asserted that comity should not be granted when to do so would violate public policy, specifically with regarding to due process. However, "the application of comity very often has the effect of overriding domestic legal doctrines or rules." In re Ephedra Prods. Liab. Litig., 349 B.R. 333, 337 (S.D.N.Y.2006) (recognizing Canadian order as an exercise of comity even though it overrode a defendant's constitutional right to a civil jury trial). See also Triton Container Int'l Ltd. v. Cinave S.A., 1997 WL 634308, at *4 (E.D.La. Oct.10, 1997) (granting comity to Argentine proceedings and vacating Rule B attachments).

orders adjudicated the conclusions of the BACEN Report, which include the insolvency/lack of sufficient assets of BCSUL, the existence of the various bankruptcy crimes and Defendants' receipt of the wrongfully declared dividends and/or the proceeds of those dividends.

22.     In short, all of the factual grounds necessary to establish the elements of the Constructive Trust/Equitable Lien, Constructively Fraudulent Conveyance and Unjust Enrichment claims were adjudicated by the Brazilian Insolvency Proceedings Orders.

23.     Those factual findings are entitled to collateral estoppel effect and Defendants provide no convincing authority to support their contention that there was not an identity of issues between the Brazilian Insolvency Proceedings Orders and this case.

24.     Defendants cite four cases on the collateral estoppel point, but none support their arguments. Specifically, Somero Enterprises, Inc. v. Stoltzfus, 2018 WL 3817759 (M.D. Fla. 2018), holding that a lack of identity of parties and failure to specifically plead as an affirmative defense, and Matter of McWhorter, 887 F.2d 1564 (11th Cir. 1987), determining a lack of identity of issues due to subtle differences between what was established in a prior case regarding an insurance company's general awareness and approval of misrepresentations and what needed to be proven in a second case regarding the company's awareness as to certain insureds, are distinguishable. Here, the same exact issues that are the subject of Laspro's request for the application of the doctrine of collateral estoppel were determined in Brazil.

25.     Two other cases Defendants cite actually support Laspro's argument. In re Itzler, 247 B.R. 546 (Bankr. S.D. Fla. 2000), held that a pure default satisfies the "fully litigated" element of collateral estoppel under Florida law for purposes of a section 523 claim, and In re Zoernack, 220 B.R. 220 (Bankr. M.D. Fla. 2003), held that a consent judgment was sufficient for collateral estoppel.

26. Simply put, Defendants' arguments regarding the alleged mis-calculations of balance figures and mistaken analysis of BCSUL's loan portfolio were already argued and rejected in Brazil. Defendants do not get a second bite at the apple, here. Given this, and that Laspro does not need to prove the personal liability of the Defendants or the Indio da Costas to prevails on its claims for Constructive Trust/Equitable Lien, Constructively Fraudulent Conveyance or Unjust Enrichment, Laspro is entitled to judgment as a matter of law regarding these claims.

**B. Even if Laspro Needed to Establish Defendants' Personal Liability, Laspro May Prevail on the Remaining Brazilian Law Claims (as defined in Laspro's MSJ).**

27. Even if Laspro did need to establish the "personal" liability of Defendants to prevail, the Court should still extend comity to the Brazilian Insolvency Proceedings Orders and apply the doctrine of collateral estoppel to the issues determined in those orders.

28. It is uncontroverted that the Indio da Costas were the controlling shareholders of BCSUL, and under Brazilian Law, this establishes that they are strictly liable for the damages suffered by BCSUL

29. With strict liability established, all of the factual grounds necessary to determine the existence of damages and causation were established in the BACEN Report and adjudicated by the Brazilian Insolvency Orders.

30. As set forth in Laspro's MSJ, once the Indio da Costas became subject to strict liability, they may only contest the actions seeking to establish their "personal" liability by raising new evidence/arguments that had not been rejected in the prior insolvency proceedings.

