UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MASSA FALIDA DO BANCO  CHAPTER 15
CRUZEIRO DO SUL S.A.,  CASE NO.:14-22974-LMI
    Debtor in a Foreign Proceeding
_____/

LASPRO CONSULTORES LTDA.,
a Brazilian Sociedade Limitada,
    Plaintiff,  ADV. CASE NO. 16-1315-LMI
v.

ALINIA CORPORATION, a British
Virgin Islands Company Limited by Shares,
110 CPS, INC., a British Virgin
Islands Company Limited by Shares,
    Defendants.
_____/

**PLAINTIFF, LASPRO CONSULTORES, LTDA.'S REPLY TO DEFENDANTS' RESPONSE TO MOTION TO EXCLUDE WALLACE DE ALMEIDA CORBO AS EXPERT WITNESS, OR, ALTERNATIVELY, TO EXCLUDE CORBO'S LATE-DISCLOSED OPINIONS (D.E. 179)**

Plaintiff, LASPRO CONSULTORES LTDA. ("Laspro") files this Reply to Defendants' Response to Laspro's Motion to Exclude Wallace de Almeida Corbo ("Corbo") as Expert Witness, or, Alternatively, to Exclude Corbo's Late-Disclosed Opinions (D.E. 179), and states as follows:

**I. Defendants Fail to Countervail Corbo's Bias.**

1.    While bias is usually a credibility issue for the trier of fact and not grounds for exclusion, when the bias rises to the level in this case, where Defendants seek to elicit the opinion of a lawyer in the firm that is providing representation to the Defendants, it *is* grounds for exclusion.

2.    This is demonstrated by the statements in the following cases.

3. "In this case, however, given that plaintiff seeks to call Mr. Martin as an expert when he has acted and continues to act as plaintiff's attorney and lead counsel for a number of other related lawsuits, and given his duty to represent his client, that role renders him unreliable as an expert witness, as the degree of bias would so infiltrate his testimony that it cannot be deemed to assist the trier of fact." Just Enterprises, Inc. v. (888) Justice, Inc., 06-5023-CV-S-JCE, 2008 WL 2625520, at *5 (W.D. Mo. Apr. 21, 2008).

4. "Of course, many expert witnesses are biased and the lack of bias is not required for expert testimony to be admissible. But here plaintiffs have gone too far, for they seek to call as a witness someone who has acted as their attorney." Lippe v. Bairnco Corp., 288 B.R. 678, 688 (S.D.N.Y. 2003), aff'd, 99 Fed. Appx. 274 (2d Cir. 2004) (internal citations omitted).

5. "[W]here an expert becomes an advocate for a cause, he therefore departs from the ranks of an objective expert witness, and any resulting testimony would be unfairly prejudicial and misleading." Viterbo v. Dow Chem. Co., 646 F. Supp. 1420, 1425 (E.D. Tex. 1986), aff'd, 826 F.2d 420 (5th Cir. 1987).

6. Defendants cite Adams v. Lab. Corp. of America, 760 F.3d 1322, 1333 (11th Cir. 2014), United States v. Abonce–Barrera, 257 F.3d 959, 965 (9th Cir.2001), DiCarlo v. Keller Ladders, Inc., 211 F.3d 465, 468 (8th Cir.2000), Ohio Valley Environmental Coal, Inc. v. U.S. Army Corps of Engineers, 2012 WL 8503238, at *1 (S.D.W.Va. May 3, 2012), and Pulse Medical Instruments, Inc. v. Drug Impairment Detection Services., LLC, 858 F.Supp.2d 505, 515 (D.Md.2012) for the proposition that bias is ordinarily a credibility issue. But these cases are distinguishable. None dealt with an attorney who is a member of the

same firm providing representation to the party. Here, it is undisputed that Corbo is a member of the Galdino é Coehlo firm.

7. Defendants' statement that the Galdino é Coehlo firm is not representing Defendants in this case is deceptive. Numerous members of this firm have appeared at several depositions of this case on behalf of Defendants, and all depositions in Brazil in this case were conducted at this firm. Defendants have filed several affidavits of Rafael Pimenta, a member of this firm, in support of various filings. That Galdino é Coehlo has not entered a notice of appearance in this case changes nothing, as counsel does not need to enter an appearance to represent a client or even a party to a lawsuit.

