*TAGGED OPINION*
*Do not publish*



**ORDERED in the Southern District of Florida on May 15, 2020.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

MASSA FALIDA DO BANCO
CRUZEIRO DO SUL S.A.,                          Case No.:14-22974-BKC-LMI
                                                Chapter 15
    Debtor in a Foreign Proceeding,
_____/

LASPRO CONSULTORES LTDA.,
a Brazilian Sociedade Limitada,
                                                Adv. Pro. No.: 16-01315-LMI
    Plaintiff
v.

ALINIA CORPORATION, a British
Virgin Islands Company Limited by Shares,
110 CPS, INC., a British Virgin Islands
Company Limited by Shares,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO EXCLUDE WALLACE DE ALMEDIA CORBO
<u>AS AN EXPERT WITNESS</u>**

This matter came before the Court on September 18, 2019 (the "Hearing") on the *Plaintiff, Laspro Consultores, Ltda.'s Motion To Exclude Wallace De Almeida Corbo As Expert Witness, Or, Alternatively, To Exclude Corbo's Late-Disclosed Opinions* (ECF #168)("Corbo Motion"). The Court has reviewed the Corbo Motion, as well as the Response[1] filed by the Defendants 110 CPS, Inc. and Alinia Corporation (collectively "the Defendants") and considered argument of counsel. For the reasons set forth below, the Corbo Motion is GRANTED in part and DENIED in part.

The Plaintiff seeks to disqualify Wallace de Almeida Corbo ("Mr. Corbo") as an expert witness because he works with the law firm Galido é Coehlo which law firm represents the Indio de Costas, principals of the Defendants, in related litigation pending in Brazil. It is true that an expert witness, especially an attorney, may be disqualified if the Court finds that the expert actually served as counsel to the party offering that expert's testimony. *Lippe v. Bairnco Corp.*, 288 B.R. 678, 687-88 (S.D.N.Y. 2003), aff'd, 99 Fed. App'x. 274 (2d Cir. 2004). "An expert's role is to assist the trier of fact by providing information and explanations; the expert's role is not to be an advocate." *Id.* at 687. In *Lippe* the court explained that where an expert served as counsel to a litigant and helped to develop arguments or theories to be used at trial, the potential testimony offered by that expert would lack "detachment and independence" necessary for an expert to opine as a professional as compared to an advocate. *Id.* "Experts are

---

[1] *Defendants' 110 CPS, Inc. and Alinia Corporation Memorandum in Opposition to Plaintiff Laspro Consultores, Ltda's Motion to Exclude Wallace De Almeida Corbo as an Expert Witness, or Alternatively to Exclude Corbo's Late-Disclosed Opinions* (ECF #179).

to serve as sources of information and explanations to assist the trier of fact; the expert's role is not to be an advocate." *Just EnterPrises, Inc. v. (888) Justice, Inc.,* 2008 WL 2625520, at *5–6 (W.D. Mo. Apr. 21, 2008); *but see E.L.A.C. v. Hospital Hermanos Melendez, Inc.,* 17 F.Supp. 158, 159-160 (D.P.R. 2014)(finding expert testimony from a doctor-attorney who was "of counsel" with the plaintiff's law firm should not be excluded because the affiliation could be brought out on voir dire and examination at trial). In sum, an attorney expert witness may wear only one hat: that of the expert or alternatively counsel to the litigant, he or she cannot wear both. However, this is not to say that an expert witness must be completely neutral; bias is not an enumerated basis to exclude an expert witness pursuant to FRE 403.[2] Bias in an expert witness's testimony is usually a credibility issue for the jury. *Adams v. Lab. Corp. of Am.,* 760 F.3d 1322, 1333 (11th Cir. 2014). Thus, "an expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination." *Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Engineers*, 2012 WL 8503238, at *1 (S.D.W.Va. May 3, 2012).

Mr. Corbo testified, and the Plaintiff has nothing to contradict the testimony, that Mr. Corbo does not personally represent the Indio de Costas, and other than his expert opinion and testimony, Mr. Corbo has no involvement in this litigation or the related litigation in Brazil. Moreover, Mr. Corbo testified, he

---

[2] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

is not an equity partner in Galido é Coehlo and is not even eligible for bonuses because he has reached the highest level of compensation paid to a non-equity employee.  Therefore, Mr. Corbo is not being compensated, directly or indirectly, for an opinion that benefits the Indio de Costas, other than his expert fee.  Thus, while as the Defendants point out, the Plaintiff can certainly argue Mr. Corbo's testimony should be considered by the jury through the lens of his employment, Mr. Corbo's relationship with Galido é Coehlo does not disqualify him as an expert in this case.

The Plaintiff also seeks to exclude two opinions that the Plaintiff characterizes as "late disclosed".  One "opinion" was a comment Mr. Corbo made at his deposition regarding the import of the Plaintiff's joinder in certain pending litigation in Brazil with respect to positions the Plaintiff is taking in this litigation.  However, at the Hearing the Defendants confirmed that this comment was not an opinion and will not be presented as an opinion at the trial. Thus, there is nothing to exclude.

The final opinion the Plaintiff seeks to exclude relates to Mr. Corbo's universality opinion.  The parties dispute the breadth of Mr. Corbo's opinion in his export report regarding the exclusive jurisdiction of the Brazilian bankruptcy courts of clawback actions.  The Plaintiff argues that Mr. Corbo's opinion in his expert report applies only to actions brought under Article 130 of Brazilian Bankruptcy law, and therefore his testimony should be so limited.  The Defendants argue that the expert report covered more than just Article 130 actions that that Mr. Corbo's universality testimony can address all the clawback

type claims raised in the Amended Complaint[3] including those raised under United States law.

After reviewing the paragraphs of the Corbo expert report the Court finds that the Plaintiff is correct; Mr. Corbo's opinion clearly only addresses Article 130.[4] Therefore, any testimony regarding extension of the universality principle opinion to other counts of the Amended Complaint are not admissible.

## CONCLUSION

For the foregoing reasons, Mr. Corbo's is not disqualified from testifying as an expert in this adversary proceeding. However, Mr. Corbo may not render an opinion regarding the import of the Plaintiff's joinder in other litigation in Brazil that is related to this adversary proceeding. Further, Mr. Corbo may not render an opinion regarding the application of the universality principle to any counts of the Amended Complaint other than those based on Article 130 of the Brazilian bankruptcy laws.

# # #

Copies furnished to:

Daniel Coyle, Esq.
Jeremy Hart, Esq.

*Attorney Coyle shall serve a copy of this Order on all parties and file a certificate of service.*

---

[3] *Amended Complaint* (ECF #25).
[4] As discussed at the Hearing, if the Defendants wish to supplement Mr. Corbo's expert report, they must comply with Federal Rule of Civil Procedure 26(e)(2). If such supplement were permitted, it might require reopening discovery for the limited purpose of addressing such a supplement.