31. In their response to Laspro's MSJ, Defendants did not contest that they failed to raise any new arguments or points of evidence that were not previously raised and rejected in the Brazilian Insolvency Proceedings. See Brazilian Insolvency Proceedings Orders, Interlocutory

8

Appeal n. 2172463-21.2017.8.26.0000, Court of Appeals for the State of São Paulo, 1st Chamber Reserved to Commercial Law, Reporting Judge Carlos Dias Motta, ruled on February 21, 2018 ("Brazilian Civil Liability Case Appeal"), attached as Exhibit "9" to Laspro's MSJ; (cites from par. 138 and 139 of Laspro's MSJ); Response, *passim*.

32. So Laspro is entitled to judgment as a matter of law regarding the Remaining Brazilian Claims.

**III. Defendants Fail to Show a Genuine Issue of Material Fact as to the Tracing Analyses.**

33. While Defendants attack the tracing analysis as "unclear and appearing to show that the funds came from investments", Defendants' proffered no counter-evidence in opposition. This is insufficient to thwart summary judgment under the Celotex standard. Luis Octavio as the corporate representative of each Defendant testified to the accuracy of each of the transactions contained in the tracing analysis.

34. Additionally, the uncontroverted facts show that the funds in the investments which Defendants' referenced, flowed from the dividends that were improperly paid by BCSUL and did not originate from other sources. Defendants supply no authority and provide no argument as to why the flow of the dividends through other investments before those dividends were used to purchase PH2, the Apt. 6B Shares and the Artwork destroys the tracing of those funds.

**IV. Defendants' Section 1521(a)(7) Argument Fails.**

35. Laspro incorporates the arguments contained in its Response to Defendants' Motion to Abate/Stay and for Final Summary Judgment (D.E. 164), particularly section III.B., as if restated fully herein.

**V. Defendants' Fail to Establish that Brazilian Law Applies to the Aiding and Abetting Claims or that BVI Law Applies Beyond the Defense of Lack of Separate Identity.**

36. Defendants cite no legal authority for their argument that the Court should not apply dépeçage to the Aiding and Abetting Claims.

37. Defendants also cite no legal authority for their argument that Brazilian Law or BVI Law should apply to all issues of the Aiding and Abetting Claims and make no effort to distinguish the legal authorities Laspro cited in support of Laspro's contention that New York Law applies to the Aiding and Abetting claims except as to Defendants' defense of lack of separate identity.

38. Nor do Defendants meaningfully counter Laspro's analysis of the facts in Laspro's MSJ which point to the application of New York Law to all issues, except the internal-affairs-doctrine-issue of separateness of identity between a director/officer and a corporation which Defendants raised as a defense. As described in Laspro's MSJ, Defendants' actions related to the aiding and abetting occurred in New York, not BVI and not in Brazil.

39. Instead, Defendants rely solely upon this Court's prior order on the motion to dismiss, which was rendered without consideration of the points Laspro raised in Laspro's MSJ, many of which were revealed by discovery conducted *after* the Court's order on this issue.

WHEREFORE, Laspro requests this Court grant its motion for summary judgment, enter final summary judgment against Defendants and enter final judgment for Laspro, or, alternatively, enters partial summary judgment. Laspro requests any other relief this Court deems appropriate.

Date: September 6, 2019        Respectfully submitted,

SEQUOR LAW, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202

By:  */s/ Daniel M. Coyle*
Edward H. Davis
Fla. Bar No. 704539
edavis@sequorlaw.com
Gregory S. Grossman
Florida Bar No. 896667
ggrossman@sequorlaw.com
Daniel M. Coyle
Fla. Bar No. 055576
dcoyle@sequorlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on September 6, 2019.

*/s/ Daniel M. Coyle*
Daniel M. Coyle

## SERVICE LIST

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Gregory S Grossman    ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com
- Jeremy J Hart    jhart@bastamron.com, mdesvergunat@bastamron.com; dtimpone@bastamron.com; jmiranda@bastamron.com
- Arnoldo B Lacayo    alacayo@sequorlaw.com, afalcon@sequorlaw.com
- Katherine A Sanoja    katherine.sanoja@gstllp.com, quinn.smith@gstllp.com

**Manual Notice List**

- (No manual recipients)

11

*EXHIBIT "1"*

SEQUOR LAW, P.A.