8. One of Defendants main strategies in this case has been to stay the case due to its relationship to the bankruptcy proceedings in Brazil involving the Indio da Costas and it is uncontested that Galdino é Coehlo represents the Indio da Costas (principals of Defendants) in the bankruptcy proceedings in Brazil.

9. Corbo admitted the same in his deposition and so Galdino é Coelho's relationship, and Corbo's by association, is beyond contention. See Corbo Depo. Tr., p.: 22:14:22; 37:17 – 38:4; 39:8 – 40:2; 52:8-24. Presenting Corbo as an impartial and unbiased expert because he is not a member of the "team" which represents the Indio da Costas not only belies logic and common sense but is contrary to law. In Brazil, as in the US, the client is not a client of the individual lawyer, but of the entire firm.

10. Corbo's bias is also indicated by the opinions that Corbo renders: his opinion that the Court here is barred by the universality principle from considering claw-back claims

is contradicted by an order from the Brazilian Bankruptcy Court specifically authorizing these claims to proceed.[1]

11. Laspro's ability to explore the nature and extent of Corbo's bias and how much explicit and/or implicit bias affected Corbo's opinions on cross is also particularly limited due to privilege issues.[2] See Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(b)(4)(c).

12. Defendants cite E.L.A.C. v Hospital Hermanos Melendez, Inc., 17 F.Supp.3d 158 (D.P.R. 2014) for the notion that an expert's affiliation with a law firm representing a party to litigation is not enough by itself to disqualify the expert from rendering an opinion in the case.

13. This case is a lone and isolated decision contrary to the cases cited by Laspro. It is also distinguishable because the expert at issue was an associate of the firm eight years prior to the decision and only in an "of-counsel" relationship to the firm at the time he was retained as an expert. The level of this expert's "of-counsel" relationship to the firm is, at best, unclear. As set forth above, Corbo is a partner with Galdino é Coelho.

**II. Defendants Fail to Establish that Corbo's Late-Disclosed Opinions Were Contained in His Report or that These Opinions Should Be Admitted.**

**A. Corbo's Opinion Regarding the Application of the Universality Principle to All Claims in the Amended Complaint.**

---

[1] Defendants argue that almost all experts are paid for their opinions and that the obvious bias this creates is not considered enough for disqualification. Laspro never argued that Corbo should be disqualified because he was paid an expert's fee in this case. Of course, his fee was at the same rate as the hourly fee he is billed at for representing clients. See Depo. Tr. of Corbo, pp.: 16:21 – 17:14.

[2] Since Corbo is offering an opinion of foreign law, and the Court decides issues of foreign law under Fed. R. Civ. P. 44.1, Corbo may never testify before a jury. There is no bankruptcy rule of procedure incorporating Rule 44.1, so the mechanics at this stage are unclear.

14. Despite Defendants' arguments to the contrary, Corbo's opinions that the Universality Principle applies to bar *all* claims in the Amended Complaint was not disclosed in Corbo's Report, and Corbo's expanded opinion in his deposition testimony regarding the Universality Principle's application to *all* claims in the Amended Complaint is not an explanation of his theory, but instead a new and previously undisclosed opinion.

15. Even Corbo disagrees with Defendants' position on this matter, as Corbo admitted in his deposition that his report did not address the other claims in the Amended Complaint. See Corbo Depo. Tr. pp.: 222:15–224:2[3]; 259:1:15[4].

16. Later, Corbo attempted to argue that he had opined that all counts of the Amended Complaint were barred, but he was forced to eventually concede that this was incorrect. See Corbo Depo. Tr. pp.: 265:16 – 267:21[5]; 268:5 - 270:13.

17. As set forth in Corbo's Report, not only does Corbo *never* mention any other claims in the Amended Complaint aside from the counts seeking relief under Article 130, Corbo actually

---

[3]

A. Well, my opinion is that a trustee can file for claims in other jurisdictions, but the clawback avoidance claim, specifically Article 130, is definitely subject to the jurisdiction, to the sole jurisdiction of the bankruptcy court.

Q. Okay. So we're only fighting about three counts in the complaint, which are the three Article 130 claims, when we get to this part of your opinion?