**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
2nd COURT OF BANKRUPTCIES AND JUDICIAL REORGANIZATIONS
Praça João Mendes s/nº, Salas 1618/1624, Centro – ZIP CODE 01501-900
Phone: (11) 2171-6506, São Paulo-SP – E-mail: sp2falencias@tjsp.jus.br

## ORDER

| | |
|---|---|
| Case File n.: | 0031335-77.2013.8.26.0100 |
| Class – Subject | Civil Liability |
| Plaintiff: | Public Prosecutor's Office |
| Defendant: | Cruzeiro do Sul Holding Financeira S/A |

Trial Judge: Dr. **Marcelo Barbosa Sacramone**

Analyzed.

Page 6773: I uphold my previous decision by its own reasons.
I deny the corrective hearing, because the subject-matter has already been dealt with in the corrective decision which the defendant is questioning.
I grant the hearing of witnesses. Maximum of 3 witnesses per fact.
I deny the defendant's personal testimony, as required by the defendant. I deny the testimony of the other defendants, as impertinent to exempt the defendant from possible guilt.
I deny the expert examination because it is impertinent to characterize his functions and his relation to the damages eventually caused.

Page 6785: Enforce the decision of the Court of Appeals.

Page 6804: I deny the request made by the defendants Luís Felippe Índio da Costa and Luiz Octavio Índio da Costa for merging proceedings.
The claim filed by the shareholders along with the bankrupt party against FGC and Celso Antunes, José Alfredo Lattaro, Fabio Mentone and Sérgio Rodrigues Prates comprehends different parties and has different causes of action.
The FGC administration happened in a later time, which is not coincident with the one examined in this case.
Thereby, I see no risk of contradictory judgments. Even if the reasons that lead to the commencement of TSAR are found untrue, the relief sought by the bankrupt party is only to make FGC liable for the damages caused by his administration. This is not the same judgment pursued in this case, whereby it is sought to assess the occurrence of damages on the previous administrations.
For this reason, I deny the merge requested.

Page 6806: I accept the motion for clarification since it has been timely filed. On merit, I give grant the request. Indeed, the production of the evidence was has not been requested by the defendant.
However, the expert evidence is essential. Therefore, I maintain the accounting examination to be carried out to verify the regularity of the audit made. As the production of the evidence was determined by the Court, the obligation of affording the expenses are attributed to the applicant.
I grant the deadline for filing private expert opinions as required.

Page 6810: Horácio Martinho Lima. I deny the request for hearing the testimony of KPMG's employees because they are related to and interested in the case. I deny the hearing



**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
2nd COURT OF BANKRUPTCIES AND JUDICIAL REORGANIZATIONS
Praça João Mendes s/nº, Salas 1618/1624, Centro – ZIP CODE 01501-900
Phone: (11) 2171-6506, São Paulo-SP – E-mail: sp2falencias@tjsp.jus.br

of the testimony of the members of the audit committee on the same grounds, as well as of the members of the Board of Directors, and former employees who audited the Bank, under same reasons above. Everyone abovementioned is interested in the case.

I allow supplemental documentary evidence to be produced. The part must attach it to the case file within 10 days.

I grant the document request made. The applicant must attach to the case file the minutes of the meetings of the audit committees and minutes of the meetings of the board of directors.

Page 6813: Make the parties and the Public Prosecutor's Office aware of the interlocutory appeal. I uphold my decision under the same reason.

Page 6826: I accept the motion for clarification since it has been timely filed. On the merit, I grant the request to remedy the omission. I deny the oral evidence consisting of taking the defendant's testimony. I deny the request because the evidences to be produced in the case have already been deliberated about. I grant the production of the additional documentary evidence required.

Page 6829: Make the parties and the Public Prosecutor's Office aware of interlocutory appeal. I uphold my decision under previously fundamentals.

Page 6856: Make the parties and the Public Prosecutor's Office aware of interlocutory appeal. I uphold my decision under previously fundamentals.

Page 6884: I accept the motion for clarification since it has been timely filed. On the merit, I reject it. As the production of evidence has already been deliberated, making a hearing for this purpose is unnecessary;

I grant the additional documentary evidence required.