A. Yes.

[4] Where Corbo admitted that he did not know that the US Fraudulent Conveyance Claims were "Clawback Claims". It would certainly have been difficult for Corbo to opine that such claims were barred by the Universality Principle if Corbo was unaware of the nature of these claims.

[5] "My report does not mention the American law claims … I would not issue any opinion on whether the American law claims should be presented or not in the United States."

says the Trustee *may* bring other claims in foreign jurisdictions.  See Corbo's Expert Report, ¶¶ 140 – 156, pp.: 33–40, particularly ¶151 on p. 35.[6]

18.  Defendants' argument that Corbo's deposition ameliorated the prejudice to Laspro is contrary to the legal authorities on the issue, which establish that the ability to have deposed the expert on the late-filed opinion is insufficient under Rule 26's disclosure requirements and the interpreting case law, which Laspro cited in its motion and which Defendants did not address.  See Fed. R. Civ. P. Rules 26(a)(2)(B)(i) and 37(c)(1); Reese v. Herbet, 527 F.3d 1253, 1265 (11th Cir. 2008); United States v. Batchelor-Robjohns, 2005 WL 1761429, at *2 (S.D. Fla. June 3, 1005); In re Fla. Cement & Concrete Antitrust Litig., 2011 WL 13174537, at *3 (S.D. Fla. Nov. 17, 2011); Dyett v. North Broward Hosp. Dist., 2004 WL 5320630, at *1 (S.D. Fla. Jan. 21, 2004); Ace Tech. Corp. v. GFM Corp., 2010 WL 900525, *3 (S.D. Fla. Mar. 11, 2010); Goodbys Creek, LLC v. Arch Ins. Co., 2009 WL 1139575, at *1 (M.D. Fla. Apr. 27, 2009); Cooper v. Southern Co., 390 F.3d 695, 728 (11th Cir. 2004); Brumley v. Pfizer, Inc., 200 F.R.D. 596, 604–05 (S.D. Tex. 2001); Cleave v. Renal Care Group, Inc., 2005 WL 1629750 (N.D. Miss. July 11, 2005); Cannioto v. Louisville Ladder, Inc., 449 F. App'x 797, 798 (11th Cir. 2011); Buxton v. Lil' Drug Store Products, Inc., 2007 WL 2254492, at *6 (S.D. Miss. Aug. 1, 2007), aff'd, 294 F. App'x 92 (5th Cir. 2008); Schafer v. State Farm & Fire Cas. Co., 2009 WL 901856, at *1 (E.D. La. Mar. 26, 2009).

19.  Here, there is prejudice.  Corbo was not deposed until June 7, 2019, well after Laspro's Rebuttal Reports were due (April 15, 2019).  See Agreed Order Granting Agreed Motion for Extension of Unexpired Pre-Trial Deadlines, (D.E. 125).  This obviously prevented Oliveira

---

[6] Particularly paragraph 151, on page 35 where Corbo states that he is *not* opining that the other claims in the Amended Complaint cannot proceed.

6

from addressing this point in his rebuttal report and prevented Laspro's counsel from preparing for Corbo's deposition on this point. See Poole v. Gee, 2008 WL 2397603, at *2 (M.D. Fla. June 10, 2008) (having to dispose a party on information that should have been disclosed in a Rule26 report is a form of prejudice) (internal citations omitted); Hall v. Fries, CIV.A. 7:13-CV-105, 2015 WL 3745995, at *5 (M.D. Ga. June 15, 2015) (same); St. v. Drury Inns, Inc., CIV.A.08-0700-CG-N, 2009 WL 3784330, at *2 (S.D. Ala. Nov. 10, 2009) (same).

20. Defendants' statement that "Oliveira essentially admits that the Brazilian Bankruptcy Court has the jurisdiction to decide claw back claims" as somehow support their argument is a bizarre non-sequitor. Obviously there is a difference between non-exclusive and exclusive jurisdiction to hear claims. An opinion that a court has non-exclusive jurisdiction to hear a claim is not the same as an opinion that a court has exclusive jurisdiction to hear the same claim.

21. In re Terazosin Hydrochloride Antitrust Litig., WL 5955699 (S.D. Fla. Feb. 2, 2005), Ellison v. Windt, 2001 WL 118617 (M.D. Fla. Jan. 24, 2001), and Meyers v. Pennypack Woods Home Ownership Assoc., 559 F.2d 894 (3rd Cir. 1977) are each distinguishable. In those cases, the movants were either not prejudiced, had failed to take steps to minimize their prejudice or were given leave to re-depose the expert.