In addition, I maintain the decision as it has been made, including the rejection of the request for hearing the other defendants in testimony.

Pages 6888, 6890, 6894: Inform the Expert about the questionings made by the parties.

Page 6896: I restore the time for appeal.

Page 6909 and following: Make the parties and the Public Prosecutor's Office aware of interlocutory appeal.

Page 6941: I accept the defense of Fábio Nunes Ferreira Rietmann, which apparently has gone astray.

I straightly proceed to deliberate about the preliminaries, since they have been reiterated by the others previously required.

The preliminary allegation of active illegitimacy of the Public Prosecutor's Office has already been assessed. There is homogeneous individual interest of the creditor's community and that motivates the guardianship by the Public Prosecutor's Office. In addition, the Public Prosecutor's Office was replaced by the Bankrupt Estate in what concerns the protection of its assets. Therefore, I deny the preliminary argument.

Specify the defendant the evidences that he intends to produce, under the terms of the previous corrective decision, which he already is aware of when he filed his defense.

Page 7004: Summon the Expert to tell whether she accepts the nomination.

The parties may verify the register of the mentioned Expert at the Court of Justice or at the Court Records. It is public.

Therefore, I deny the request for clarifications since there is no such procedure in the Law.



**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
2nd COURT OF BANKRUPTCIES AND JUDICIAL REORGANIZATIONS
Praça João Mendes s/nº, Salas 1618/1624, Centro – ZIP CODE 01501-900
Phone: (11) 2171-6506, São Paulo-SP – E-mail: sp2falencias@tjsp.jus.br

Inform the Expert about the questionings made by the parties.
Page 7048: Make the Expert aware of the questionings.
Page 7050: Make the Expert aware of the questionings.
Page 7054: Make the Expert aware of the questionings.
Page 7058: Make the Expert aware of the questionings.
Page 7062: Make the parties aware of interlocutory appeal. I uphold my decision under the same reasons.
Page 7223: The issues were already examined at the time the corrective decision was made.
Make the Expert aware of the questions.

Page 7241: Make the parties aware of interlocutory appeal. I uphold my decision under the same reasons.

Make the Public Prosecutor's Office aware of all interlocutory appeals.
Summon the parties.

Summon the parties.

São Paulo, September 21, 2017.

**DOCUMENT ELECTRONICALLY SIGNED PURSUANT TO LAW 11,319/2006, ACCORDING TO THE STAMP ON THE RIGHT MARGIN**

*EXHIBIT "2"*

SEQUOR LAW, P.A.

**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
2nd COURT OF BANKRUPTCIES AND OF JUDICIAL REORGANISATIONS
Praça João Mendes s/n, Rooms 1618/1624, Centro, ZIP Code 01501-900,
Telephone: (11) 2171-6506, São Paulo, State of São Paulo – E-mail: sp2falencias@tjsp.jus.br

### CONCLUSION

On 27 April 2016, I send the case records to Your Honour Trial Judge Doctor Paulo Furtado de Oliveira Filho. Me, Breno Oliveira, Court Clerk, undersigned.

### ORDER

Case File n.: 0014498-39.2016.8.26.0100
Subject: Proof of Credits – Judicial Administration
Plaintiff: Krikor Kaysserlian e Advogados Associados and other
Defendant: Cruzeiro do Sul Holding Financeira S/A

Trial Judge: Doctor **Paulo Furtado de Oliveira Filho**

Analysed.

This is a pleading for urgent authorization for the continuance of the efforts for locating and recovery of diverted assets from the bankrupt bank.

Regarding the statute of limitation for the filing of actions in the United States will be terminated on 14 July 2016 and that there has already been found assets worth more than ten million dollars, I authorise the Bankrupt Estate and the Counsel engaged to take the necessary measures for locating assets.

However, the Law Firm must act by its own expense and risk until the continuation of the engagement executed during the extrajudicial liquidation proceeding is duly justified by the Judicial Administrator, what is under discussion in another procedural incident.