22. Here, Laspro also did not fail to take any steps to minimize the prejudice to it. A re-deposition would be costly and expensive, necessitating yet another trip to Brazil.

23. Last, if these cases stand for the proposition that Defendants can skirt the disclosure requirements of Rule 26 and Rule 37, they are counter to the greater weight of the legal authorities Laspro cited in its motion.

**B. Corbo's Opinion Regarding Laspro's Joinder of the FGC and IMS Claims.**

24. To be clear, Laspro's argument is solely focused at the bold part of this statement, contained in the Report: "… the Trustee himself joined in, as a co-plaintiff, the FGC Claim and IMS Avoidance Claim, **which means that the Trustee himself is questioning the validity of the "investigation" conducted by both FGC and IMS**."[7] See Corbo Report p.: 38, ¶156(L).

25. Corbo's treatment of this "opinion" is to actually use it as a statement in support of another opinion (the non-finality of the BACEN Report), which is contained in his report. See Corbo Report p.: 38, ¶156(L).

26. While Defendants argue that Laspro's joinder of the FGC and IMS Claims means Laspro questions the validity of the investigation, is an opinion that was contained in Corbo's Report, even Corbo disagrees and concedes the "opinion" was contained in a sentence at the end of the report (in the Conclusions section of the Report), with no development or supporting analysis, whatsoever, and that he did not investigate the facts in order to render this opinion and that the issue was not central to his opinions. See Depo. Tr. of Corbo, pp.: 225:15 – 226:5; 229:11 – 231:19.

27. Again, Defendants' argument that this "opinion" should not be excluded since the undersigned was able to question Corbo on it, is unsupported under the legal authorities discussed above. Defendants' argument is also unsupported by the facts: Corbo also testified that he did

---

[7] Defendants' desire to have Corbo opine on the effect of Laspro's joinder in the FGC and IMS Claims is most likely motivated by Lopes Machado's likely inability to render an opinion on the issue, given their lack of qualifications, lack of factual basis and lack of methodology. See Motion Exclude Opinions Rendered by Lopes Machado Consultores Filed by Plaintiff Laspro Consultores LTDA (D.E. 167).

not analyze or investigate the facts for purposes of his deposition, either. See id., p.: 229:6:21.

28. Additionally, as set forth above, Laspro is prejudiced by the insufficient/late disclosure and Defendants' cases are distinguishable. Defendants cannot even argue that the prejudice was ameliorated by the deposition since Corbo was not even sufficiently prepared regarding the opinion to testify about it in his deposition.

WHEREFORE, Laspro respectfully requests this Court exclude Corbo as an expert, or, alternatively, exclude Corbo's late-disclosed opinions. Laspro requests any other relief that this Court deems appropriate.

August 7, 2019                                                Respectfully submitted,

                                        SEQUOR LAW, P.A.
                                        1001 Brickell Bay Drive, 9th Floor
                                        Miami, Florida 33131
                                        Telephone (305) 372-8282
                                        Facsimile (305) 372-8202

                           By:    */s/ Daniel M. Coyle*
                                        Edward H. Davis
                                        Fla. Bar No. 704539
                                        edavis@sequorlaw.com
                                        Gregory S. Grossman
                                        Florida Bar No. 896667
                                        ggrossman@sequorlaw.com
                                        Daniel M. Coyle
                                        Fla. Bar No. 055576
                                        dcoyle@sequorlaw.com

SEQUOR LAW, P.A.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list on September 10, 2019.

                                                                                      */s/ Daniel M. Coyle*
                                                                                       Daniel M. Coyle

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Gregory S Grossman    ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com

- Jeremy J Hart    jhart@bastamron.com, mdesvergunat@bastamron.com; dtimpone@bastamron.com; jmiranda@bastamron.com

- Arnoldo B Lacayo    alacayo@sequorlaw.com, afalcon@sequorlaw.com

- Katherine A Sanoja    katherine.sanoja@gstllp.com, quinn.smith@gstllp.com

### Manual Notice List

- (No manual recipients)