In order to secure effectiveness on reaching those assets and evidences, this procedural incident shall remain under seal of justice, offending none of the investigated party rights since they will not be prevented to exercise full defence and contradictory *a posteriori*.

This way:

Docket: Writ of Mandamus. Filing against authorisation granted to the Bankrupt Estate to engage a company with specialism on investigating diverted assets headed overseas. Ordinary procedural incident, even under seal of justice, will not offend plaintiff's liquid and certain right. Writ of Mandamus. References to article 76 of Law 11,101/05 that does not implicate the impracticability of the order under attack, specially if in the United States of America made reservations for



**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
2nd COURT OF BANKRUPTCIES AND OF JUDICIAL REORGANISATIONS
Praça João Mendes s/n, Rooms 1618/1624, Centro, ZIP Code 01501-900,
Telephone: (11) 2171-6506, São Paulo, State of São Paulo – E-mail:
sp2falencias@tjsp.jus.br

the compliance of letter rogatories seeking the investigation of diverted assets. Order denied.

(High Court of Justice – Writ of Mandamus 46,628, Reporting Judge Justice Paulo de Tarso Sanseverino)

For this reasons, I authorise the engaged Counsel representing the Bankrupt Estate to file, at its own expenses and risk, the necessary measures to identify eventual assets diverted from the bankrupt estate, remaining this procedural incident under seal of justice.

Summon the parties.

São Paulo, 28 April 2016.

**ELECTRONICALLY SIGNED DOCUMENT PURSUANT TO THE PROVISIONS OF LAW 11,419/2006, ACCORDING THE PRINTINS ON THE RIGHT MARGINS**



**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
2nd COURT OF BANKRUPTCIES AND OF JUDICIAL REORGANISATIONS
Praça João Mendes s/n, Rooms 1618/1624, Centro, ZIP Code 01501-900,
Telephone: (11) 2171-6506, São Paulo, State of São Paulo – E-mail:
sp2falencias@tjsp.jus.br
**Working Hours: from 12.30 P.M. to 7 P. M.**

---

**CONCLUSION**

On 08 November 2016 I send this case records to Your Honour the Trial Judge of the 2nd Court of Bankruptcies and Judicial Reoganisations, Doctor Paulo Furtado de Oliveira Filho. Me, Breno Oliveira dos Santos, Court Clerk, *undersigned*.

**ORDER**

Case File n.:    **0014498-39.2016.8.26.0100**
Subject:         **Proof of Credits – Judicial Administration**
Plaintiff:       **Krikor Kaysserlian e Advogados Associados and other**
Defendant:       **Cruzeiro do Sul Holding Financeira S/A**
Trial Judge: Doctor **Paulo Furtado de Oliveira Filho**

Analysed.

Pages 121/123 and documents:

a) May the Court Records issue, urgently, a certificate state that this Bankruptcy Court has authorised the filing of the action before North-American Judiciary concerning the two apartments purchased by the offshore legal entities Alinia and 110 CPS – Apartment 6B located at 110 Central Park South, New York and Penthouse 2, located on Park Avenue Place Condominium at 60 East 55th Street, New York, and concerning the artwork therein located as well ("Souris Noire a La Manfilie", by Joan Miró; "Cena para Dos", by Omar Rayol; "Homme Debout", a drawing by Alberto Giacometti; "Composition", a coloured paint by Yaacov Agam);

b) Make pages 69/120 void.

Summon the parties.

São Paulo, 08 November 2016.

---

**ELECTRONICALLY SIGNED DOCUMENT PURSUANT TO THE PROVISIONS OF LAW 11,419/2006, ACCORDING TO THE PRINTINGS ON THE RIGHT MARGINS**

This document is a copy of the original one electronically signed by PAULO FURTADO DE OLIVEIRA FILHO attached to the case records on 11/08/2016 at 4:18 PM
To check the original one, please access the website https://esaj.tjsp.jus.br/pastadigital/abrirConferenciaDocumento.do, inform case file 0014498-39.2016.8.26.0100 and code 286A2AC.



PLAINTIFF'S EXHIBIT 19  6/7/19